IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CARA BARBER, <br><br> Defendant. | CIVIL NO. 18-00042 KJM <br><br> MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

## I.  INTRODUCTION

Plaintiffs Ohana Military Communities, LLC, et al.'s (collectively, "OMC") claims in this action directly arise from a civil lawsuit (*Cara Barber, et al. v. Ohana Military Communities, LLC, et al.*, Civ. No. 14-00217 HG-RLP) that is currently under appeal to the Ninth Circuit. When Judge Helen Gillmor recently dismissed that action, however, OMC appealed that decision while simultaneously filing this new action for the same relief. OMC's forum-shopping filing to escape the jurisdiction of Judge Gillmor and the Ninth Circuit must be refused, and the complaint in this case should be dismissed with prejudice.

20411a _COS

The genesis of this lawsuit stems from a class action lawsuit by Cara Barber ("Barber") and three other current and former residents of Marine Corps Base Hawaii (MCBH) housing related to widespread pesticide contamination at MCBH. Plaintiffs Ohana Military Communities, LLC ("Ohana") and Forest City Residential Management, LLC (collectively, "OMC" or "Plaintiffs"), were the sole Defendants in the prior civil action. The prior civil action was settled in February 2016.

The above-stated facts are <u>not</u> in dispute and appear in paragraphs 27 and 28 of the complaint filed herein on January 31, 2018 ("the New Complaint"). What Plaintiffs neglect to state in the New Complaint, however, is that the *exact same arguments* have already been pursued against Barber, rejected by Judge Gillmor,[1] and are presently the subject of a pending appeal before the Ninth Circuit.[2] Accordingly, the New Complaint should be dismissed with prejudice pursuant to the doctrine of res judicata which prevents Plaintiffs from re-litigating these identical issues in the New Complaint simply to escape the order of Judge Gillmor and the Ninth Circuit Court of Appeals.

---

[1] *See* January 10, 2018 , Minute Order by Judge Helen Gillmor [ECF 412] in Barber Litigation, Civil No. 14-00217 HG-KSC, attached hereto as Exhibit "C".

[2] *See* January 25, 2018, Notice of Appeal [ECF 414] in Barber Litigation, Civil No. 14-00217 HG-KSC.

## II. DISCUSSION

### A. Plaintiffs' Attempt to Circumvent Adverse Decisions By the Ninth Circuit Court of Appeals and Judge Gillmor Is Prohibited by the Doctrine of *Res Judicata*.

#### 1. Statement of Facts

In the New Complaint, Plaintiffs acknowledge their involvement in the demolition and rebuilding of approximately 1,300 housing units on MCBH. New Complaint at para. 23. Plaintiffs also disclose they were named as Defendants in a prior civil action, which concerned their responsibility for failing to adequately address and disclose the existence of improper levels of pesticides in the soil around homes located on MCBH, and the fact that the prior civil action was settled. New Complaint at paras. 27 and 28. The remainder of the New Complaint consists of detailed allegations of a purported "social media smear campaign" that Plaintiffs contend was orchestrated by Barber (New Complaint at paras. 31 – 53), followed by five counts alleging various theories of liability.

What Plaintiffs fail to disclose in the New Complaint, however, is that they have already litigated – and lost – the claims they now allege against Barber in the New Complaint. (See Defendants Ohana Military Communities, LLC and Forest City Residential Management, LLC's Motion for Preliminary Injunction and Order to Show Cause re Violations of the Parties' Settlement Agreement, attached as Exhibit "A" to the Declaration of Counsel attached hereto; the attached copy is the

"public redacted version" of the motion.) Following an evidentiary hearing that took place over the course of five days, Plaintiffs' injunction motion was initially granted, by Judge Gillmor, but subsequently reversed by the Ninth Circuit Court of Appeals. (See Ninth Circuit Memorandum Opinion, attached as Exhibit "B" to the Declaration of Counsel attached hereto.) Importantly, the grounds for reversal cited in the Ninth Circuit Court's opinion confirm that there is no basis for the claims that Plaintiffs are improperly attempting to pursue, for a second time, in the New Complaint.

The fact that the claims alleged in the New Complaint are identical to Plaintiffs' claims in the prior suit is readily apparent from a comparison of the pleadings. Both the New Complaint and the prior filings seek to recover damages for an alleged "social media smear campaign" that Plaintiffs contend Barber engaged in following the settlement of the prior civil action.

