NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARA BARBER; et al., | No. 16-16688 |
| Plaintiffs-Appellants, | D.C. No. 1:14-cv-00217-HG-KSC |
| v. | |
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted June 14, 2017
Honolulu, Hawaii

Before: FISHER, PAEZ, and NGUYEN, Circuit Judges.

Cara Barber appeals the district court's grant of a preliminary injunction arising from alleged violations of the terms of a settlement agreement with Defendants. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We affirm the district court's exercise of jurisdiction and vacate the preliminary injunction.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

EXHIBIT B

1. The district court had subject matter jurisdiction to issue the preliminary injunction. The parties stipulated—and the district court agreed in its dismissal order—that the court would retain jurisdiction to enforce the terms of the settlement until August 25, 2016. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). We agree with Barber that the district court does not have the inherent authority to unilaterally modify the dismissal order or otherwise enlarge its own subject matter jurisdiction. The district court therefore did not have the authority to "reopen" the case for all purposes. However, we defer to the district court's interpretation of its own order that it intended to create a six-month window for the parties to raise issues pertaining to the settlement agreement. Thus, while the district court lacked subject matter jurisdiction as to any issues not raised prior to August 25, 2016, it retained jurisdiction to adjudicate any purported violations of the settlement agreement brought to its attention prior to that date.

2. The district court abused its discretion in issuing the preliminary injunction. A party seeking a preliminary injunction must show that it is likely to succeed on the merits; that it is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in its favor; and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). We review for abuse of discretion. *See Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1286 (9th Cir. 2013).

Here, Barber does not appear to contest that she breached the confidentiality provision of the settlement agreement, but, even so, her violations were relatively mild. The provision prohibited Barber from revealing the "terms of this Agreement," which she violated in published statements. Most of her online postings, however, did not appear to violate the confidentiality provision, and neither did her descriptions of publicly available information about the lawsuit.[1]

Economic injury alone cannot support a finding of irreparable harm, but intangible injuries such as damage to reputation can. *See Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). The district court found that Barber's online activism injured Defendants' reputation and encouraged future lawsuits, which in turn would further injure their reputation. The evidence cited by the district court failed, however, to link the specific violations of the confidentiality provision to any irreparable harm. Barber's online activities may have caused harm to Defendants by injuring their reputations, but her conduct did not violate the confidentiality provision aside from the statements referred to above. The record does not support the inference that her statements were sufficiently harmful to Defendants' reputation so as to cause a likelihood of irreparable harm. The record also does not support the inference that

---

[1] We do not consider whether Barber violated the non-disparagement provision of the settlement agreement, as the district court did not reach that issue.

3

these statements induced any additional lawsuits.

Because we vacate the preliminary injunction, we need not address any other arguments raised by Barber. Each party shall bear its own costs.

**AFFIRMED IN PART, VACATED, AND REMANDED.**