# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CV NO. 14-00217 HG-KSC |
| CASE NAME: | Cara Barber, et al. v. Ohana Military Communities, LLC; Forest City Residential Management, Inc.; Doe Defendants 1-10 |
| ATTYS FOR PLAINTIFFS: | Bradford F.K. Bliss, Esquire<br>Patrick Kyle Smith, Esquire<br>Terrance Matthew Revere, Esquire<br>Malia R. Nickison-Beazley, Esquire<br>Sergio Salzano, Esquire |
| ATTYS FOR DEFENDANTS: | Lisa W. Munger, Esquire<br>Randall C. Whattoff, Esquire<br>Christine A. Terada, Esquire<br>Joachim P. Cox, Esquire<br>Kamala S. Haake, Esquire |

JUDGE: Helen Gillmor

DATE: January 10, 2018

## I. INTRODUCTION

On August 26, 2016, the District Court issued an Order Granting, In Part, Defendants' Motion for a Preliminary Injunction.

On July 27, 2017, the Ninth Circuit Court of Appeals vacated the District Court's Preliminary Injunction and remanded proceedings to the District Court.

This Minute Order addresses the scope of the Ninth Circuit Court of Appeals' remand and the issues remaining in the case.

## II. BACKGROUND

**SETTLEMENT AGREEMENT AND STIPULATION FOR DISMISSAL IN DISTRICT COURT**

On January 5, 2016, the Parties entered into a written

1

# EXHIBIT C

Settlement Agreement and Release.

On February 29, 2016, pursuant to the Parties' Settlement Agreement, the District Court issued a STIPULATION FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS AND ALL PARTIES AND ORDER. (Stipulation, ECF No. 271-1).

The Stipulation provided that "[t]his Court shall retain jurisdiction for six months (*i.e.*, until August 25, 2016) to resolve any disputes or actions related to the Settlement Agreement and Release between the parties dated January 5, 2016." (Id. at p. 2).

**DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION IN DISTRICT COURT**

Less than four months later, on June 15, 2016, Defendants filed:

> DEFENDANTS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S MOTION FOR PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE RE VIOLATIONS OF THE PARTIES' SETTLEMENT AGREEMENT. (ECF No. 278).

Defendants claimed that Plaintiff Cara Barber violated the Parties' settlement agreement on two bases. First, Defendants claimed she violated the Confidentiality Provision of the Settlement Agreement. Second, Defendants claimed she violated the Non-Disparagement Provision of the Settlement Agreement. (Id.)

On August 3, 5, 10, 12, and 15 of 2016, the District Court held evidentiary hearings on Defendants' Motion for a Preliminary Injunction. (ECF Nos. 322, 324, 326, 330, 331).

Defendants called Plaintiff Cara Barber as a witness. She testified extensively about her statements and the internet postings she made after she signed the Settlement Agreement.

Defendants also called Dennis Poma as a witness. Dennis Poma is a civil engineer who managed environmental projects at Marine Corps Base Hawaii between 2009 and 2014. Mr. Poma oversaw the soil excavation and the implementation of the Pesticide Soil Management Plan at Marine Corp Base

2

Hawaii.

Defendants introduced a number of exhibits that were admitted into evidence. Defendants submitted the Parties' Settlement Agreement, the Settlement Term Sheet, and evidence related to the soil activity at Marine Corps Base Hawaii. (Def.'s Exhibits B, O, P, T, U, and V).

Evidence of Plaintiff Barber's internet postings was admitted into the record. (Def.'s Exhibits Q, R, W, Y, AA-JJ, 2-4, 6-13). Plaintiff's statements on the internet included postings on her own blog and on Facebook. (Id.) Numerous comments and statements by the public in response to Cara Barber's postings were also included in the evidence in support of Defendants' argument that Barber's statements caused harm to Defendants' reputation. (Id.) Defendants also relied on numerous new lawsuits filed against them in the federal court as evidence of harm.

On August 26, 2016, the District Court issued an ORDER GRANTING, IN PART, DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION. (ECF No. 341). The District Court found that Defendants established a likelihood of success on the merits that Plaintiff Cara Barber violated the Confidentiality Provision of the Settlement Agreement. (Id. at pp. 21-30).

The District Court found that Defendants established a likelihood of irreparable harm based on evidence of damage to their reputation, loss of goodwill in the marketplace, and financial damage as a result of new lawsuits filed against them stemming from Plaintiff Barber's statements. (Id. at pp. 30-34).

The District Court also found that Defendants established that the balance of equities and the public interest favored granting a preliminary injunction. (Id. at pp. 34-40).

