COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JOACHIM P. COX                    7520-0
   jcox@cfhawaii.com
RANDALL C. WHATTOFF               9487-0
   rwhattoff@cfhawaii.com
KAMALA S. HAAKE                   9515-0
   khaake@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi  96813
Telephone:  (808) 585-9440
Facsimile:   (808) 275-3276

Attorneys for Plaintiffs
OHANA MILITARY COMMUNITIES, LLC and
FOREST CITY RESIDENTIAL MANAGEMENT, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC,<br><br>               Plaintiffs,<br><br>   vs.<br><br>CARA BARBER,<br><br>               Defendant. | CIVIL NO.  18-00042 KJM<br><br>PLAINTIFFS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S MEMORANDUM IN OPPOSITION TO [10] DEFENDANT CARA BARBER'S MOTION TO DISMISS COMPLAINT; DECLARATION OF RANDALL C. WHATTOFF; EXHIBITS 1 - 10; CERTIFICATE OF SERVICE<br><br>DATE:    April 30, 2018<br>TIME:     10:00 a.m.<br>JUDGE:  Kenneth J. Mansfield<br><br>No Trial Date Set |

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................1

II.   BACKGROUND FACTS......................................................................3

    A.    The Putative Class Action ...........................................................3

    B.    The Preliminary Injunction Motion..............................................4

    C.    Judge Gillmor's Confidentiality PI Order and the Subsequent Appeal ..................................................................................5

    D.    Remand to the District Court and Appeal by Ohana and FCRM.....................................................................................8

III.   ARGUMENT.......................................................................................9

    A.    Preliminary Injunction Orders Are Not Final Decisions on the Merits..............................................................................9

    B.    The Only Issue Decided by the Ninth Circuit Opinion— Whether Breach of the <u>Confidentiality Provision</u> Constituted <u>Irreparable Harm</u>—Is Not Relevant to This Matter ....................11

        1.    The Issue of "Irreparable Harm" Is Not Relevant to This Action for Damages ...................................................11

        2.    None of the Orders at Issue Considered the Substance of Mrs. Barber's Disparaging and Defamatory Statements, Which Are the Only Statements at Issue Here...................12

    C.    The Pending Appeal Renders the January 10 Order Not Final ....15

    D.    Ms. Barber Has Repeatedly Contended That Ohana and FCRM's Disparagement Claims Should Be Brought as an Independent Action ...................................................................16

IV.   CONCLUSION ..................................................................................18

# TABLE OF AUTHORITIES

**Page**

## CASES

*Air Terminal Servs., Inc. v. Lehigh-Northampton Airport Authority*,
   Civ. Action No. 96-2314, 1996 WL 460059
   (E.D. Penn. Aug. 1, 1996) ...................................................................... 12

*Alliance for the Wild Rockies v. Cottrell*,
   632 F.3d 1127 (9th Cir. 2011) ................................................................ 11

*Brown v. American Airlines, Inc.*,
   285 F.R.D. 546 (C.D. Cal. 2011) ............................................................ 16

*Crossroads Cogeneration Corp. v. Orange & Rockland Utilities, Inc.*,
   159 F.3d 129 (3d Cir. 1998) .................................................................... 18

*Ctr. for Biological Diversity v. Salazar*,
   706 F.3d 1085 (9th Cir. 2013) .................................................................. 9

*Daewoo Elecs. Am. Inc. v. Opta Corp.*,
   875 F.3d 1241 (9th Cir. 2017) ................................................................ 16

*I.H.T. Corp. v. News World Comms., Inc.*,
   No. 83 Civ. 3862-CSH, 1984 WL 604 (S.D.N.Y. July 3, 1984) ............ 12

*Kuzinich v. Santa Clara County*,
   689 F.2d 1345 (9th Cir. 1982) ................................................................ 10

*Larsen v. Nevada*,
   No. 2:09-CV-02460-KJD-RJJ, 2011 WL 1233255
   (D. Nev. Mar. 29, 2011) ......................................................................... 10

*Littleton v. State*,
   6 Haw. App. 70 (1985) ........................................................................... 16

*Malahoff v. Saito*,
   111 Hawaiʻi 168 (2006) .......................................................................... 10

*Rice v. Target Stores*,
  677 F. Supp. 608 (D. Minn. 1988)...........................................................10

