LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law
A Law Corporation

BRADFORD F. K. BLISS   3161-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030
Facsimile:  (808) 533-3011
E-mail:  bbliss@lbchlaw.com

Attorney for Defendant
CARA BARBER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC, | ) ) ) ) | CIVIL NO. 18-00042 KJM |
| Plaintiffs, | ) ) | REPLY MEMORANDUM IN SUPPORT OF DEFENDANT CARA BARBER'S MOTION TO DISMISS COMPLAINT; DECLARATION OF BRADFORD F. K. BLISS; EXHIBIT D; CERTIFICATE OF SERVICE |
| vs. | ) ) ) | |
| CARA BARBER, | ) ) | |
| Defendant. | ) ) ) | |
| | ) ) ) ) | Date:    April 30, 2018 Time:    10:00 a.m. Judge:   Kenneth J. Mansfield |

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT CARA BARBER'S
<u>MOTION TO DISMISS COMPLAINT</u>

## I.   INTRODUCTION

All of the claims that Plaintiffs Ohana Military Communities, LLC and

Forest City Residential Management, LLC (collectively, "Plaintiffs") allege against

Defendant Cara Barber in this case have already been fully litigated in a prior civil

action in which a decision, initially in favor of Plaintiffs, was appealed to the Ninth

Circuit Court of Appeals and reversed. On remand, Judge Helen Gillmor carefully

considered the Ninth Circuit Court's opinion, invited the parties to submit

memoranda addressing the scope of the issues remaining, and then issued a lengthy

and well-reasoned order dismissing the prior civil action. (See January 10, 2018

Minute Order attached as Exhibit "C" to the current motion.)  Plaintiffs appealed

Judge Gillmor's Minute Order dismissing their claims, and that appeal is currently

pending. Under these undisputed facts, the Complaint in this case should be

dismissed with prejudice pursuant to the doctrine of res judicata, which prevents

Plaintiffs from re-litigating the same issues in this new civil action simply to

escape the order of Judge Gillmor and the Ninth Circuit Court of Appeals.

In their memorandum in opposition to the current motion, Plaintiffs present

two primary arguments: (1) the preliminary injunction order that was reversed by

the Ninth Circuit Court of Appeals, resulting in Judge Helen Gillmor's dismissal of

the prior civil action, was not a "final decision on the merits" and therefore cannot

be given res judicata effect; and (2) no court has yet addressed Plaintiffs' claim against Barber based upon an alleged violation of the non-disparagement clause in the settlement agreement and Plaintiffs should, therefore, be allowed to pursue that claim in this new civil action. These arguments by Plaintiffs are based upon an incorrect description of the facts in the prior civil action, and the scope of the Ninth Circuit Court's opinion, and they do not provide grounds to deny the current motion.

## II.   DISCUSSION

### A. The Decisions By the Ninth Circuit Court of Appeals and Judge Gillmor Are Binding for Purposes of Applying the Doctrine of *Res Judicata*.

Plaintiffs contend in their opposition that the Ninth Circuit opinion and Judge Gillmor's order of dismissal should not be given res judicata effect by this court because those rulings were made in the context of a preliminary injunction motion and are, therefore, not binding at a "trial on the merits." This argument by Plaintiffs completely ignores the procedural context in which the Ninth Circuit and Judge Gillmor issued their rulings.

It is undisputed that the prior civil action had already settled and that the preliminary injunction motion filed by Plaintiffs was for an alleged breach by Barber of the settlement agreement. Accordingly, the original order that was issued by Judge Gillmor (granting Plaintiffs' motion for a preliminary injunction), and the

opinion that was issued by the Ninth Circuit, were, for all intents and purposes, the equivalent of a "trial on the merits." Simply stated, there were no further proceedings contemplated in the prior civil action that these rulings could be considered "preliminary" to, because that case has settled. Under these facts, the Ninth Circuit opinion, and Judge Gillmor's dismissal based on that opinion, are final and binding decisions with respect to the claims that Plaintiffs are now attempting to improperly resurrect and pursue in the current civil action.

Plaintiffs cite numerous cases in their memorandum in opposition for the proposition that findings of fact and conclusions of law issued in connection with a preliminary injunction motion are not binding in a subsequent trial on the merits. Without exception, all of the cases cited by Plaintiffs are distinguishable from this case by the facts summarized above.

