GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

LISA WOODS MUNGER         3858-0
    lmunger@goodsill.com
CHRISTINE A. TERADA         10004-0
    cterada@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

RANDALL C. WHATTOFF         9487-0
    rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813
Telephone: (808) 585-9440
Facsimile: (808) 275-3276

Attorneys for Defendants
OHANA MILITARY COMMUNITIES, LLC
FOREST CITY RESIDENTIAL MANAGEMENT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PLAINTIFFS CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, AND RYAN ECKROTH, On Behalf of Themselves and All Others Similarly Situated,<br><br>                    Class Plaintiffs, | CIV NO 14-00217 HG-KSC<br><br>DEFENDANTS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF CARA BARBER'S MOTION TO |

EXHIBIT D

vs.

OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE Defendants 1-10,

            Defendants.

DISMISS PRELIMINARY INJUNCTION FOR LACK OF JURISDICTION; DECLARATION OF CHRISTINE A. TERADA; EXHIBITS A - B; CERTIFICATE OF SERVICE

[Related Dkt. No. 366]

[Non-Hearing Motion]

JUDGE:  Helen Gillmor

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ......................................................................1

II.  FACTUAL BACKGROUND..........................................................2

III.  ARGUMENT...........................................................................7

    A.  The Present Motion Is An Untimely Motion For
        Reconsideration ................................................................7

    B.  Ms. Barber's Central Argument Ignores The Plain Language Of
        The Stipulation And Supreme Court Precedent ...............................10

    C.  The PI Motion Was Not Untimely ......................................14

    D.  Requiring A New Complaint To Enforce A Settlement
        Agreement Is Directly Contrary To Public Policy...........................16

    E.  The Fact That An Individual Is Entitled To A Jury Trial When
        A Breach Of Contract Claim Is Initiated In A New Action Is
        Not Relevant To The Question Before The Court ............................19

    F.  Post-Kokkonen Cases Support The Court's Retention Of
        Jurisdiction ...................................................................20

IV.  CONCLUSION........................................................................23

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adams v. Johns-Manville Corp.*,
    876 F.2d 702 (9th Cir. 1989) ...............................................................7

*Amantiad v. Odum*,
    90 Hawai'i 152, 977 P.2d 160 (1999).................................................12

*Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*,
    369 U.S. 355 (1962).............................................................................20

*Avila v. Naimat Kadah Int'l Inc.*,
    No. 13-17075, 2016 U.S. App. LEXIS 15854 (9th Cir. Aug. 26, 2016)............21

*Banque De Depots v. Bozel Mineracao E Ferroligas*,
    728 So. 2d 533 (La. App. 4 Cir. Jan. 27, 1999)...........................17, 18

*Callie v. Near*,
    829 F.2d 888 (9th Cir. 1987) .............................................................17

*Cambridge Assocs. v. Town of North Salem*,
    228 A.D. 2d 537 (N.Y. App. Div. 1996) .....................................12, 13

*Cole v. Spaeth*,
    No. CVF-06-1819 AWIDLBP, 2007 U.S. Dist. LEXIS 4957, at *2 (E.D. Cal. Jan. 24, 2007) ...................................................................14

*Constantino v. U.S. Bank, N.A.*,
    *N.A.*, 09-00066 DAE-RLP, 2011 U.S. Dist. LEXIS 107795 (D. Haw. Sept. 23, 2011) ........................................................................20

*Edwards v. Trade Publ'g Ltd.*,
    No. 12-00023 SOM/BMK, 2013 U.S. Dist. LEXIS 43785 (D. Haw. Mar. 27, 2013) ...............................................................................20

*Ham Marine, Inc. v. Dresser Indus., Inc.*,
    72 F.3d 454 (5th Cir. 1995) ...............................................................20

*Hoffman v. Eighth Judicial Dist. Court*,
    523 P.2d 848 (Nev. 1974).....................................................................20

*In re VMS Securities Litigation*,
103 F.3d 1317 (7th Cir. 1996) .......................................................................15

*Jeski v. American Express Co*.,
708 P.2d 110 (Ariz. Ct. App. 1985)...............................................................20

*Kaiman Realty v. Carmichael*,
2 Haw. App. 499, 634 P.2d 603 (1981) .........................................................10

*Kokkonen v. Guardian Life Ins*.,
511 U.S. 375 (1994)................................................................................passim

*Marsh v. Vegianelli*,
No. 1:09CV01243-GSAPC, 2010 U.S. Dist. LEXIS 22043, at *3-4 (E.D.
Cal. Feb. 16, 2010)........................................................................................14

*Meneses v. U-Haul Int'l, Inc*.,
No. C-11-03615 DMR, 2012 U.S. Dist. LEXIS 26345 (N.D. Cal. Feb. 29,
2012) ...............................................................................................................21

*Microboard Processing, Inc. v. Crestron Elecs., Inc*.,
No. 3:09 CV 708 (JBA), 2011 U.S. Dist. LEXIS 33109 (D. Conn. Jan.
11, 2011) .........................................................................................................18

*Miller v. GoKo Rest. Enters*.,
11-00671 JMS-BMK, 2013 U.S. Dist. LEXIS 54031 (D. Haw. Mar. 20,
2013) ...............................................................................................................20

*Moran v. Guerreiro*,
97 Hawai'i 354, 37 P.3d 603 (2001)..............................................................19

*O'Connor v. Colvin*,
70 F.3d 530 (9th Cir. 1995) ...........................................................................13

*Omnicell, Inc. v. Medacist Solutions Group, LLC*,
272 F.R.D. 469 (N.D. Cal. 2011)...................................................................22

*OneWest Bank, FSB v. Farrar*,
No. CV 12-00108 ACK-KSC, 2013 U.S. Dist. LEXIS 165173 (D. Haw.
2014) ...............................................................................................................20

*Paulucci v. Gen. Dynamics Corp*.,
842 So. 2d 797 (Fla. 2003) .......................................................................12, 13

*Pauma Band of Luiseno Mission Indians of the Pauma and Yuima Reservation v. California,*
    813 F.3d 1155 (9th Cir. 2015) ..............................................................20

*RE/MAX Int'l, Inc. v. Realty One, Inc.,*
    271 F.3d 633 (6th Cir. 2001) ...............................................................17

*Ross v. Hedgpeth,*
    No. 1:09-cv-00063-AWI-SKO PC, 2013 U.S. Dist. LEXIS 77827 (E.D. Cal. May 31, 2013) ...............................................................21

*Ruppersberger v. Ramos,*
    No. 11-00145 ACK/BMK, 2015 U.S. Dist. LEXIS 99106 (D. Haw. Jul. 6, 2015) ...............................................................20