Both the New Complaint and the prior suit refer to, and purport to quote extensively from, blog entries dated May 12, 13, and 29, 2016 that were allegedly posted by Barber. (*See* New Complaint allegations at paras. 44 – 46; memorandum in support of injunction motion at pp. 15 – 22.) Both the New Complaint and the prior motion refer to a YouTube video posted by Barber which Plaintiffs allege makes false and defamatory statements about Plaintiffs and their handling of soil contamination issues at MCBH. (*See* New Complaint allegations at para. 41; memorandum in support of injunction motion at p. 17, n.4 and p. 25.)

Another claim asserted in the New Complaint that was previously made in the prior suit is Plaintiffs' allegation that they were harmed by a so-called "solicitation campaign" coordinated between Barber and the attorneys who represented her (and continue to represent her) in the prior civil action. Specifically, Plaintiffs allege (in both the New Complaint and prior motion) that Barber participated in an effort to generate clients for her attorneys, who then proceeded to file new lawsuits against Plaintiffs. (*See* New Complaint allegations at paras. 49 – 53, 61.b. and 69.b.; memorandum in support of injunction motion at pp. 15, 16 and 23 - 25.)

### a. *The Ninth Circuit Opinion*

As noted above, the Plaintiffs' injunction motion was initially granted by Judge Gillmor in an order that was timely appealed by Barber. On July 27, 2017 the Ninth Circuit Court of Appeals issued a memorandum opinion vacating the injunction. *Barber v. Ohana Military Communities, LLC*, 694 Fed.Appx. 583 (2017). (A copy of the Ninth Circuit opinion is attached as Exhibit "B" to the Declaration of Counsel attached hereto.) Specifically, the Ninth Circuit Court found that Judge Gillmor abused her discretion in granting the injunction because Plaintiffs (Defendants in the prior civil action) did not meet their burden of proof, reasoning:

> The district court abused its discretion in issuing the preliminary injunction. A party seeking a preliminary injunction must show that it is likely to succeed on the merits; that it is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in its

> favor; and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). We review for abuse of discretion. *See Shell Offshore, Inc. v. Greenpeace, Inc.,* 709 F.3d 1281, 1286 (9th Cir. 2013).
>
> . . .
>
> Economic injury alone cannot support a finding of irreparable harm, but intangible injuries such as damage to reputation can. *See Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.,* 944 F.2d 597, 603 (9th Cir. 1991). The district court found that Barber's online activism injured Defendants' reputation and encouraged future lawsuits, which in turn would further injure their reputation. The evidence cited by the district court failed, however, to link the specific violations of the confidentiality provision to any irreparable harm. Barber's online activities may have caused harm to Defendants by injuring their reputations, but her conduct did not violate the confidentiality provision aside from the statements referred to above. <u>The record does not support the inference that her statements were sufficiently harmful to Defendants' reputation so as to cause a likelihood of irreparable harm. The record also does not support the inference that these statements induced any additional lawsuits.</u>

694 Fed.Appx. 584-85 (emphasis supplied). The above-quoted excerpt from the Ninth Circuit opinion confirms that Plaintiffs have previously sought to recover from Barber for the claims presented in the New Complaint and the Ninth Circuit Court of Appeals found that there was insufficient evidence of any damage to Plaintiffs to support their claims. The Ninth Circuit Court also found that the evidence presented by Plaintiffs did not support the inference that any statement made by Barber in her social media postings induced any additional lawsuits against Plaintiffs.

It is important to note that in the prior civil action Plaintiffs had a full opportunity to present <u>all</u> evidence they deemed relevant to their claims against

Barber **during the course of an evidentiary hearing that took place over the course of five days**. This ample opportunity afforded to Plaintiffs to present evidence against Barber was specifically noted by Judge Gillmor, following remand by the Ninth Circuit Court, in the following excerpt from her January 10, 2018 Minute Order denying Plaintiffs' preliminary injunction motion and closing the case.

> In this case, the Ninth Circuit Court of Appeals reviewed the District Court record on Defendants' Motion for a Preliminary Injunction. <u>The District Court held five days of evidentiary hearings on August 3, 5, 10, 12, and 15 of 2016</u>. (ECF Nos. 322, 324, 326, 330, 331). Both Parties were permitted to call witnesses. Defendants called Plaintiff Cara Barber first. She testified in person as to her statements and postings made on the internet. On August 3, 2016, Plaintiff Barber testified for nearly three hours on direct examination. (ECF No. 322). On August 5, 2016, Plaintiff Barber testified for another three hours on direct, cross, and redirect examination. (ECF No. 324).
>
> <u>Defendants presented a number of exhibits that were admitted into evidence in support of their Motion for a Preliminary Injunction</u>. The evidence included screen shots of numerous internet postings made by Plaintiff Barber and responses to the postings made by members of the public. (See Def.'s Exhibits 7-13).
>
> Defendants called another witness, Dennis Poma, to testify about soil remediation at Marine Corps Base Hawaii. He testified for three hours on August 10, 2016 and two hours on August 12, 2016. <u>Defendants rested their case on August 12, 2016 and completed the presentation of their evidence</u>.
>
> The District Court held a further hearing on August 15, 2016 in order to allow Plaintiff to present testimony as to Plaintiff Barber's opinion about the soil at Marine Corp Base Hawaii. (Transcript from Hearing on August 12, 2016 at p. 11, ECF No. 336). <u>At the hearing on August 15, 2016, Defendants confirmed that they had rested and had no additional evidence or witnesses to present</u>. (Transcript from hearing on August 15, 2016 at p. 4, ECF No. 374).