The District Court enjoined Plaintiff Cara Barber from violating the Confidentiality Provision of the Parties' Settlement Agreement. (Id. at p. 40). The District Court stated that it would proceed at a later date to review the Defendants' Motion as to Plaintiff Barber's alleged violations of the Non-Disparagement Provision of the Parties' Settlement Agreement.

3

**APPEAL TO THE NINTH CIRCUIT COURT OF APPEALS**

On September 22, 2016, Plaintiff Barber appealed the District Court's Order to the Ninth Circuit Court of Appeals. (ECF No. 368).

On July 27, 2017, the Ninth Circuit Court of Appeals issued a Memorandum Opinion vacating the District Court's preliminary injunction. (ECF No. 392). In the order, the Appellate Court stated that the District Court did not abuse its discretion in finding that it had jurisdiction to rule on the Defendants' Motion for a Preliminary Injunction because it was filed prior to August 25, 2016. The Appeals Court explained, as follows:

> Thus, while the district court lacked subject matter jurisdiction as to any issues not raised prior to August 25, 2016, it retained jurisdiction to adjudicate any purported violations of the settlement agreement brought to its attention prior to that date.
> (Id. at p. 2).

The Appeals Court found that the District Court "abused its discretion in issuing the preliminary injunction." (Id.) The Ninth Circuit Court of Appeals found that Plaintiff Barber's violations of the confidentiality provision of the settlement agreement "were relatively mild." (Id. at p. 3). The Appellate Court found that there was an insufficient showing of irreparable harm. (Id. at pp. 3-4). The Ninth Circuit Court of Appeals explained, as follows:

> The district court found that Barber's online activism injured Defendants' reputation and encouraged future lawsuits, which in turn would further injure their reputation. The evidence cited by the district court failed, however, to link the specific violations of the confidentiality provision to any irreparable harm. Barber's online activities may have caused harm to Defendants by injuring their reputations, but her conduct did not violate the confidentiality provision aside from her references to an "undisclosed amount" from a monetary settlement. **The record does not support the inference that these references were sufficiently harmful to**

4

> **Defendants' reputation so as to cause a likelihood of irreparable harm. The record also does not support the inference that these references induced any additional lawsuits.**
> (<u>Id.</u>) (emphasis added).

On August 18, 2017, the Mandate was issued, remanding proceedings to the District Court. (ECF No. 393).

**REMAND TO THE DISTRICT COURT**

On September 5, 2017, Defendants filed:

DEFENDANTS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S MOTION TO DISQUALIFY COUNSEL AND/OR FOR SANCTIONS. (ECF No. 394).

On September 20, 2017, the District Court issued a Minute Order setting a briefing schedule on the Motion to Disqualify and instructing the Parties to file Memoranda to address the scope of the remand and the issues remaining in the case. (ECF No. 406).

On October 16, 2017, Plaintiff filed:

PLAINTIFF CARA BARBER'S MEMORANDUM RE SCOPE OF THE NINTH CIRCUIT COURT OF APPEALS' REMAND AND ISSUES REMAINING IN THE CASE. (ECF No. 408).

On the same date, Defendants filed:

DEFENDANTS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S MEMORANDUM REGARDING ISSUES IDENTIFIED BY THE COURT FOLLOWING REMAND FROM THE NINTH CIRCUIT. (ECF No. 409).

On October 23, 2017, Plaintiff filed a Memorandum in Opposition to Defendants' Motion to Disqualify Counsel. (ECF No. 410).

On November 6, 2017, Defendants filed their Reply. (ECF No. 411).

5

### III  THE DISTRICT COURT LACKS SUBJECT-MATTER JURISDICTION TO REVIEW DEFENDANTS' MOTION TO DISQUALIFY COUNSEL (ECF No. 394)

The District Court has limited subject-matter jurisdiction on remand.

On July 27, 2017, the Ninth Circuit Court of Appeals issued its Memorandum Opinion on appeal from the District Court's Order Granting, In Part, Defendants' Motion for a Preliminary Injunction. (ECF No. 392).

The Appeals Court's order first addressed questions concerning the District Court's subject-matter jurisdiction.

The Ninth Circuit Court of Appeals found that the District Court had subject-matter jurisdiction to consider the Defendants' Motion for a Preliminary Injunction but it "did not have the authority to 'reopen' the case for all purposes....while the district court lacked subject-matter jurisdiction as to any issues not raised prior to August 25, 2016, it retained jurisdiction to adjudicate any purported violations of the settlement agreement brought to its attention prior to that date." (Memorandum Opinion at p. 2, ECF No. 392).