*Sheehan v. County of Kauai*,
  Civ. No. 12-00195 HG-BMK, 2013 WL 1342364 (Mar. 29, 2013).......16

*Sierra On-line, Inc. v. Phoenix Software, Inc.*,
  739 F.2d 1415 (9th Cir. 1984) ................................................................9

*Tripati v. Henman*,
  857 F.2d 1366 (9th Cir. 1988) ..............................................................15

*Univ. of Texas v. Camenisch*,
  451 U.S. 390 (1981)...........................................................................1, 9

*Winter v. Natural Resources Defense Council*,
  555 U.S. 7 (2008)..................................................................................11

*Wong v. Cayetano*,
  111 Hawaiʻi 462 (2006).........................................................................15

## TREATISES

11A Charles A. Wright, Arthur R. Miller, et al.,
  Federal Practice and Procedure § 2950 (3d ed.) ....................................9

Restatement (Second) of Judgments §26(1)(c)...........................................18

**PLAINTIFFS OHANA MILITARY COMMUNITIES, LLC AND
FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S
MEMORANDUM IN OPPOSITION TO DEFENDANT CARA BARBER'S
MOTION TO DISMISS COMPLAINT**

Plaintiffs Ohana Military Communities, LLC ("Ohana") and Forest

City Residential Management, LLC ("FCRM"), by and through their undersigned

counsel, hereby submit the following Memorandum in Opposition to Defendant

Cara Barber's Motion to Dismiss Complaint (Docket No. 10).

## I.    INTRODUCTION

Defendant Cara Barber's Motion to Dismiss is frivolous and should be

immediately rejected.  The ruling that Ms. Barber contends should be afforded

preclusive effect is an order denying Ohana and FCRM's Motion for ***Preliminary***

***Injunction*** ("PI Motion") in the prior proceeding.  It is well-established that

preliminary injunction orders are ***not*** afforded preclusive effect.  As the United

States Supreme Court has made clear:  "[T]he findings of fact and conclusions of

law made by a court granting a preliminary injunction are ***not*** binding at trial on

the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis

added).

Preclusion is especially improper here because the Ninth Circuit's

reversal of Judge Gillmor's order granting, in part, the PI Motion was based

entirely on the court's determination that Ohana and FCRM had not demonstrated

that they were ***irreparably harmed*** by Ms. Barber's statements in violation of the

confidentiality clause of the parties' settlement agreement.  Whether the harm to Ohana and FCRM was irreparable (and could therefore support a motion for a preliminary injunction) is irrelevant to the present action *for damages*.  It should go without saying that irreparable harm is not an element of any of the claims that Ohana and FCRM are alleging here.

In addition, *none* of the orders at issue evaluated the substance of Ohana and FCRM's claim that Ms. Barber made statements that violated the non-disparagement provision of the settlement agreement.  In fact, Judge Gillmor and the Ninth Circuit both expressly disclaimed that they were considering Ohana and FCRM's likelihood of success on that issue.  Critically, it is these disparaging statements—not the ones made in violation of the confidentiality provision—that form the basis of Ohana and FCRM's claims in this lawsuit.

Finally, it should be noted that Ms. Barber herself has contended on numerous occasions that, rather than seeking injunctive relief in the prior proceeding, Ohana and FCRM should file a new lawsuit to address these issues. Ms. Barber cannot complain that Ohana and FCRM have now done what Ms. Barber has vehemently advocated for at the hearing on the PI Motion, in her pleadings related to the PI Motion, and in her appeal of Judge Gillmor's initial order granting, in part, the PI Motion.  Moreover, the Ninth Circuit has expressly held that Judge Gillmor's jurisdiction under the parties' stipulation was limited to

2

enforcing the settlement agreement; Judge Gillmor lacked jurisdiction to reopen the case for all purposes or consider the tort and statutory claims at issue here. Accordingly, Ohana and FCRM could not have brought their claims herein in the prior proceeding.

## II.    BACKGROUND FACTS

### A.    The Putative Class Action

In April 2014, Ms. Barber and three other current and former residents of MCBH filed a putative class action claiming that Ohana and FCRM failed to disclose the existence of unsafe levels of organo-chlorinated pesticides ("OCPs") in the soils around the homes on Marine Corps Base Hawai'i ("MCBH") (the "First Action"). *See* Compl. ¶ 27. After a year and a half of litigation, the magistrate judge issued Findings and Recommendations to Deny Plaintiffs' Renewed Motion for Class Certification on November 20, 2015. *Id.* ¶ 28. The parties thereafter participated in two settlement conferences, and the case was settled in February 2016. *Id.* The settlement agreement included a confidentiality provision, a non-disparagement provision, and a provision that prohibited Ms. Barber from participating in further lawsuits against Ohana and FCRM.