Plaintiffs' argument on this point also ignores the numerous cases holding that rulings on preliminary injunction motions can, under appropriate circumstances, be treated as final and binding. "Generally, preliminary orders do not have a preclusive effect, but 'that is not always true; if a case does not go all the way to judgment, a preliminary injunction issued in it may be given collateral estoppel effect in future litigation between the parties.'" *Ocean Conservancy v. Nat'l Marine Fisheries Serv.*, 416 F.Supp.2d 972, 979 (D. Haw. 2006), citing

*Gjertsen v. Board of Election Comm'rs of the City of Chicago,* 751 F.2d 199, 202

(7th Cir.1984).

   The factors that are considered in determining whether a preliminary

injunction ruling should be treated as final and binding were well stated by the

Third Circuit Court of Appeals.

>    Whether the resolution in the first proceeding is sufficiently
> firm to merit preclusive effect turns on a variety of factors,
> including "whether the parties were fully heard, whether the
> court filed a reasoned opinion, and whether that decision could
> have been, or actually was appealed." *In re Brown,* 951 F.2d
> 564, 569 (3d Cir.1991). Preclusion would seem to be
> particularly appropriate in a second action seeking the same
> injunctive relief.

Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency, 126 F.3d 461, 474 (3d Cir.
1997).

All of the factors noted above as weighing in favor of giving "preclusive effect" to

a preliminary injunction ruling are present in this case. With respect to whether the

parties were "fully heard," it is important to note that, before issuing her original

ruling on Plaintiffs' motion, Judge Gillmor presided over an evidentiary hearing

that took place **over the course of five days**. In that hearing Plaintiffs were

afforded ample opportunity to present *all* of their evidence with respect to *all* of the

claims that they are alleging in the current civil action—including their claim for

an alleged breach of the non-disparagement clause—and the Plaintiffs had rested

their case before Judge Gillmor issued her original order. Under these facts, there is

no factual or procedural basis for Plaintiffs to contend that Judge Gillmor's rulings were in any way "preliminary" and non-binding on this court.

The fact that Judge Gillmor's original ruling was appealed to the Ninth Circuit, reversed, and then given further consideration by Judge Gillmor (following an opportunity for the parties to submit memoranda addressing the scope of the Ninth Circuit opinion) before she determined that the prior civil action should be dismissed, are additional factors that weigh heavily in favor of giving preclusive res judicata effect to these prior rulings. On remand, Judge Gillmor did not issue a two-line order simply dismissing the case. On the contrary, the January 10, 2018 Minute Order is lengthy, well-reasoned and explicitly clear in explaining exactly why a dismissal of the case, as to <u>all</u> issues presented in the Plaintiffs' preliminary injunction motion, is appropriate. (See Exhibit "C" to the current motion.) In short, the Plaintiffs have already had their "day in court" with respect to all claims alleged in this case, the doctrine of res judicata precludes Plaintiffs from refiling these same claims against Barber in this civil action and their Complaint should be dismissed with prejudice.

### B.   The Ninth Circuit Opinion Addressed Plaintiffs' Entitlement to Injunctive Relief Under the Non-Disparagement Clause

The other primary argument presented in Plaintiffs' opposition to this motion is their contention that "the substance of the statements identified in the Complaint have simply not yet been addressed by any Court." (Memo in Opp. at p. 12.) This

contention by Plaintiffs completely ignores the scope and substance of the evidence that Plaintiffs presented in the five-day evidentiary hearing that Judge Gillmor presided over before her original order was appealed to the Ninth Circuit.

It is undisputed that Plaintiffs presented evidence of Barber's alleged violation of the non-disparagement clause in the evidentiary hearing.  Plaintiffs confirmed to the district court, twice, that all evidence relevant to the requested injunctive relief had been presented and that, as the moving parties with the burden of proof, they rested their case.  Plaintiffs also acknowledge in their Opening Brief in the pending appeal (Exhibit 9 to their memorandum in opposition) that "**a majority of the evidentiary hearing [on the PI motion] related to Ms. Barber's statements in violation of the non-disparagement provision**."  (See Plaintiffs' Opening Brief, Ex. 9, at 40 (emphasis supplied).)  Under these facts, the record before the Ninth Circuit Court when it issued its Memorandum Opinion included all evidence Plaintiffs could muster to try to prove that Barber's alleged violation of the settlement agreement (*including the non-disparagement clause*) had caused irreparable harm.

When properly considered in this context, the Ninth Circuit Court's statement in its Memorandum Opinion that "Barber's online activities may have caused harm to Defendants by injuring their reputations, but . . . (t)he record does not support the inference that her statements were sufficiently harmful to

Defendants' reputation so as to cause a likelihood of irreparable harm(,)" confirms the Ninth Circuit Court's conclusion that Barber's online activities were not sufficiently harmful to support injunctive relief under any theory. (Ninth Circuit Memorandum Opinion, Exhibit B, at pp. 3-4.) This conclusion is further confirmed in the Ninth Circuit's statement that "(t)he record does not support the inference that these statements [by Barber] induced any additional lawsuits." *Id*.