*Southern Heritage Bank v. Hart,*
    No. 09-16854, 2012 Bankr. LEXIS 3682 (Bankr. E.D. Tenn. Aug. 9, 2012) ...............................................................15

*Spitzer v. Aljoe,*
    No. 13-cv-05442-MEJ, 2016 U.S. Dist. LEXIS 78094 (N.D. Cal. Jun. 15, 2016) ...............................................................17

*State v. Honolulu University of Arts, Sciences & Humanities,*
    110 Hawai'i 504, 135 P.3d 113 (2006) ...................................., 2, 12

*Tiger Bay Vill. Corp. v. Yihe Corp.,*
    No. CV 13-08837-RSWL-FFM(x), 2014 U.S. Dist. LEXIS 100607 (C.D. Cal. Jul. 18, 2014) ...............................................................17

*TNT Marketing, Inc. v. Agresti,*
    796 F.2d 276 (9th Cir. 1986) (per curiam) ...............................................................7

*Wilder v. Bernstein,*
    No. 78 Civ. 957 (RJW), 1998 U.S. Dist. LEXIS 9726 (S.D.N.Y. Jul. 1, 1998) ...............................................................15

*Windward Partners v. Lopes,*
    3 Haw. App. 30, 640 P.2d 872 (1982) ...............................................................20

**OTHER AUTHORITIES**

Local Rule 60.1 ...............................................................1, 9

**DEFENDANTS OHANA MILITARY COMMUNITIES, LLC
AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF CARA BARBER'S
MOTION TO DISMISS PRELIMINARY INJUNCTION
FOR LACK OF JURISDICTION**

## I.  INTRODUCTION

Plaintiff Cara Barber's motion to dismiss for lack of jurisdiction

("Motion") seeks to resurrect an issue that has already been decided by this Court.

The Court has confirmed its jurisdiction over Defendants' Motion for Preliminary

Injunction ("PI Motion") <u>on multiple occasions</u>, both during the evidentiary

hearing and REDACTED

. Ms. Barber, however, waited until September 21, 2016 – after the

deadline set by Local Rule 60.1 to file a motion for reconsideration – to brief the

issue and challenge the Order.  Indeed, despite telling the Court during the

evidentiary hearing that the issue would be briefed, Ms. Barber waited until after

an adverse Order was issued.  This Motion is an untimely, disguised motion for

reconsideration, and it should be summarily denied.

Moreover, Ms. Barber asserts a position that cannot be taken

seriously: that a new complaint must be filed any time a party seeks to enforce a

term of a settlement agreement, including when <u>a court-approved stipulation for</u>

<u>dismissal explicitly retains the trial court's jurisdiction</u>.  Ms. Barber's position has

serious public policy implications, as the retention of jurisdiction to enforce

settlement agreements allows the trial court – the court most familiar with the case

– to efficiently resolve a dispute arising out of the settlement.  Parties rely upon

and enter into such stipulations, and Courts retain such jurisdiction, on a daily

basis.

Most importantly, Ms. Barber's position contradicts rulings from both

the United States and Hawai'i Supreme Courts.  *Kokkonen v. Guardian Life Ins*.,

511 U.S. 375 (1994); *State v. Honolulu University of Arts, Sciences & Humanities*,

110 Hawai'i 504, 135 P.3d 113 (2006).  Both Courts have made explicitly clear

that, where a stipulation for dismissal states that the trial court will retain

jurisdiction to enforce a settlement agreement, the trial court may enforce post-

dismissal settlement issues without requiring a new action or complaint.

This Motion is (1) an untimely motion for reconsideration that (2)

makes unsupported arguments and should therefore be denied.

## II.    FACTUAL BACKGROUND

On January 5, 2016, a settlement conference in the underlying

litigation was held before Magistrate Judge Chang, and a settlement agreement was

put on the record.  The parties thereafter entered into a written Settlement

Agreement and Release documenting their agreement. Dkt. Nos. 265, 290. All of the Parties signed the Settlement Agreement, including Ms. Barber. Dkt. No. 290.

On February 18, 2016, the parties agreed to the form of stipulation for the dismissal and submitted it to the Court. The proposed stipulation stated:

> There are no remaining claims or parties. Each party shall bear its own costs and attorneys' fees. This Stipulation is signed by counsel for all parties that have appeared in this action. This Court shall retain jurisdiction to resolve any disputes or actions related to the Settlement Agreement and Release between the parties dated January 5, 2016. *See Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 381-82 (1994).

Terada Decl., Ex. A.

On February 22, 2016, Kelly Lovett, the Judicial Assistant to Judge Gillmor, sent the parties a letter stating:

> The Stipulation for Dismissal contains a provision for the retention of jurisdiction by the Court to enforce the Settlement Agreement and Release between the parties dated January 5, 2016. . . . If the Parties decide that retention of jurisdiction is appropriate, the Court requires a precise date upon which the Court's retained jurisdiction over this matter would expire. Retention of jurisdiction for up to six (6) months should be sufficient to give the Parties time to ensure compliance with the Settlement Agreement and Release.

Terada Decl, Ex. B at 1-2.

Pursuant to the Court's request, the parties added additional language to the Stipulation and re-submitted it to the Court. On February 29, 2016, the

Court issued a Stipulation for Dismissal with Prejudice of All Claims and All

Parties and Order ("Stipulation"). Dkt. No. 271.

> The Stipulation states:

> This Stipulation is signed by counsel for all parties that
> have appeared in this action. This Court shall retain
> jurisdiction for six months (*i.e.*, until August 25, 2016) to
> resolve <u>any disputes or disputes</u> related to the Settlement
> Agreement and Release between the parties dated
> January 5, 2016. *See Kokkonen v. Guardian Life Ins.*,
> 511 U.S. 375, 381-82 (1994).

*Id.* (Emphasis added).

> On June 15, 2016, Defendants filed their PI Motion. Dkt. No. 278.

Ms. Barber first argued that the Court lacks jurisdiction in her Opposition, where

she stated:

> OMC's motion, however, seeks to enjoin Mrs. Barber's
> speech in advance of bringing claims against Mrs. Barber
> for breach of the Agreement and/or for disparagement.
> Such a lawsuit will require a new complaint, extensive
> discovery to resolve the disputed fact related to claims
> for negligence and defamation, and cannot be
> accomplished within the one month that remains under
> this Court's jurisdiction. Further, this Court's original
> exercise of jurisdiction was predicated under the Class
> Action Fairness Act, which is no longer at issue and will
> not extend jurisdiction over OMC's threatened claims.
> [ECF 1] Accordingly, Plaintiffs respectfully suggest that
> this mandatory injunction for an order against Mrs.
> Barber in advance of litigation would more appropriately
> be brought in state court where such an action must be
> maintained.

Opp. at 14.

The evidentiary hearing on the PI Motion began on August 3, 2016.