7

<u>On appeal, the Ninth Circuit Court of Appeals evaluated the transcripts and documentary evidence presented by the moving parties, the Defendants, and found that a likelihood of irreparable harm is not present in this case.</u> The Appellate Court determined that "[t]he record does not support the inference that [Plaintiff Barber's] references were sufficiently harmful to Defendants' reputation so as to cause a likelihood of irreparable harm. The record also does not support the inference that these references induced any additional lawsuits." (Memorandum Opinion at p. 4, ECF No. 392).

<u>The Appellate Court found that Defendants' evidence as to the harm to their business reputation, goodwill in the market, and new lawsuits filed against them was insufficient to demonstrate a likelihood of irreparable harm. The District Court is bound by the determination of the Ninth Circuit Court of Appeals that a likelihood of irreparable harm is not present. Defendants were afforded five days of evidentiary hearings to present their evidence in support of their Motion. The Appellate Court found that the evidence of harm was not sufficiently severe to warrant relief.</u>

January 10, 2018 Minute Order at pp. 7-8 (emphasis supplied). (A copy of the January 10, 2018 Minute Order is attached as Exhibit "C" to the Declaration of Counsel attached hereto.)

To summarize Judge Gillmor's Minute Order in the prior civil action: Plaintiffs have been afforded ample time to present all evidence they deemed relevant to their claims against Barber; Plaintiffs confirmed to the District Court that they had completed presentation of their evidence by resting their case; the Ninth Circuit Court reviewed all of the evidence presented by the Plaintiffs and found that "the evidence of harm was not sufficiently severe to warrant relief"; and the District Court is bound by the Ninth Circuit Court's opinion.

Notwithstanding an explicitly clear opinion by the Ninth Circuit Court of Appeals, and the additional guidance provided in Judge Gillmor's Minute Order, on January 25, 2018 Plaintiffs filed a Notice of Appeal from the minute order denying their injunction and closing the case. The Plaintiffs' appeal of Judge Gillmor's Minute Order means that Plaintiffs are currently pursuing the exact same claims against Barber—claims which the Ninth Circuit Court has already found unsupported by the evidence—in two courts at the same time. In addition to the vexatious and abusive nature of Plaintiff's bad faith litigation tactics, for the reasons discussed below, the doctrine of res judicata precludes Plaintiffs from refiling these same claims against Barber in this civil action and their Complaint should be dismissed with prejudice.

### b. *The Doctrine of Res Judicata Calls for Dismissal of the Complaint*

This Court has described the intent and purpose behind the doctrine of res judicata in the following terms.

> The doctrine of res judicata prevents parties from litigating an action in a court if the claim or the issues have already been decided by a court of competent jurisdiction. *Santos v. State of Hawaii,* 64 Haw. 648, 651-52, 646 P.2d 962 (1982); *Pedrina v. Chun,* 906 F.Supp. 1377, 1398 (D.Haw.1995). **The bar works for claims and issues that were actually litigated in the first action, and also claims and issues which could have been litigated and decided in the first action.** *Santos,* 64 Haw. at 652, 646 P.2d 962. The purpose behind res judicata is to ensure judicial economy, consistent results, and to increase public reliance on judicial pronouncements. *Id.*

*Craig v. County of Maui,* 157 F.Supp.2d 1137, 1140 (D. Haw. 2001)(emphasis added). "The three critical issues to which Hawaii courts look in determining whether the doctrine of res judicata is applicable are: (1) "Was the issue decided in the prior adjudication identical with the one presented in the action in question?" (2) "Was there a final judgment on the merits?" and (3) "Was the party against whom the [doctrine] is asserted a party or in privity with a party to the prior adjudication?" *Stanley v. Goodwin,* 475 F.Supp.2d 1026, 1036 (D. Haw. 2006), *aff'd,* 262 Fed.Appx. 786 (9th Cir. 2007).