Following remand, Defendants filed a Motion to Disqualify Counsel on September 5, 2017 in the District Court. Defendants' Motion was filed well after the jurisdictional deadline of August 25, 2016 as provided in the Parties' Stipulation for Dismissal.

The District Court lacks subject-matter jurisdiction to consider the Defendants' Motion to Disqualify Counsel. The Ninth Circuit Court of Appeals made a specific finding as to the scope of the District Court's subject-matter jurisdiction in this proceeding. The Appellate Court stated that the District Court lacks subject-matter jurisdiction as to "any issues not raised prior to August 25, 2016." (Memorandum Opinion at p. 2, ECF No. 392). The District Court is bound by the order of the Ninth Circuit Court of Appeals.

Defendants' Motion to Disqualify Counsel (ECF No. 394) is **DENIED** for lack of subject-matter jurisdiction.

6

## IV. **DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION (ECF No. 278)**

A party seeking a preliminary injunction must show that it is likely to succeed on the merits; that it is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in its favor; and that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

A likelihood of irreparable harm is considered "the single most important prerequisite for the issuance of a preliminary injunction." Chiafalo v. Inslee, 224 F.Supp.3d 1140, 1146 (W.D. Wash. 2016) (internal quotation omitted); 11A Charles A. Wright & Arthur R. Miller, Fed. Practice and Procedure § 2948.1 (3d ed. 2014).

A preliminary injunction may not issue in the absence of a likelihood of irreparable harm. Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc., 736 F.3d 1239, 1250-51 (9th Cir. 2013).

In this case, the Ninth Circuit Court of Appeals reviewed the District Court record on Defendants' Motion for a Preliminary Injunction. The District Court held five days of evidentiary hearings on August 3, 5, 10, 12, and 15 of 2016. (ECF Nos. 322, 324, 326, 330, 331). Both Parties were permitted to call witnesses. Defendants called Plaintiff Cara Barber first. She testified in person as to her statements and postings made on the internet. On August 3, 2016, Plaintiff Barber testified for nearly three hours on direct examination. (ECF No. 322). On August 5, 2016, Plaintiff Barber testified for another three hours on direct, cross, and redirect examination. (ECF No. 324).

Defendants presented a number of exhibits that were admitted into evidence in support of their Motion for a Preliminary Injunction. The evidence included screen shots of numerous internet postings made by Plaintiff Barber and responses to the postings made by members of the public. (See Def.'s Exhibits 7-13).

Defendants called another witness, Dennis Poma, to testify about soil remediation at Marine Corps Base Hawaii. He testified for three hours on August 10, 2016 and two hours on August 12, 2016. Defendants rested their case on August 12, 2016 and completed the presentation of their

7

evidence.

The District Court held a further hearing on August 15, 2016 in order to allow Plaintiff to present testimony as to Plaintiff Barber's opinion about the soil at Marine Corp Base Hawaii. (Transcript from Hearing on August 12, 2016 at p. 11, ECF No. 336). At the hearing on August 15, 2016, Defendants confirmed that they had rested and had no additional evidence or witnesses to present. (Transcript from hearing on August 15, 2016 at p. 4, ECF No. 374).

On appeal, the Ninth Circuit Court of Appeals evaluated the transcripts and documentary evidence presented by the moving parties, the Defendants, and found that a likelihood of irreparable harm is not present in this case.

The Appellate Court determined that "[t]he record does not support the inference that [Plaintiff Barber's] references were sufficiently harmful to Defendants' reputation so as to cause a likelihood of irreparable harm. The record also does not support the inference that these references induced any additional lawsuits." (Memorandum Opinion at p. 4, ECF No. 392).

The Appellate Court found that Defendants' evidence as to the harm to their business reputation, goodwill in the market, and new lawsuits filed against them was insufficient to demonstrate a likelihood of irreparable harm.

The District Court is bound by the determination of the Ninth Circuit Court of Appeals that a likelihood of irreparable harm is not present. Defendants were afforded five days of evidentiary hearings to present their evidence in support of their Motion. The Appellate Court found that the evidence of harm was not sufficiently severe to warrant relief.

Defendants' Motion for a Preliminary Injunction (ECF No. 278) is **DENIED**.

Pursuant to the Ninth Circuit Court of Appeals' Order, the District Court lacks jurisdiction over any remaining issues that were not raised prior to August 25, 2016.

The Clerk of Court is **DIRECTED TO CLOSE THE CASE.**

Submitted by: Rachel Sharpe, Courtroom Manager