After the parties executed the settlement agreement, they filed a Stipulation for Dismissal of All Claims and All Parties and Order on February 29, 2016. The Stipulation provided, in relevant part: "There are no remaining claims

or parties. . . . This Court shall retain jurisdiction for six months (*i.e.*, until August 25, 2016) to resolve any disputes or actions related to the Settlement Agreement and Release between the parties dated January 5, 2016." Ex. 1 at 2.

Despite the parties' settlement, Ms. Barber and her attorneys ("Smith/Revere") almost immediately began a solicitation campaign to drive clients to Ms. Barber's counsel and promote new lawsuits against Ohana and FCRM. Compl. ¶ 31. The new solicitation campaign had two main components. *Id.* ¶ 32. On the one hand, Smith/Revere sent a solicitation letter to hundreds of individuals who had submitted their information to Ms. Barber through a highly misleading questionnaire. *Id.* At the same time, Ms. Barber launched an all-out smear campaign encouraging individuals to respond to the solicitation letter. *Id.* In doing so, Ms. Barber made numerous defamatory and otherwise unlawful statements about Ohana and FCRM on her blog and various social media platforms. *Id.*

### B.     The Preliminary Injunction Motion

Ohana and FCRM filed the PI Motion in the First Action as soon as they learned of the solicitation campaign. *See* Ex. 2. The PI Motion argued that the social media campaign should be enjoined because it violated three provisions of the settlement agreement. *See id.* at 10-26. First, Ms. Barber's numerous false statements about the conditions of MCBH violated the non-disparagement

provision. *See id.*  Second, Ms. Barber breached the confidentiality provision by making statements that implied the settlement amount. *See id.*  Third, Ms. Barber violated the non-participation clause by participating with her attorneys in the solicitation campaign. *See id.*  Judge Gillmor conducted a five-day evidentiary hearing in August 2017.

## C.      Judge Gillmor's Confidentiality PI Order and the Subsequent Appeal

The court was close to concluding the evidentiary hearing on its fifth day, but the parties were unable to complete the last witness.  Unfortunately, Judge Gillmor had a long court closure scheduled, and she announced that she would be unable to complete the hearing for a month. *See* Ex. 3.  Because the issue of whether Ms. Barber had breached the confidentiality provision did not require any further testimony, the Court stated that it would issue a ruling on that issue—and that issue alone—prior to its break. *See id.*  Judge Gillmor stated: "What I am going to do is I am going to deal with one part of this preliminary injunction [the confidentiality provision], and we can come back in a month and we can listen to Dr. Chun for the second part. . . . And I will rule on that part of the preliminary injunction, and we will come back to this later." *Id.*

Judge Gillmor issued her order addressing the confidentiality provision on August 26th (the "Confidentiality PI Order").  At the beginning to the "Analysis" section, the court noted:

> [A]ll testimony has been completed regarding
> Plaintiff Barber's alleged violations of the
> Confidentiality Provision of the Parties' Settlement
> Agreement.  Plaintiff Barber's alleged violations
> of the Non-Disparagement Clause requires further
> testimony and shall be taken at the time of the
> hearing on the Order to Show Cause Regarding
> Violations of the Parties' Settlement Agreement.
>
> As a result, the scope of this Order is limited to the
> allegation in Defendants' Motion for a Preliminary
> Injunction that Plaintiff Cara Barber violated the
> Confidentiality Provision of the Parties' Settlement
> Agreement.

Ex. 4 at 11.  To the extent there was any doubt, the Court repeatedly made clear:

"Defendants' request for preliminary injunctive relief relating to the Non-

Disparagement Provision will be decided at [a later] time.  This Order is limited to

the allegations that Plaintiff Barber violated the Confidentiality Provision of the

Parties' Settlement Agreement."  *Id.* at 18; *see also id.* at 9, 40.   Judge Gillmor

determined that Ms. Barber's breaches of the confidentiality provision supported

preliminary injunctive relief.  *See id.* at 30-38.