Plaintiffs place undue emphasis on a footnote in the Memorandum Opinion, which states that Barber's alleged violation of the non-disparagement provision is not being considered, and incorrectly construe that footnote as "reserving" that issue for future determination.  Memo in Opp. at 14.  This argument is incorrect for at least two reasons.  First, upon remand the district court *did* consider Plaintiffs' arguments for other breaches of the settlement and concluded the lack of harm, as found by the Ninth Circuit Court, did not support a preliminary injunction.

Second, nowhere within its opinion does the Ninth Circuit Court suggest that its findings regarding damage arising from the alleged conduct of Barber do not apply equally to the alleged violation of the non-disparagement provision.  In fact, the Ninth Circuit Court directly addressed Plaintiffs' claims of alleged harm to their reputation by stating that although "Barber's online activities may have caused harm to Defendants by injuring their reputations," the evidence "does not support the inference that her statements were sufficiently harmful" to cause

8

irreparable harm.  By including such broad pronouncements in its Memorandum Opinion the Ninth Circuit Court made it abundantly clear that under all of the evidence presented, the majority of which pertained to alleged violations of the non-disparagement provision, Plaintiffs did not meet the standard for injunctive relief.

It is well settled that a plaintiff may not split its causes of action. "(O)nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy(.)" *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 429 N.E.2d 1158, 1159 (1981); see also, *Marsh USA, Inc. v. Karasaki*, No. CIV. 08-00149 SOMKSC, 2008 WL 1805662, at *5–6 (D. Haw. Apr. 22, 2008) (the doctrine of res judicata precludes a plaintiff from splitting causes of action). In this case, there is no question that all of the claims alleged in this new civil action were previously ruled upon by the Ninth Circuit Court and Judge Gillmor, and Plaintiffs are barred by the doctrine of res judicata from splitting their cause of action and attempting to pursue the same claims against Barber in a separate civil action.

Plaintiffs also argue in their memorandum in opposition that "Hawai'i preclusion law" applies in this case. Memo in Opp. at 16. This court has previously

9

described the parameters of claim preclusion by Hawaii courts in the following

terms.

> The Hawaii courts follow the Second Restatement's transactional
> view of "same claim" for purposes of claim preclusion. *Kauhane v.
> Acutron Company, Inc.,* 71 Haw. 458, 464, 795 P.2d 276 (1990).
> Accordingly, to determine whether a litigant is asserting the "same
> claim" in a second action, Hawaii courts look to whether the claim
> arises out of the same transaction or the same series of connected
> transactions out of which the first action arose. *Id.;* Restatement
> (Second) of Judgments § 24 (1982) [hereinafter "Restatement § 24"].
> The claim extinguished by an action "includes all rights of the
> plaintiff to remedies against the defendant with respect to all or any
> part of the transaction, or series of connected transactions."
> Restatement § 24. This inquiry is made based on the facts of the
> transaction and does not depend on the number of substantive
> theories, or variant forms of relief flowing from those theories, that
> may have been available to the plaintiff; the number of primary rights
> that may have been invaded; or the variations in the evidence needed
> to support the theories or rights. *Id.* at 463 n. 6, 795 P.2d 276;
> Restatement § 24 comment at 197.

> Accordingly, a plaintiff cannot avoid the bar of claim preclusion
> merely by alleging conduct that was not alleged in his prior action or
> by pleading a new legal theory. *McClain v. Apodaca,* 793 F.2d 1031,
> 1034 (9th Cir.1986). All claims arising from a single injury must be
> raised in a single action or they will be barred by res judicata.

Pedrina v. Chun, 906 F.Supp. 1377, 1400–01 (D. Haw. 1995), aff'd, 97 F.3d 1296
(9th Cir. 1996).

Applying this definition of "claim preclusion" under Hawai'i law to the facts

presented in the current motion, it is readily apparent that the claims alleged in the

Complaint filed in this action arise from the exact same alleged conduct by Barber

that Plaintiffs alleged as the basis for their claims in the prior civil action, which

have already been addressed by Judge Gillmor and the Ninth Circuit Court of
Appeals. Accordingly, the Complaint should be dismissed with prejudice pursuant
to the doctrine of res judicata which prevents Plaintiffs from re-litigating these
identical issues in a new civil action.