Dkt. No. 322. During the first day of the evidentiary hearing, Judge Gillmor

stated:

> Now, there are just a few things I want to settle right up
> front. The plaintiffs have raised questions about the
> jurisdiction of the court, and I thought I had put those to
> rest, but, apparently, in the opposition, it's there. And the
> court, when it has jurisdiction to reopen, has jurisdiction
> with respect to the settlement, and in this case we made it
> for six months. Once jurisdiction is reopened there is no
> limit on the jurisdiction, and that is something that is very
> basic and I really don't think it's necessary to spend more
> time on it. There is no point at which, if the motion is
> made and there is a claim that the settlement is somehow
> not being completed in the manner that it was supposed
> to be and the court reopens it, we are back to jurisdiction
> of the court, and it ends when the issue is decided, not at
> some preconceived date.

8/3/16 at 5:8-21. The evidentiary hearing continued on August 5th. Dkt. No. 324.

During the third day of the evidentiary hearing, on August 10th, Ms. Barber's

counsel raised the jurisdictional issue again, as well as Ms. Barber's alleged

entitlement to a jury trial:

> THE COURT: You, Mr. Smith, I don't understand your
> talking about a jury. I have explained to you that this is a
> proceeding with respect to the Court having jurisdiction
> with respect to whether or not there was a violation of the
> settlement agreement. There's no jury involved here,
> there's no jury. This is what the Court does when there is
> a question about the settlement. So unless you – if you
> want to give me a legal memorandum that changes my
> understanding, I am interested in that, but skeptical.

8/10/16 at 6:11-20.  The hearing continued on August 12 and 15, 2016.  Dkt. Nos.

330, 331.  During the evidentiary hearing on August 15th, Ms. Barber's counsel

again raised the issues:

> MR. SMITH:  I do, Your Honor.  And I'm going to say
> this, and I am not saying it at all to make you upset, so
> please just for the record, please know I've made it, we
> preserve our objection, I do intend to brief the issue with
> respect to this whole question of fact, question of law, the
> equity, and also the role of the jury in this underlying –
> but by engaging in this discussion, I'm not waiving that
> objection.

8/15/2016 at 58:21-59:2.

On August 26, 2016, this Court issued an Order Granting, in Part,

Defendants' Motion for Preliminary Injunction ("Order").  REDACTED

REDACTED

REDACTED

REDACTED

## III.   ARGUMENT

### A.   The Present Motion Is An Untimely Motion For Reconsideration

The issue of the Court's jurisdiction has already been thoroughly

addressed by this Court – both during the evidentiary hearing and in its Order.

During the evidentiary hearing, the Court maintained its jurisdiction <u>on at least two

separate occasions</u> (8/3/16 at 5:8-21, 8/10/16 at 6:11-20), and even invited Ms.

Barber's counsel to submit a legal memorandum explaining why the Court lacks

jurisdiction.  8/10/16 at 6:11-20.  Indeed, Ms. Barber's counsel stated that he

"intend[ed] to brief the issue," 8/15/16 at 58:24-59:1.  However, no such

memorandum or brief was ever submitted during or following the evidentiary

hearing.  Ms. Barber briefed these arguments only after an adverse order was

entered against her.

REDACTED

Ms. Barber's Motion directly challenges the Court's Order by

disputing the Court's jurisdiction and arguing that Ms. Barber is entitled to a jury

trial.  Indeed, nowhere is the fact that Ms. Barber is seeking reconsideration of the

Order more apparent than on pages 14-21 of the Motion, where Ms. Barber

discusses the Court's reasoning in detail and attempts to refute and distinguish

each of the cases cited in the Order.  As discussed in Section III.F, *infra*, Ms.

Barber's attempts to distinguish these cases are inapposite, but her intent is plain:

to obtain reconsideration of the Order.  However, Ms. Barber has missed her

opportunity for reconsideration.  Local Rule 60.1 states:

> Motions seeking reconsideration of case-dispositive
> orders shall be governed by Fed. R. Civ. P. 59 or 60, as
> applicable.  Motions for reconsideration of interlocutory
> orders may be brought only upon the following grounds:
>
> (a) Discovery of new material facts not previously
> available;
>
> (b) Intervening change in law;
>
> (c) Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of this rule must
> be filed and served <u>not more than fourteen (14) days after
> the court's written order is filed</u>.

L.R. 60.1 (emphasis added).  Ms. Barber did not meet this 14-day deadline.

Indeed, the present motion was filed almost one month after the Order was issued.

Therefore, Ms. Barber's attempt to resurrect her challenge of the Court's

jurisdiction, in the guise of a motion to dismiss, is plainly improper.

### B. Ms. Barber's Central Argument Ignores The Plain Language Of The Stipulation And Supreme Court Precedent

Ms. Barber argues that the Court lacks jurisdiction because no "action" has been brought:

> [B]ecause OMC brought no action against Barber, there is "no independent basis of jurisdiction" because the six-month time limit to assert an action has run. Accordingly, because OMC did not timely file any action against Barber and we are now beyond the Court's limited six-month jurisdictional window, this Court lacks an independent basis for jurisdiction and OMC's motion for preliminary injunction must be dismissed.

Mot. at 8 (emphasis omitted).[1] This argument fails because the Stipulation does not require the filing of a new action in order to reassert jurisdiction.

The Stipulation states:

> This Court shall retain jurisdiction for six months (*i.e.*, until August 25, 2016) to resolve <u>any disputes or actions</u> related to the Settlement Agreement and Release between the parties dated January 5, 2016. *See Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 381-82 (1994).

(Emphasis added). The phrase "any disputes <u>or</u> actions" directly counters Ms. Barber's assertion that a new action must be filed to confer jurisdiction.

The Stipulation also includes a reference to *Kokkonen*, which was included by the parties to expressly provide for the Court's retention of jurisdiction. In *Kokkonen*, the United States Supreme Court held that ancillary

---

[1] Ms. Barber's reliance on *Kaiman Realty v. Carmichael*, 2 Haw. App. 499, 634 P.2d 603 (1981) is disingenuous, as *Kaiman Realty* does not involve a settlement agreement.

jurisdiction to enforce a settlement agreement would exist "if the parties'

obligation to comply with the terms of the settlement agreement had been made

part of the order of dismissal – either by separate provision (such as a provision

'retaining jurisdiction' over the settlement agreement) or by incorporating the

terms of the settlement agreement in the order."  511 U.S. at 381 (emphasis added).