      All three criteria for application of res judicata are met in this case. First, there is no question that the Plaintiffs in this case, Ohana and Forest City Residential Management, LLC, are the exact same entities that Barber sued in the prior civil action and that later sought a permanent injunction against Barber following settlement of the original civil action. Accordingly, it is undisputed that Plaintiffs were parties to the prior case and are bound by the decision of the Ninth Circuit Court of Appeals vacating the injunction.

      With respect to whether the issue decided in the prior case is identical to the issue presented in this case, a simple comparison of the facts alleged before Judge Gillmor with the facts alleged in the New Complaint confirms they arise from the exact same blog entries and other social media activity by Barber. For example, in both the original matter and the New Complaint, Plaintiffs allege that Barber

engaged in a "solicitation campaign" to generate new clients for her attorneys and new lawsuits against Plaintiffs. The Ninth Circuit Court reviewed all of the evidence that Plaintiffs could muster to prove this claim and concluded that it did <u>not</u> support the inference that Barber's social media activity induced any additional lawsuits against Plaintiffs. This claim, as well as every other claim alleged in the current Complaint, are based on the *exact same conduct* of Barber. A court of competent jurisdiction, the Ninth Circuit Court of Appeals, has reviewed all of the evidence presented by Plaintiffs in a five-day evidentiary hearing and concluded that it does not support Plaintiffs' request for injunctive relief or damages. Under these facts it is clearly improper, and grossly unfair to Barber, for Plaintiffs to attempt to pursue the very same claims in a different action to circumvent the adverse decisions of Judge Gillmor and the Ninth Circuit Court of Appeals.

Finally, with respect to whether there was a final judgment on the merits, it is anticipated that Plaintiffs will contend that their appeal of Judge Gillmor's Minute Order means that there has been no final judgment. Any such contention by Plaintiffs is incorrect for at least two reasons. First, it important to note that what Plaintiffs have appealed is <u>not</u> the opinion <u>of the Ninth Circuit Court</u> that they were not damaged by Barber's social media postings, but only Judge Gillmor's application of that opinion to close the prior civil action. Accordingly, the Ninth Circuit Court opinion determining that there is no basis for the claims that Plaintiffs

11

are asserting in the New Complaint is for all intents and purposes a final judgment on the merits for purposes of applying the doctrine of res judicata.

The second reason that the appeal noticed by Plaintiffs does not affect the finality of the Ninth Circuit opinion, or Judge Gillmor's Minute Order, is that "the pendency of an appeal has no affect on the finality or binding effect of a trial court's holding." *SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n*, 718 F.2d 365, 370 (Fed. Cir. 1983). The reasoning behind this well settled rule has been described by the Ninth Circuit Court of Appeals as follows.

> "The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal...." 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4433, at 308 (1981). *See SSIH Equipment S.A. v. United States Int'l Trade Comm'n,* 718 F.2d 365, 370 (Fed.Cir.1983). To deny preclusion in these circumstances would lead to an absurd result: Litigants would be able to refile identical cases while appeals are pending, enmeshing their opponents and the court system in tangles of duplicative litigation. *See Warwick v. Maryland Dep't of Transp.,* 573 F.Supp. 1011, 1014 (D.Md.1983), *aff'd without opinion,* 735 F.2d 1359 (4th Cir.1984).

*Tripati v. Henman,* 857 F.2d 1366, 1367 (9th Cir. 1988).

By filing the New Complaint, while simultaneously appealing Judge Gillmor's Minute Order, Plaintiffs are actively engaged in the "absurd result" that the Ninth Circuit Court warned of in the above-quoted passage. Having lost in their attempt to obtain an injunction against Barber, the Plaintiffs have now appealed Judge Gillmor's Minute Order and refiled the exact same arguments against Barber in a new civil action in a blatant attempt to evade the Ninth Circuit's decision and

enmesh Barber and this Court "in tangles of duplicative litigation." The appropriate response to Plaintiffs' attempt to simultaneously pursue the same claims against Barber in two courts at the same time is to dismiss the Complaint in this action, with prejudice, pursuant to the doctrine of res judicata.

III.     CONCLUSION

The factual allegations and arguments that Plaintiffs allege in the Complaint filed in this case were previously asserted against Barber by Plaintiffs in a prior civil action. In that prior civil action, the Ninth Circuit Court of Appeals concluded that the evidence presented by Plaintiffs does not support their contention that Barber's alleged conduct resulted in any harm to Plaintiffs. Accordingly, based on the points and authorities cited above, and pursuant to the doctrine of res judicata, the Complaint in this action should be dismissed with prejudice.

DATED: Honolulu, Hawaii, March 7, 2018.

/s/ Bradford F. K. Bliss
BRADFORD F. K. BLISS
Attorney for Defendant
CARA BARBER