Ms. Barber appealed the Confidentiality PI Order.  Ms. Barber made

two primary arguments:  (1) that, according to the language in the parties'

Stipulation for Dismissal, the district court's jurisdiction expired on August 25,

2016; and (2) that there was insufficient evidence of irreparable harm stemming

from the breach of the confidentiality provision.  *See* Ex. 5 at 15-16.

The Ninth Circuit held (the "Ninth Circuit Opinion") that the district court had subject matter jurisdiction to issue the preliminary injunction:

> We agree with Barber that the district court does not have the inherent authority to unilaterally modify the dismissal order or otherwise enlarge its own subject matter jurisdiction. The district court therefore did not have the authority to "reopen" the case for all purposes. However, we defer to the district court's interpretation of its own order that it intended to create a six-month window for the parties to raise issues pertaining to the settlement agreement. Thus, while the district court lacked subject matter jurisdiction as to any issues not raised prior to August 25, 2016, it retained jurisdiction to adjudicate any purported violations of the settlement agreement brought to its attention prior to that date.

Ex. 6 at 2.

With respect to Ms. Barber's argument that her breaches of the confidentiality provision did not cause irreparable harm, the Ninth Circuit held that "[t]he record does not support the inference that her statements [that allegedly violated the confidentiality provision] were sufficiently harmful to Defendants' reputation so as to cause a likelihood of irreparable harm." *Id.* at 3. The Ninth Circuit explicitly noted: "***We do not consider whether Barber violated the non-disparagement provision of the settlement agreement, as the district court did not reach that issue***." *Id.* n.1. (emphasis added).

**D.     Remand to the District Court and Appeal by Ohana and FCRM**

The Ninth Circuit remanded the case back to this Court, and Ohana and FCRM asked the Court to complete the hearing on the non-disparagement portion of the PI Motion.  *See* Ex. 7.  However, on January 10, 2018, the Court issued a Minute Order denying the PI Motion on the ground that the Ninth Circuit Opinion applied to both the confidentiality provision ***and*** the non-disparagement clause.  *See* Ex. 8 (the "January 10 Order").

On January 25, 2018, Ohana and FCRM filed a Notice of Appeal, and on February 22, 2018, Ohana and FCRM filed their opening brief.  *See* Ex. 9.  The Opening Brief argues that the Ninth Circuit Opinion did ***not*** address the issue of whether Ms. Barber's statements in breach of the non-disparagement clause (as opposed to the confidentiality provision) constituted irreparable harm.  *See id.*  At the time that the Ninth Circuit Opinion was issued, no decision had been made by any court as to whether Ms. Barber's statements in breach of the non-disparagement provision could constitute irreparable harm.  *See id.*  Therefore, the only statements before the Ninth Circuit were Ms. Barber's statements in violation of the confidentiality provision.  *See id.*

## III.   ARGUMENT

### A.   Preliminary Injunction Orders Are Not Final Decisions on the Merits

It is black letter law that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

> Although evidence received at a Rule 65(a) hearing may enter the trial record, the court's findings of fact and conclusions of law with regard to the preliminary injunction are not binding at trial. Based, as they usually are, on incomplete evidence and a relatively hurried consideration of the issues, these provisional decisions should not be used outside the context in which they originally were rendered.

11A Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 2950 (3d ed.).   The cases recognizing these rules are legion. *See, e.g., Camenisch*, 451 U.S. at 395 (1981) (finding that because a party is not required to prove his case in a full at a preliminary injunction, the trial court's findings of facts and conclusions of law are not binding); *Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013) ("[O]ur disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits.'"); *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1423 (9th Cir. 1984) ("[T]he injunction is not a preliminary adjudication on the ultimate merits:  it is an equitable device for preserving rights

pending final resolution of the dispute."); *Kuzinich v. Santa Clara County*,

689 F.2d 1345, 1350-51 (9th Cir. 1982) ("[I]ssues litigated in a preliminary

injunction are not *res judicata* and do not form a basis for collateral estoppel.");

*Rice v. Target Stores*, 677 F. Supp. 608, 617 (D. Minn. 1988) ("Plaintiff correctly

points out that if the order denying preliminary relief were given preclusive effect,

litigants would be discouraged from seeking preliminary relief for fear that they

later would be precluded from obtaining a complete hearing at trial. This in turn

would force plaintiffs to accept possible irreparable harm and needlessly await

vindication of their interests."); *Larsen v. Nevada*, No. 2:09-CV-02460-KJD-RJJ,