### C.    Plaintiffs Have Previously Taken the Position That They Were Not Required to File a Separate Civil Action Against Barber

Plaintiffs point out, correctly, that in opposing their preliminary injunction
motion Barber made the argument that the district court lacked subject matter
jurisdiction and that the issues should be presented in a separate civil action. If
Barber had been successful in making this argument, the Plaintiffs' motion for a
preliminary injunction would have been dismissed, the original order by Judge
Gillmor would not have been issued and the Ninth Circuit Memorandum Opinion
would not exist. Obviously, Barber was *not* successful in getting the Plaintiffs'
preliminary injunction motion dismissed and the orders by Judge Gillmor, and
Memorandum Opinion by the Ninth Circuit Court, followed.

Plaintiffs contend, in their opposition to the current motion, that Barber
should not be allowed to argue for a dismissal of this new civil action because she
had previously sought to preclude injunctive relief in their favor by arguing that it
should be the subject of a separate civil action.  It is Plaintiffs, however, who
strongly advocated for being allowed to pursue their post-settlement claims against
Barber in the prior civil action, and who now are attempting to rewrite history by

taking a position that is the complete opposite of the position that they successfully argued to obtain the initial preliminary injunction ruling in their favor.

The fact that Plaintiffs previously argued strongly <u>against</u> being required to file a separate civil action is readily apparent by reference to their Memorandum in Opposition to Barber's Motion to Dismiss Preliminary Injunction for Lack of Jurisdiction (hereinafter "Memo in Opp"), a copy of which is attached as Exhibit "D" to the Declaration of Counsel attached hereto. In their Memo in Opp, Plaintiffs recounted the history of Barber raising the jurisdictional issue with Judge Gillmor, and being advised that she intended to retain jurisdiction to rule on the preliminary injunction motion. (Exhibit "D" at 4-6.) Later in the Memo in Opp, Plaintiffs argue at length that there is no need for them to file a new complaint to pursue their claims against Barber because the enforcement of settlement agreements is a "common practice by courts" that "serves important public policy considerations because it allows the court that is the most familiar with the case to quickly resolve any dispute about the settlement." (Exhibit "D" at 16-17.)

No doubt Plaintiffs continued to adhere to this position right up to the point that Judge Gillmor dismissed the prior civil action based on the Ninth Circuit's Memorandum Opinion. At that point Plaintiffs abandoned the "important public policy considerations" that called for the court "most familiar with the case to quickly resolve any dispute about the settlement," in favor of their new strategy of

appealing Judge Gillmor's ruling and refiling the exact same claims against Barber in this new civil action. This blatant and obvious argument by Plaintiffs on two sides of the same issue should not be tolerated by this court and is further evidence of exactly why the complaint in this action should be dismissed with prejudice.

## III.   CONCLUSION

The factual allegations and arguments that Plaintiffs allege in the Complaint filed in this case were previously asserted against Barber by Plaintiffs in a prior civil action.  In that prior civil action, the Ninth Circuit Court of Appeals concluded that the evidence presented by Plaintiffs does not support their contention that Barber's alleged conduct resulted in any harm to Plaintiffs. Based on the points and authorities cited above, and in the prior memorandum in support of the current motion, the Complaint in this action should be dismissed with prejudice.

DATED:  Honolulu, Hawaii, April 16, 2018.

/s/ Bradford F. K. Bliss
BRADFORD F.K. BLISS
Attorney for Defendant
CARA BARBER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC, | ) ) ) ) | CIVIL NO. 18-00042 KJM<br><br>CERTIFICATE OF SERVICE |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| CARA BARBER, | ) ) | |
| Defendant. | ) ) ) | |

CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2018 and by the methods of service

noted below, a true and correct copy of the foregoing was duly served on the

following at their last known address:

| Served Electronically through CM/ECF: | E-mail address |
|---|---|
| JOACHIM P. COX, ESQ.<br>RANDALL C. WHATOFF, ESQ.<br>KAMALA S. HAAKE, ESQ.<br>Cox & Fricke, LLLP<br>800 Bethel Street, Suite 600<br>Honolulu, Hawaii 96813 | jcox@cfhawaii.com<br>rwhatoff@cfhawaii.com<br>khaake@cfhawaii.com |
| Attorneys for Plaintiffs<br>OHANA MILITARY COMMUNITIES,<br>LLC and FOREST CITY RESIDENTIAL<br>MANAGEMENT, LLC | |

DATED:  Honolulu, Hawaii, April 16, 2018.

/s/ Bradford F. K. Bliss
BRADFORD F. K. BLISS
Attorney for Defendant
CARA BARBER