Here, there was not only a provision in the stipulation "retaining jurisdiction," but

an explicit reference to *Kokkonen* so that there could be no doubt about what the

parties intended to accomplish.  If there was any doubt, it was eliminated on

February 22, 2016, when the Court issued a letter stating: "The Stipulation for

Dismissal contains a provision for the retention of jurisdiction by the Court to

enforce the Settlement Agreement and Release between the parties dated January

5, 2016. . . . If the Parties decide that retention of jurisdiction is appropriate, the

Court requires a precise date upon which the Court's retained jurisdiction over this

matter would expire."  Terada Decl, Ex. B at 1.  Plaintiffs thereafter agreed to an

amended stipulation with a precise date inserted – clearly indicating their

understanding and agreement that the Court would "ret[ain] jurisdiction . . . to

enforce the Settlement Agreement."  To the extent Ms. Barber contends additional

language should have been included in the Stipulation, it is improper and

unequitable for her to take such a position now given the parties' express intent for

the Court to retain jurisdiction.

Ms. Barber's reliance on *Amantiad v. Odum*, 90 Hawai'i 152, 977 P.2d 160 (1999) for the proposition that Defendants should have either (1) filed an independent action for specific performance of the settlement agreement or (2) moved to vacate the dismissal order and reopen the original proceedings (Mot. at 10), is strongly misguided. In *Amantiad*, the stipulation to dismiss with prejudice did <u>not</u> include a provision for the court's retention of jurisdiction. As the Hawai'i Supreme Court distinguished in *State v. Honolulu University of Arts, Sciences & Humanities*, 110 Hawai'i 504, 513-14, 135 P.3d 113, 122-23 (2006), where a stipulated judgment <u>specifically provided</u> that the circuit court shall retain jurisdiction to enforce compliance of the judgment, the situation is different from *Amantiad* and the court does <u>not</u> lack subject matter jurisdiction to entertain a motion for relief.[2] *Honolulu University* therefore directly distinguishes *Amantiad* under the facts of this case.

In *Honolulu University,* the Court cited two out-of-state cases, *Paulucci v. Gen. Dynamics Corp.*, 842 So. 2d 797 (Fla. 2003) and *Cambridge Assocs. v. Town of North Salem*, 228 A.D. 2d 537 (N.Y. App. Div. 1996), for the proposition that when a court retains jurisdiction to enforce the terms of a settlement agreement, the court has enforcement jurisdiction. *Id*. at 514, 135 P.3d

---

[2] In *Honolulu University*, the Court also distinguished that the parties did not enter into a stipulation to dismiss with prejudice, as was the case in *Amantiad*. *Id*. at 514, 135 P.3d at 123. Instead, the court entered a stipulated judgment. *Id*.

at 123.  In *Paulucci*, the court held that "in cases where the approval of the settlement agreement is by order rather than by incorporating the terms into a final judgment, <u>the statement in the order that the trial court expressly retains jurisdiction to enforce its terms makes it clear that all parties and the court contemplated an express retention of jurisdiction rather than the necessity of an independent lawsuit</u>."  842 So. 2d at 803, n.5 (emphasis added).  In *Cambridge Assocs.*, the defendant argued that the court lacked jurisdiction because the plaintiff did not commence a plenary action to enforce the settlement agreement; the Court rejected this argument because the judgment "expressly retained jurisdiction over the 'disputes and claims of the respective parties for the purpose of enforcing the provisions of this Judgment.'"  228 A.D. 2d at 538-39.

The other cases cited by Ms. Barber are similarly inapplicable.  For instance, Ms. Barber cites *O'Connor v. Colvin*, for the proposition that "[a] motion to enforce a settlement agreement . . . **is a separate contract dispute requiring its own independent basis of jurisdiction**."  70 F.3d 530, 532 (9th Cir. 1995) (bolding by Ms. Barber).  But the stipulation for dismissal in *O'Connor*, unlike the stipulation for dismissal here, <u>did not include a retention of jurisdiction by the Court</u>; the Ninth Circuit explicitly recognized that the parties' failure to include such a provision was the basis for its denial.  *Id.* at 532-33.  Here, <u>by direct contrast</u>, the stipulation contained the language required by *Kokkonen*.

13

Ms. Barber also cites the Magistrate Judge's Finding and Recommendations in *Cole v. Spaeth*, but that case merely stands for the unsurprising proposition that a plaintiff must file a complaint before he or she files a request for a preliminary injunction <u>where there is no pre-existing lawsuit</u>. *See* No. CVF-06-1819 AWIDLBP, 2007 U.S. Dist. LEXIS 4957, at *2 (E.D. Cal. Jan. 24, 2007). *Cole* was not a case involving a dismissal or a settlement agreement. *See id.* Ms. Barber's reliance on *Marsh v. Vegianelli*—another case that did not involve a dismissal or settlement agreement—is similarly misplaced. *See* No. 1:09CV01243-GSAPC, 2010 U.S. Dist. LEXIS 22043, at *3-4 (E.D. Cal. Feb. 16, 2010) (prisoner case) (holding that there must be a valid complaint before a preliminary injunction will be considered).

### C. The PI Motion Was Not Untimely

Ms. Barber also argues that the Court lacks jurisdiction because "while the parties agreed to grant this Court jurisdiction until August 25, 2016, . . . the parties' dispute was not resolved within that period nor does the stipulated dismissal grant additional time to file a new action." Mot. at 17. The Court has already stated that "[o]nce jurisdiction is reopened there is no limit on the jurisdiction, and that is something that is very basic," and that jurisdiction "<u>ends when the issue is decided, not at some preconceived date</u>." 8/3/16 at 5:8-21.

The six-month limitation was added to the Stipulation by the Court. Terada Decl, Ex. B at 1-2.  The Court can interpret and amend its own orders.  *See generally*, *In re VMS Securities Litigation*, 103 F.3d 1317, 1321 (7th Cir. 1996) ("A district court is in the best position to interpret its own orders." (internal quotation marks and citations omitted)); *Wilder v. Bernstein*, No. 78 Civ. 957 (RJW), 1998 U.S. Dist. LEXIS 9726, at *9 (S.D.N.Y. Jul. 1, 1998) ("[W]e see no basis for substituting our judgment for that of the district court judge in interpreting his own order." (citation omitted)); *Southern Heritage Bank v. Hart*, No. 09-16854, 2012 Bankr. LEXIS 3682, at *19 (Bankr. E.D. Tenn. Aug. 9, 2012) ("[A] court has authority to interpret and amend its own order.").

Ms. Barber's argument fails, as a reasonable interpretation of the Stipulation – as already addressed by the Court – is that a dispute or action arising out of the Settlement Agreement <u>be brought</u> within the six-month period in order for the Court to retain jurisdiction.