2011 WL 1233255, at *2 (D. Nev. Mar. 29, 2011) (noting that while the summary

proceedings on a motion for preliminary injunction may "touch upon or

temporarily decide merit issues, [] they are seldom, if ever, considered decisions on

the merits.  Rather, in granting, or not granting, a preliminary injunction, a court is

making a determination that there is a likelihood, or lack thereof, of success on the

merits.") (citation omitted).  Hawai'i law is in accord.  *See Malahoff v. Saito*,

111 Hawai'i 168, 181 (2006) (quoting *Starbuck v. City & County of San

Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977)).  The Court's inquiry should

end here, and this motion should be summarily dismissed.

**B.      The Only Issue Decided by the Ninth Circuit Opinion—Whether Breach of the <u>Confidentiality Provision</u> Constituted <u>Irreparable Harm</u>—Is Not Relevant to This Matter**

**1.      The Issue of "Irreparable Harm" Is Not Relevant to This Action for Damages**

The motion should also be denied for the separate and independent reason that neither the Ninth Circuit Opinion nor any of the other relevant orders addressed the issues before this Court.  The Ninth Circuit reversed the Confidentiality PI Order because it determined that Ohana and FCRM had not met the second prong of the *Winter*[1] test for a preliminary injunction:  that Ohana and FCRM were likely to suffer irreparable harm in the absence of preliminary relief.[2] *See* Ex. 6 at 3 ("The record does not support the inference that the statements were sufficiently harmful to Defendants' reputation so as to cause a ***likelihood of irreparable harm***." (emphasis added)).  It goes without saying that irreparable harm, as opposed to damages generally, is not an element of any of the claims in this lawsuit, and it is misleading and disingenuous for Ms. Barber equate one with the other.  *See* Mot. at 6 (asserting that the Ninth Circuit found that there was "insufficient evidence of any damage to Plaintiffs to support their claims").

---

[1] *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008).

[2] Under the *Winter* test, a failure to show irreparable harm is sufficient, by itself, to deny a request for injunctive relief.  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (finding that *Winter* requires the plaintiff to make a showing on all four prongs for a preliminary injunction).

Therefore, preclusive effect is improper for the additional reason that the Ninth

Circuit Opinion (and Judge Gillmor's subsequent January 10 Order) rested entirely

on an evaluation of irreparable harm and did not reach the merits of Ohana and

FCRM's claims.  *See*, *e.g.*, *Air Terminal Servs., Inc. v. Lehigh-Northampton*

*Airport Authority*, Civ. Action No. 96-2314, 1996 WL 460059, at \*4-5 (E.D. Penn.

Aug. 1, 1996) (finding no preclusion of plaintiff's affirmative claims in federal

court where state court previously denied preliminary injunction on the ground that

monetary damages would adequately compensate plaintiff); *I.H.T. Corp. v. News*

*World Comms., Inc.*, No. 83 Civ. 3862-CSH, 1984 WL 604, at \*3 (S.D.N.Y.

July 3, 1984) (finding denial of injunctive relief due to lack of irreparable harm did

not constitute final judgment on the merits for preclusion purposes, even where the

court discussed (but did not rule on) the merits of plaintiff's claim).

> **2.  None of the Orders at Issue Considered the Substance of Mrs. Barber's Disparaging and Defamatory Statements, Which Are the Only Statements at Issue Here**

The instant Motion should also be denied because the substance of the

statements identified in the Complaint have simply not yet been addressed by any

Court.

The PI Motion made three arguments.  *See* Ex. 2 at 10-26.  First, that

Ms. Barber's numerous false statements about the conditions of MCBH violated

the non-disparagement provision.  *See id.*  Second, that Ms. Barber breached the

confidentiality provision by making statements that implied the settlement amount. *See id.* Third, that Ms. Barber violated the non-participation clause by participating with her attorneys in the solicitation campaign. *See id.* The Complaint in this case is based upon many of the statements that Ohana and FCRM alleged violated the non-disparagement provision in the PI Motion, but it does not address Ms. Barber's violations of the confidentiality provision or the non-participation clause. *See* Compl.