Moreover, Ms. Barber's argument is completely disingenuous given that Plaintiffs agreed that the Court should retain jurisdiction <u>indefinitely</u>.  *See* Terada Decl., Ex. A.  The original Stipulation signed by counsel for all parties and submitted to the Court gave indefinite jurisdiction to the Court: "This Court shall retain jurisdiction to resolve any disputes or actions related to the Settlement Agreement and Release between the parties dated January 5, 2016."  Terada Decl.,

Ex. A.  It was the Court that required the six-month time limit be inserted.  Terada

Decl., Ex. B at 1-2.  The Court stated:

> The Court will not indefinitely retain jurisdiction over the
> action to enforce the Settlement Agreement and Release.
> If the Parties decide that retention of jurisdiction is
> appropriate, the Court requires a precise date upon which
> the Court's retained jurisdiction over this matter would
> expire.  Retention of jurisdiction for up to six (6) months
> should be sufficient to give the Parties time <u>to ensure
> compliance</u> with the Settlement Agreement and Release.

*Id.* (emphasis added).  Therefore, it is clear that the Court did not contemplate the

full resolution of an enforcement action within the six-month deadline.  For Ms.

Barber to now claim a strict interpretation of the six-month limitation is

disingenuous and improper.

**D.  Requiring A New Complaint To Enforce A Settlement Agreement Is Directly Contrary To Public Policy**

Ms. Barber argues that "because OMC brought no action against

Barber, there is 'no independent basis of jurisdiction' . . . ."  Mot. at 8; *see also id.*

at 2 ("As FRCP 2 and 3 confirm, a motion for preliminary injunction is not an

action nor does filing a motion for preliminary injunction commence an action or

confer jurisdiction.").  Ms. Barber's position that a new complaint is required when

a party seeks to enforce a term of a settlement agreement is not only incorrect but

also illogical, as the result would be extremely inefficient and detrimental to the process of settlement.[3]

The retention of jurisdiction to enforce settlement agreements is a common practice by courts. *See, e.g., Spitzer v. Aljoe*, No. 13-cv-05442-MEJ, 2016 U.S. Dist. LEXIS 78094, at \*12 (N.D. Cal. Jun. 15, 2016) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." (*citing Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)); *Tiger Bay Vill. Corp. v. Yihe Corp.*, No. CV 13-08837-RSWL-FFM(x), 2014 U.S. Dist. LEXIS 100607, at \*4 (C.D. Cal. Jul. 18, 2014) ("A district court may retain jurisdiction to enforce a settlement agreement entered into by parties to an action after the action has been dismissed."); *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 641 (6th Cir. 2001) ("[A] district court does have the authority to dismiss pending clams while retaining jurisdiction over the future enforcement of a settlement agreement."); *Banque De Depots v. Bozel Mineracao E Ferroligas*, 728 So. 2d 533, 538 (La. App. 4 Cir. Jan. 27, 1999) ("[A] review of published appellate caselaw as to the enforcement of settlement agreements shows that the most common means of enforcing a settlement of litigation is by a motion to enforce settlement agreement rather than a completely new civil action.").

---

[3] To the extent Ms. Barber continues to argue there is no "action," she fails to acknowledge that the PI Motion stems from the action she filed in the underlying litigation.

The Court's retention of jurisdiction over settlement agreements serves important public policy considerations because it allows the court that is the most familiar with the case to quickly resolve any dispute about the settlement. *See, e.g., Banque De Depots*, 728 So. 2d at 538 ("As to the need for rapidity, settlements of litigation, which are to be encouraged, are made more likely when parties have confidence that they can be enforced, if necessary, by the most expeditious procedure the law allows. . . . [U]se of a motion to enforce settlement, rather than a new civil action, brings the issue directly to the court and judge before whom the settled litigation was pending and who would most likely be in the best position to decide the issue.").  Indeed, the efficient enforceability of settlement agreements encourages parties to settle.  *See, e.g., Microboard Processing, Inc. v. Crestron Elecs., Inc.*, No. 3:09 CV 708 (JBA), 2011 U.S. Dist. LEXIS 33109, at *7 (D. Conn. Jan. 11, 2011) ("[S]ummary enforcement is not only essential to the efficient use of judicial resources but also preserves the integrity of settlement in a meaningful way to resolve legal disputes." (citations omitted)).

Therefore, Ms. Barber's contention that a new complaint must be filed whenever a party seeks to enforce a settlement agreement not only goes against the body of caselaw but also goes against public policy efforts to encourage efficiency and settlement.

**E.**      **The Fact That An Individual Is Entitled To A Jury Trial When A Breach Of Contract Claim Is Initiated In A New Action Is Not Relevant To The Question Before The Court**

Ms. Barber argues, at length, that the PI Motion should be decided by a jury trial.  Mot. at 8-14.  In particular, Ms. Barber argues that "OMC failed to timely file any action conferring jurisdiction on this Court, and Barber is entitled to have a jury decide whether she is in breach of her Agreement with OMC, not to mention her Due Process rights to conduct discovery and assert counterclaims and affirmative defenses, . . . ."  Mot. at 14.  This argument is misguided.

Defendants do not dispute that when a plaintiff initiates a <u>new action</u> for breach of contract, they are usually entitled to a jury.  *See* Article I, Section 13 of the Hawaiʻi Constitution.  This does not mean, however, that a jury is required where a party seeks to enforce the term of a settlement agreement and a court has expressly retained jurisdiction to do so.  Indeed, <u>none</u> of the cases cited by Ms. Barber involve the enforcement of a settlement agreement where the court has expressly retained jurisdiction in the stipulation for dismissal.  *See Moran v. Guerreiro*, 97 Hawaiʻi 354, 37 P.3d 603 (2001) (noting that the circuit court refused to accept the stipulation to dismiss and holding that settlement agreement

was, as a matter of law, void, unenforceable, and properly set aside).[4] Every day, courts enforce the terms of settlement agreements without resorting to jury trials.[5] Therefore, Ms. Barber's demand for a jury trial should be rejected.[6]

### F. Post-*Kokkonen* Cases Support The Court's Retention Of Jurisdiction

The entirety of Section III.C of Ms. Barber's Motion challenges authority cited in the Court's Order, which it argues is no longer applicable following the Supeme Court's decision in *Kokkonen*. Mot. at 16-18. This is not

---

[4] *See, e.g.*, *Pauma Band of Luiseno Mission Indians of the Pauma and Yuima Reservation v. California*, 813 F.3d 1155 (9th Cir. 2015) (involving an innocent misrepresentation claim and challenge to contract formation); *Ham Marine, Inc. v. Dresser Indus., Inc.*, 72 F.3d 454 (5th Cir. 1995) (involving breach of contract claim related to contract to compress and reinject natural gas); *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355 (1962) (involving a stevedoring contract); *Windward Partners v. Lopes*, 3 Haw. App. 30, 640 P.2d 872 (1982) (involving agreement of sale); *Hoffman v. Eighth Judicial Dist. Court*, 523 P.2d 848 (Nev. 1974) (involving agreement of sale); *Jeski v. American Express Co.*, 708 P.2d 110 (Ariz. Ct. App. 1985) (involving employment termination).