In the current Motion, Ms. Barber improperly conflates the breach of the confidentiality provision claims from the Confidentiality PI Order with the breach of non-disparagement claims. The former claims were addressed by the Ninth Circuit, but Ohana and FCRM's non-disparagement claims—***which are the only claims that are at issue in this lawsuit***—were never substantively evaluated by either Judge Gillmor or the Ninth Circuit. It is indisputable that ***none*** of the orders in the First Action—the Confidentiality PI Order, the Ninth Circuit Opinion, and the January 10 Order—evaluated the merits, *i.e.*, the likelihood of success prong, of Ohana and FCRM's non-disparagement clause claims. The Confidentiality PI Order acknowledged that "Plaintiff Barber's alleged violations of the Non-Disparagement Clause requires further testimony and shall be taken at the time of the hearing on the Order to Show Cause Regarding Violations of the Parties' Settlement Agreement. As a result, the scope of this Order is limited to the

allegation in Defendants' Motion for a Preliminary Injunction that Plaintiff Cara

Barber violated the Confidentiality Provision of the Parties' Settlement

Agreement." Ex. 4 at 11; *see also id.* at 9, 18, 40. As a result, the Ninth Circuit

Order expressly disclaimed consideration of the non-disparagement provision:

"We do not consider whether Barber violated the non-disparagement provision of

the settlement agreement, as the district court did not reach that issue." Ex. 6 at 3

n.1. On remand, Judge Gillmor denied Ohana and FCRM's PI Motion with respect

to the non-disparagement clause for the sole reason that she interpreted—we

believe incorrectly—the Ninth Circuit Opinion as holding that there was

insufficient evidence to demonstrate a likelihood of irreparable harm on both the

confidentiality provision and the non-disparagement provision. *See* Ex. 7 at 8. But

it is undisputable that at no point did Judge Gillmor or the Ninth Circuit ever

evaluate or opine as to whether Ohana and FCRM were likely to succeed on the

merits of their non-disparagement clause claim. *See generally id.*[3]

---

[3] To the extent that the courts addressed the merits, they uniformly held that Ohana and FCRM ***were likely to prevail on the merits***. The Confidentiality PI Order expressly found that Ohana and FCRM were likely to succeed on the merits, *see* Ex. 4 at 21-30, and Ninth Circuit agreed that "Barber does not appear to contest that she breached the confidentiality provision of the settlement agreement[,]" Ex. 6 at 3.

The instant lawsuit asserts tort and statutory claims[4] based on unlawful statements that Ms. Barber made regarding Ohana and FCRM.  *See* Compl. ¶¶ 41-48.  There is no reference to and no claims regarding the statements that Ms. Barber made in breach of the confidentiality provision of the settlement agreement.  *See generally id.*  Even though some of the statements at issue in this case are the same as those alleged with respect to the non-disparagement clause in the PI Motion, neither Judge Gillmor nor the Ninth Circuit ever determined whether the statements were false (*i.e.*, whether they breached the non-disparagement clause), whether Ohana and FCRM were damaged by the statements, or the extent of Ohana and FCRM's damages.  Therefore, under no theory can Ms. Barber support her argument that this lawsuit should be precluded.

### C.   The Pending Appeal Renders the January 10 Order Not Final

In arguing that Ohana and FCRM's pending appeal of the January 10 Order "has no effect on the finality or binding effect of a trial court's ruling[,]"[5]

---

[4] In this respect, this lawsuit brings different claims than were at issue in the PI Motion.  Ohana and FCRM only sought injunctive relief in the PI Motion: Ohana and FCRM sought to enforce the settlement agreement and halt Ms. Barber's improper conduct.  Here, Ohana and FCRM have asserted tort and statutory claims that seek to compensate Ohana and FCRM for the damages they have suffered as a result of Ms. Barber's false statements.

[5] The Ninth Circuit case on which Ms. Barber relies to support this proposition, *Tripati v. Henman*, 857 F.2d 1366 (9th Cir. 1988), involved two lawsuits filed in federal court that invoked federal question jurisdiction.  Therefore, federal claim preclusion law applied.  *See*, *e.g.*, *Wong v. Cayetano*, 111 Hawai'i 462, 477 (2006)

Ms. Barber neglects the fact that, because the First Action was based on diversity

jurisdiction, federal common law applies Hawaiʻi preclusion law.[6]  Under Hawaiʻi

law, "where an appeal has been taken, a judgment of the trial court is not final, at

least for purposes of res judicata." *Littleton v. State*, 6 Haw. App. 70, 75 (1985);

*see also Sheehan v. County of Kauai*, Civ. No. 12-00195 HG-BMK, 2013 WL

1342364 at *11-12 (Mar. 29, 2013) (discussing cases).  Therefore, Ohana and

FCRM's pending appeal of the January 10 Order prohibits the application of

preclusion to Ohana and FCRM's claims herein.