[5] *See, e.g.*, *Ruppersberger v. Ramos*, No. 11-00145 ACK/BMK, 2015 U.S. Dist. LEXIS 99106 (D. Haw. Jul. 6, 2015); *OneWest Bank, FSB v. Farrar*, No. CV 12-00108 ACK-KSC, 2013 U.S. Dist. LEXIS 165173 (D. Haw. 2014); *Constantino v. U.S. Bank, N.A.*, 09-00066 DAE-RLP, 2011 U.S. Dist. LEXIS 107795 (D. Haw. Sept. 23, 2011); *Edwards v. Trade Publ'g Ltd.*, No. 12-00023 SOM/BMK, 2013 U.S. Dist. LEXIS 43785 (D. Haw. Mar. 27, 2013); *Miller v. GoKo Rest. Enters.*, 11-00671 JMS-BMK, 2013 U.S. Dist. LEXIS 54031 (D. Haw. Mar. 20, 2013).

[6] Plaintiff also contends that, because the non-disparagement clause in the Settlement Agreement includes a reference to defamation, and because claims for defamation are usually heard by a jury, this provides another basis for dismissing the PI Motion. This argument fails because Defendants are not asserting a stand-alone claim for defamation—this is merely one of the standards that was incorporated into the parties' Settlement Agreement. Ms. Barber cannot now object to the application of this standard, given that it was <u>Plaintiffs</u> who proposed using the defamation standard in the non-disparagement clause.

true.  Courts in the Ninth Circuit, relying on *Kokkonen*, have repeatedly held that they retain jurisdiction over a settlement agreement where a stipulation for dismissal expressly provides for it.  *See, e.g., Avila v. Naimat Kadah Int'l Inc.*, No. 13-17075, 2016 U.S. App. LEXIS 15854, at *2-3 (9th Cir. Aug. 26, 2016) ("[I]n its order dismissing the original action the district court explicitly retained 'jurisdiction over this case for the purpose of enforcing the settlement.' *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).  The district court therefore retained the ability to determine whether a default had occurred and, if so, to enter judgment in favor of the Avilas."); *Ross v. Hedgpeth*, No. 1:09-cv-00063-AWI-SKO PC, 2013 U.S. Dist. LEXIS 77827, at *3 (E.D. Cal. May 31, 2013) ("[I]n an effort to further assuage Plaintiff's concern and assist the parties in finalizing their settlement agreement, the Court agreed to retain jurisdiction to enforce the settlement agreement for a forty-five day period to commence upon the filing of the stipulation for voluntary dismissal.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377-82, 114 S.Ct. 1673, 128 L. Ed. 2d 391 (1994) . . . ."); *Meneses v. U-Haul Int'l, Inc.*, No. C-11-03615 DMR, 2012 U.S. Dist. LEXIS 26345, at *11-12 (N.D. Cal. Feb. 29, 2012) ("[I]f the district court explicitly retains jurisdiction over the settlement agreement or incorporates the terms of the agreement into its dismissal order, then 'a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the

agreement would therefore exist.' *Kokkonen*, 511 U.S. at 381 . . . . The court finds that it has subject matter jurisdiction over this case because the *Richard* court retained jurisdiction over the settlement agreement in its dismissal order. The order granting final approval of the *Richard* settlement specifically states that 'this Court shall assign this case to a Magistrate Judge who will retain jurisdiction to enforce the terms of the settlement.'"); *Omnicell, Inc. v. Medacist Solutions Group, LLC*, 272 F.R.D. 469, 471-75 (N.D. Cal. 2011) ("The Stipulation of Dismissal entered by the District of Connecticut provides in pertinent part: The Court shall retain jurisdiction, pursuant to *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) . . . to enforce its orders, over Medacist and Pandora and the subject matter of this action and the Settlement Agreement for purposes of construing and enforcing the Settlement Agreement . . . . Plaintiffs point out, correctly, that the jurisdiction retention provisions at issue in *Flanagan* and in this case are premised on the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).").

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court

deny Plaintiff Cara Barber's motion to dismiss the PI motion for lack of

jurisdiction.

DATED:  Honolulu, Hawaii, October 3, 2016.

/s/ Christine A. Terada
LISA WOODS MUNGER
CHRISTINE A. TERADA
RANDALL C. WHATTOFF

Attorneys for Defendants
OHANA MILITARY COMMUNITIES, LLC
FOREST CITY RESIDENTIAL
        MANAGEMENT, INC.

Case 1:14-cv-00217-KJM Document 15-2 Filed 04/16/18 Page 30 of 47 PageID #: 590

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PLAINTIFFS CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, AND RYAN ECKROTH, On Behalf of Themselves and All Others Similarly Situated, | CIV NO 14-00217 HG-KSC |
| Class Plaintiffs, | DECLARATION OF CHRISTINE A. TERADA; EXHIBITS A – B; |
| vs. | |
| OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE Defendants 1-10, | |
| Defendants. | |

**DECLARATION OF CHRISTINE A. TERADA**

I, Christine A. Terada, hereby declare under penalty of perjury as

follows:

1.    I am an attorney with the law firm of Goodsill Anderson Quinn

& Stifel LLP.  I am licensed to practice law in the State of Hawai'i, and I am one

of the attorneys representing Ohana Military Communities, LLC and Forest City

Residential Management, Inc. (collectively, "Defendants") in this matter.  I am

competent to testify as to all matters herein, and make this declaration upon

personal knowledge.  If called as a witness, I could and would competently testify

Case 1:14-cv-00217-KJM Document 15-2 Filed 04/16/18 Page 31 of 47 PageID #: 591

to the truth of the matters stated herein, except as to those matters stated to be true on information and belief.

      2.     Attached hereto as Exhibit A is a true and correct copy of an e-mail dated February 18, 2016 from Jocelyn Koda to gillmor_orders@hid.uscourts.gov.

      3.     Attached hereto as Exhibit B is a true and correct copy of a letter, with enclosure, from Kelly Lovett, Judicial Assistant to Judge Gillmor to Randall Whattoff and Kyle Smith dated February 22, 2016.

      I swear upon penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

      DATED:  Honolulu, Hawaiʻi, October 3, 2016.


                    /s/ Christine A. Terada
                    CHRISTINE A. TERADA

# Exhibit A

| From: | Koda, Jocelyn |
|---|---|
| Sent: | Thursday, February 18, 2016 8:10 AM |
| To: | 'gillmor_orders@hid.uscourts.gov' |
| Cc: | 'Kyle Smith (kyle@lhsshawaii.com)'; Whattoff, Randall C. |
| Subject: | CV14-00217 Stipulation for Dismissal With Prejudice of All Claims and All Parties and Order |
| Attachments: | Barber Stip for Dismissal.docx; Barber Stip for Dismissal.pdf |

Attached are word and pdf versions of the Stipulation for Dismissal With Prejudice of All Claims and All Parties and Order for Judge Gillmor's consideration. Thank you.