### D.     Ms. Barber Has Repeatedly Contended That Ohana and FCRM's Disparagement Claims Should Be Brought as an Independent Action

The great irony of the present motion is that it is Ms. Barber who has

been the biggest proponent of Ohana and FCRM filing a separate matter to address

her statements. At every turn during the PI Motion, Ms. Barber argued that Judge

Gillmor was without jurisdiction to resolve the PI Motion, and that Ohana and

---

("Because the federal suit was based on federal question jurisdiction . . . , we must apply federal claim preclusion law.").

[6] Because the first action was originally removed pursuant to the Class Action Fairness Act ("CAFA"), *see Barber v. Ohana Military Communities, LLC*, Civ. No. 14-00217 HG-KSC (Docket No. 1, Notice of Removal), the court was sitting in diversity, *see Brown v. American Airlines, Inc.*, 285 F.R.D. 546, 553 (C.D. Cal. 2011).  Federal common law requires that the Court determine the preclusive effect of the prior decision "by reference to the law of the state where the rendering federal diversity court sits."  *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1247 (9th Cir. 2017).

FCRM should file an independent action.  For instance, in Ms. Barber's Opposition to the Motion for Preliminary Injunction, Ms. Barber specifically argued:  "**This Court's jurisdiction over the Agreement extends to disputes 'related to the Settlement Agreement and Release,' <u>not</u> new causes of action.**"  Ex. 10 at 3 (emphasis in original).  Ms. Barber was quick to point out, "OMC's matter requires a ***new complaint***, jury, extensive discovery . . . to determine whether speech . . . is defamatory." *Id.* (emphasis added).  Yet, despite hanging her hat on this argument when she appealed the Confidentiality PI Order to the Ninth Circuit, Ms. Barber now claims that it is improper for Ohana and FCRM to do exactly as Ms. Barber's counsel had repeatedly suggested, *i.e.*, to bring a separate action against Ms. Barber.  *See* Ex. 5 at 10-15, 22, 28 (listing all of the instances where Ms. Barber's counsel objected to the court's exercise of jurisdiction over the PI Motion and arguing that Ohana and FCRM should bring a separate action or seek to vacate the stipulation dismissing the case and reopen the original proceedings).

The Ninth Circuit expressly found that, although Judge Gillmor retained jurisdiction to enforce the settlement agreement until August 25, 2016, she did not "have the authority to 'reopen' the case for all purposes."  Ex. 2 at 2.  Therefore, under the Ninth Circuit's interpretation of the parties' stipulation, Ohana and FCRM could not have sought to reopen the case to file affirmative

claims against Ms. Barber. *See id.* In this regard, this case falls within a second

exception to the preclusion rule:

> The plaintiff was unable to rely on a certain theory of the
> case or to seek a certain remedy or form of relief in the
> first action because of the limitations on the subject
> matter jurisdiction of the courts or restrictions on their
> authority to entertain multiple theories or demands for
> multiple remedies or forms of relief in a single action,
> and the plaintiff desires in the second action to rely on
> that theory or to seek that remedy or form of relief[.]

Restatement (Second) of Judgments §26(1)(c). Accordingly, the Ninth Circuit

Opinion and the January 10 Order should not be afforded preclusive effect. *See*,

*e.g.*, *Crossroads Cogeneration Corp. v. Orange & Rockland Utilities, Inc.*, 159

F.3d 129, 140 (3d Cir. 1998) (finding exception applied where first court lacked

jurisdiction to offer relief sought in second proceeding).

## IV.   CONCLUSION

For all the foregoing reasons, Ohana and FCRM respectfully request

that the Court deny Defendant Cara Barber's Motion to Dismiss Complaint.

DATED: Honolulu, Hawai‘i, April 9, 2018.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF
KAMALA S. HAAKE

Attorneys for Plaintiffs
OHANA MILITARY COMMUNITIES, LLC
and FOREST CITY RESIDENTIAL
MANAGEMENT, LLC