---

**Jocelyn W.P. Koda**
Team Assistant to Patricia M. NaPier, Randall C. Whattoff and Ewan C. Rayner
Goodsill Anderson Quinn & Stifel
A LIMITED LIABILITY LAW PARTNERSHIP LLP

First Hawaiian Center / Suite 1600 / 999 Bishop Street / Honolulu, Hawaii 96813
**P.** (808) 547-5637 / **F.** (808) 547-5880
**E.** jkoda@goodsill.com
www.goodsill.com

---

NOTICE: The information contained in this email and any attachments is confidential, and may also be attorney-client privileged. This information is intended for use only by the individual to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please immediately notify the sender by return email or call us collect at (808) 547-5600, and delete this email and any attachments and destroy all copies. Thank you.

---

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

LISA WOODS MUNGER          3858-0
    lmunger@goodsill.com
RANDALL C. WHATTOFF        9487-0
    rwhattoff@goodsill.com
CHRISTINE A. TERADA        10004-0
    cterada@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendants
OHANA MILITARY COMMUNITIES, LLC
FOREST CITY RESIDENTIAL MANAGEMENT, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, AND RYAN ECKROTH, On Behalf of Themselves and All Others Similarly Situated,<br><br>      Class Plaintiffs,<br><br>  vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE Defendants 1-10, | CIV NO 14-00217 HG-KSC<br><br>**STIPULATION FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS AND ALL PARTIES AND ORDER**<br><br>Trial:  February 17, 2016<br>Judge: Helen Gillmor |

Defendant.

## STIPULATION FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS AND ALL PARTIES AND ORDER

IT IS HEREBY STIPULATED by and between Plaintiffs Cara Barber, Melissa Jones, Melissa Streeter, Katie Eckroth, Bob Barber, Tim Jones, and Ryan Eckroth, and Defendants Ohana Military Communities, LLC and Forest City Residential Management, Inc., by and through their respective counsel, that the Second Amended Class Action Complaint for Damages & Injunctive Relief, filed on January 20, 2015, is hereby dismissed with prejudice. This Stipulation is made pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Practice for the United States District Court for the District of Hawai`i.

There are no remaining claims or parties. Each party shall bear its own costs and attorneys' fees. This Stipulation is signed by counsel for all parties that have appeared in this action. This Court shall retain jurisdiction to resolve any disputes or actions related to the Settlement Agreement and Release between the parties dated January 5, 2016. *See Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 381-82 (1994).

Case 1:14-cv-00042-KJM Document 15-2 Filed 04/16/18 Page 36 of 47 PageID #: 596
Case 1:14-cv-00217-HG-KSC Document 37 Filed 10/03/16 Page 5 of 8 PageID #:
7480

DATED:  Honolulu, Hawaiʻi, February 17, 2016.

/s/ P. Kyle Smith
P. KYLE SMITH
CHRISTINA LAMBE
SERGIO SALZANO
TERRANCE M. REVERE
MALIA R. NICKISON-BEAZLEY

Attorneys for Class Plaintiffs

DATED:  Honolulu, Hawaiʻi, February 17, 2016.

/s/ Randall C. Whattoff
LISA WOODS MUNGER
RANDALL C. WHATTOFF
CHRISTINE A. TERADA

Attorneys for Defendants
OHANA MILITARY COMMUNITIES, LLC
FOREST CITY RESIDENTIAL
      MANAGEMENT, INC.

**APPROVED AS TO FORM:**

**Stipulation for Dismissal With Prejudice of All Claims and All Parties and Order**
*Cara Barber, et al. v. Ohana Military Communities, LLC, et al.*
Civ No 14-00217 HG-KSC, United States District Court for the District of Hawaiʻi

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

LISA WOODS MUNGER          3858-0
  lmunger@goodsill.com
RANDALL C. WHATTOFF        9487-0
  rwhattoff@goodsill.com
CHRISTINE A. TERADA        10004-0
  cterada@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendants
OHANA MILITARY COMMUNITIES, LLC
FOREST CITY RESIDENTIAL MANAGEMENT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, AND RYAN ECKROTH, On Behalf of Themselves and All Others Similarly Situated,<br><br>          Class Plaintiffs,<br><br>  vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE Defendants 1-10, | CIV NO 14-00217 HG-KSC<br><br>**STIPULATION FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS AND ALL PARTIES AND ORDER**<br><br>Trial:    February 17, 2016<br>Judge:  Helen Gillmor |

Defendant.

## STIPULATION FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS AND ALL PARTIES AND ORDER

IT IS HEREBY STIPULATED by and between Plaintiffs Cara Barber, Melissa Jones, Melissa Streeter, Katie Eckroth, Bob Barber, Tim Jones, and Ryan Eckroth, and Defendants Ohana Military Communities, LLC and Forest City Residential Management, Inc., by and through their respective counsel, that the Second Amended Class Action Complaint for Damages & Injunctive Relief, filed on January 20, 2015, is hereby dismissed with prejudice. This Stipulation is made pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Practice for the United States District Court for the District of Hawai`i.

There are no remaining claims or parties. Each party shall bear its own costs and attorneys' fees. This Stipulation is signed by counsel for all parties that have appeared in this action. This Court shall retain jurisdiction to resolve any disputes or actions related to the Settlement Agreement and Release between the parties dated January 5, 2016. *See Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 381-82 (1994).

Case 1:14-cv-00042-KJM Document 15-2 Filed 04/16/18 Page 39 of 47 PageID #.509
Case 1:14-cv-00217-HG-KSC Document 37 Filed 10/03/16 Page 4 of 8 PageID #:
7483

DATED: Honolulu, Hawaiʻi, February 17, 2016.

_P. Kyle Smith (signature)_

P. KYLE SMITH
CHRISTINA LAMBE
SERGIO SALZANO
TERRANCE M. REVERE
MALIA R. NICKISON-BEAZLEY

Attorneys for Class Plaintiffs

DATED: Honolulu, Hawaiʻi, February 17, 2016.

_R. Whattoff (signature)_

LISA WOODS MUNGER
RANDALL C. WHATTOFF
CHRISTINE A. TERADA

Attorneys for Defendants
OHANA MILITARY COMMUNITIES, LLC
FOREST CITY RESIDENTIAL
    MANAGEMENT, INC.

\

**Stipulation for Dismissal With Prejudice of All Claims and All Parties and Order**
*Cara Barber, et al. v. Ohana Military Communities, LLC, et al.*
Civ No 14-00217 HG-KSC, United States District Court for the District of Hawaiʻi

Case 1:14-cv-00217-HG-KSC  Document 377-3  Filed 10/05/16  Page 1 of 6  PageID #: 7484

# Exhibit B



# UNITED STATES DISTRICT COURT

CHAMBERS OF
**HELEN GILLMOR**
SR. UNITED STATES DISTRICT JUDGE

DISTRICT OF HAWAII
300 ALA MOANA BOULEVARD, C-400
HONOLULU, HAWAII 96850-0400

TELEPHONE
(808) 541-3502
FACSIMILE
(808) 541-3579

February 22, 2016

Randall C. Whattoff, Esquire
Goodsill Anderson Quinn & Stifel
999 Bishop Street, Suite 1600
Honolulu, Hawaii  96813

P. Kyle Smith, Esquire
Lynch, Hopper, Salzano & Smith
970 N. Kalaheo, Pali Palm Plaza, Suite A301
Kailua, Hawaii 96734

Re: Barber et al. v. Ohana Military Communities, LLC, et al.,
Civil No. 14-00217 HG-KSC

Dear Mr. Whattoff and Mr. Smith:

On February 18, 2016, a Stipulation for Dismissal With Prejudice of All Claims and All Parties and Order was sent by you to the Gillmor_Orders Inbox on behalf of your clients in the above-captioned case. The Stipulation for Dismissal contains a provision for the retention of jurisdiction by the Court to enforce the Settlement Agreement and Release between the parties dated January 5, 2016.

The United States Supreme Court and the Ninth Circuit Court of Appeals have issued a number of opinions raising issues related to a district court's discretionary retention of jurisdiction to enforce the terms of a settlement agreement. See, e.g., Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265 (9th Cir. 1996).

The Court will not indefinitely retain jurisdiction over the action to enforce the Settlement Agreement and Release. If the Parties decide that retention of jurisdiction is appropriate, the Court requires a precise date upon which the Court's retained jurisdiction over this matter would expire. Retention of

Case 1:14-cv-00042-KJM Document 15-2 Filed 04/16/18 Page 42 of 47 PageID #:542
Case 1:14-cv-00247-HG-KSC Document 377 Filed 10/03/16 Page 5 of 6 PageID #:
7486

jurisdiction for up to six (6) months should be sufficient to give the Parties time to ensure compliance with the Settlement Agreement and Release.

In addition, the Caption on the Proposed Stipulation for Dismissal is incorrect. There is no certified class in this case. The Caption should not reflect that the named Plaintiffs are "Class Plaintiffs" pursuing their claims "On Behalf of Themselves and All Others Similarly Situated." Further, there are multiple Defendants in this case and the Caption should state "Defendants" rather than "Defendant."

We are returning the Stipulation and Order submitted on February 18, 2016, so that it may be revised.


Very truly yours,


Kelly Lovett, Judicial Assistant to
U.S. District Judge Helen Gillmor


enclosures

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

LISA WOODS MUNGER          3858-0
   lmunger@goodsill.com
RANDALL C. WHATTOFF        9487-0
   rwhattoff@goodsill.com
CHRISTINE A. TERADA        10004-0
   cterada@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendants
OHANA MILITARY COMMUNITIES, LLC
FOREST CITY RESIDENTIAL MANAGEMENT, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, AND RYAN ECKROTH, On Behalf of Themselves and All Others Similarly Situated,<br><br>         Class Plaintiffs,<br><br>  vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE Defendants 1-10, | CIV NO 14-00217 HG-KSC<br><br>**STIPULATION FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS AND ALL PARTIES AND ORDER**<br><br>Trial: February 17, 2016<br>Judge: Helen Gillmor |

5629979.1

|                    |
|--------------------|
| Defendant.         |

## STIPULATION FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS AND ALL PARTIES AND ORDER

IT IS HEREBY STIPULATED by and between Plaintiffs Cara Barber, Melissa Jones, Melissa Streeter, Katie Eckroth, Bob Barber, Tim Jones, and Ryan Eckroth, and Defendants Ohana Military Communities, LLC and Forest City Residential Management, Inc., by and through their respective counsel, that the Second Amended Class Action Complaint for Damages & Injunctive Relief, filed on January 20, 2015, is hereby dismissed with prejudice. This Stipulation is made pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Practice for the United States District Court for the District of Hawai`i.

There are no remaining claims or parties. Each party shall bear its own costs and attorneys' fees. This Stipulation is signed by counsel for all parties that have appeared in this action. This Court shall retain jurisdiction to resolve any disputes or actions related to the Settlement Agreement and Release between the parties dated January 5, 2016. *See Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 381-82 (1994).

DATED: Honolulu, Hawaiʻi, February 17, 2016.

_____
P. KYLE SMITH
CHRISTINA LAMBE
SERGIO SALZANO
TERRANCE M. REVERE
MALIA R. NICKISON-BEAZLEY

Attorneys for Class Plaintiffs

DATED: Honolulu, Hawaiʻi, February 17, 2016.

_____
LISA WOODS MUNGER
RANDALL C. WHATTOFF
CHRISTINE A. TERADA

Attorneys for Defendants
OHANA MILITARY COMMUNITIES, LLC
FOREST CITY RESIDENTIAL
      MANAGEMENT, INC.

\

**Stipulation for Dismissal With Prejudice of All Claims and All Parties and Order**
*Cara Barber, et al. v. Ohana Military Communities, LLC, et al.*
Civ No 14-00217 HG-KSC, United States District Court for the District of Hawaiʻi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PLAINTIFFS CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, AND RYAN ECKROTH, On Behalf of Themselves and All Others Similarly Situated, | CIV NO 14-00217 HG-KSC CERTIFICATE OF SERVICE |
| Class Plaintiffs, | |
| vs. | |
| OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE Defendants 1-10, | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing were served on the following at their last known address:

**Served via electronically via CM/ECF**

P. Kyle Smith, Esq.              kyle@lynchhoppersmith.com
Sergio Salzano, Esq.            ssalzano@lhsslaw.com
Christina Lambe, Esq.          christina@lynchhoppersmith.com
Terrance M. Revere, Esq.     terry@revereandassociates.com
Malia R. Nickison-Beazley, Esq.   Malia@revereandassociates.com
Pali Palms Plaza
970 N. Kalaheo Ave., Suite A301
Kailua, HI 96734

Attorneys for Class Plaintiffs

DATED:  Honolulu, Hawaiʻi, October 3, 2016.


/s/ Christine A. Terada
LISA WOODS MUNGER
CHRISTINE A. TERADA
RANDALL C. WHATTOFF

Attorneys for Defendants
OHANA MILITARY COMMUNITIES, LLC
FOREST CITY RESIDENTIAL
        MANAGEMENT, INC.