IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CARA BARBER,<br><br>Defendant. | CIVIL NO. 18-00042 KJM<br><br>COUNTERCLAIM |

## COUNTERCLAIM

Defendant/Counterclaimant Cara Barber ("Counterclaimant"), by and through her attorneys, Revere & Associates, SMITH|LAW and Lyons, Brandt, Cook & Hiramatsu, herein alleges the following against Ohana Military Communities, LLC ("Ohana") and Forest City Residential Management, LLC ("FCRM") (collectively, "Counterclaim Defendants").

## **PARTIES**

1. At all relevant times, Counterclaimant was a resident of the State of Hawaii or Florida.

2. On information and belief, Ohana is and was a limited liability company organized under the laws of the State of Hawaii with its principal place of business in Hawaii.

3. On information and belief, FCRM is and was a limited liability company organized under the laws of the State of Ohio with its principal place of business in Ohio.

## JURSIDICATION AND VENUE

4. The United States District Court for the District of Hawai'i has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(10).

5. The amount in controversy exceeds $75,000 exclusive of interest, costs, and attorneys' fees.

6. Alternatively, this Court has pendant matter jurisdiction over the remaining claims under 28 U.S.C. § 1367.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district. As discussed below, the majority of Defendants' improper misconduct was directed at individuals who presently live in the District of Hawai'i. In addition, the property that is the subject of the original action is located in the District of Hawai'i.

## STATEMENT OF FACTS

8. Counterclaimant is a military spouse and former Plaintiff in a federal case filed as a class action that involved the failure of Counterclaimant Defendants to

disclose hazardous pesticide contamination in Marine Corps Base Hawaiʻi ("MCBH") family housing.

9. Counterclaimant Defendants fought class certification even though they knew that thousands of other military families were similarly situated, many of whom asked to be part of the class and to be kept informed of important developments.

10. As the proposed class representative, Counterclaimant was the default liaison for MCBH families who persistently sought information and updates about this issue and lawsuit.

11. The case eventually settled without class certification, leaving thousands of prospective class members free to pursue their rights.

12. The settlement agreement specifically allowed Counterclaimant to continue informing military families of the risks of pesticide contaminated soils while also advocating for the protection of their health and safety in MCBH family housing.

13. Several months after the lawsuit settled, Counterclaimant Defendants and their counsel (Randy Whattoff) falsely accused Counterclaimant of violating the terms of the settlement agreement via Facebook postings.

14. Counterclaimant Defendants' motion also falsely accused Counterclaimant of spreading false information against Counterclaimant Defendants to create new claims.

15. Counterclaimant strongly denies these allegations.

16. Mr. Whattoff, acting at the direction of Counterclaim Defendants, who wanted to intimidate, harass, and silence Barber, and to deprive other military families of counsel, emailed Counterclaimant's counsel and proposed the following terms (in part) for settlement as a condition to drop the motion against Counterclaimant:

> (3) The law firms of Revere and Associates and Lynch Hopper & Smith, and all of their attorneys (the "Revere and Lynch Firms") **withdraw as counsel for any client that is a current or former resident of MCBH that retained the Revere and Lynch Firms after the effective date of the settlement agreement (January 5, 2016) to pursue non-disclosure or other soil or pesticide claims related to Marine Corps Base Hawai'i;**
>
> (4) **The Revere and Lynch Firms agree not to assist, refer, or participate, either indirectly or directly, with any other law firm or attorneys in prosecuting claims related to non-disclosure or other soil or pesticide claims related to Marine Corps Base Hawai'i;**

17. Such a proposal is a violation of the American Bar Association - *Model Rules of Professional Conduct:*

> **Rule 5.6: Restriction on Rights to Practice**
> A lawyer shall not participate in offering or making:
> . . . .
> **(b)** an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy.
>
> **COMMENTS:**
> . . . .

4

> *[2] Paragraph (b) prohibits a lawyer from agreeing not to represent other persons in connection with settling a claim on behalf of a client.*

18. Such a proposal is also a violation of Hawaii Rule of Professional Conduct Rule 5.6, which similarly prohibits a lawyer from offering an agreement to restrict a lawyer's right to practice:

> **Rule 5.6.   RESTRICTIONS ON RIGHT TO PRACTICE.**
> A lawyer shall not participate in offering or making:
> (a)   a partnership, shareholders, operating, employment, or other similar type of agreement that restricts the right of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement or as permitted by Rule 1.17 of these Rules; or
> (b)   an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy.

   COMMENTS:
   . . . .
   [2]Paragraph (b) prohibits a lawyer from agreeing not to represent other persons in connection with settling a claim on behalf of a client.

19. The United States Navy is one of the owners of Counterclaim Defendant Ohana. FCRM is the other owner.

20. In 2017 and/or 2018, in response to a FOIA request by a known news agency, Reuter's News Service, the United States Navy sent documents describing the terms of the original settlement, including the settlement amount, thereby breaching the very terms of the settlement agreement that Counterclaim Defendants falsely accused Counterclaimant of breaching. FOIA requests by

Ms. Barber also demonstrate that discovery information that should have been produced in the underlying case was not produced.

21. It is currently unknown how many other breaches of the settlement agreement by Counterclaim Defendants have occurred.

22. After losing its injunction motion against Counterclaimant, Counterclaim Defendants initiated this second lawsuit with the same goal: to intimidate, harass and extort Ms. Barber into silence.

## COUNT I
## BREACH OF CONTRACT

23. Counterclaimant hereby re-alleges and incorporates by reference all factual allegations contained within the Counterclaim herein.

24. By releasing the terms of the Settlement agreement, including disclosing the amount of the settlement to one or more third-parties, Counterclaim Defendants have breached the Settlement Agreement.

25. As a direct, proximate and foreseeable result of the Counterclaim Defendants' breach, the Counterclaimant has and will suffer damages in an amount to be shown at trial.

## COUNT II
## ABUSE OF PROCESS

26. Counterclaimant hereby re-alleges and incorporates by reference all factual allegations contained within the Counterclaim herein.

27. Counterclaim Defendants had an ulterior purpose when they filed the preliminary injunction motion as well as the current lawsuit.

28. The filing of said motion and the present lawsuit was a willful act in the use of process which was not proper in the regular conduct of the proceeding.

29. As a direct, proximate and foreseeable result of the Counterclaim Defendants' breach, the Counterclaimant has and will suffer damages in an amount to be shown at trial.

## COUNT III
## MALICIOUS PROSECUTION

30. Counterclaimant hereby re-alleges and incorporates by reference all factual allegations contained within the Counterclaim herein.

31. Counterclaim Defendants' motion, falsely accusing Counterclaimant of violating the terms of the settlement agreement, was initiated and pursued with malice and knowledge that the motion lacked probable cause as to any of the allegations contained in the motion.

32. Counterclaim Defendants had no probable cause to initiate and/or prosecute the motion, which was based on their false and unsubstantiated accusations and which was resolved in Counterclaimant's favor.

33. As a direct, proximate and foreseeable result of the Counterclaim Defendants' breach, the Counterclaimant has and will suffer damages in an amount to be shown at trial.

34. Counterclaim Defendants committed the above-alleged acts and omissions intentionally, purposefully, knowingly, willfully, recklessly, wantonly, oppressively, maliciously, and/or grossly negligently, and Counterclaimant is therefore also entitled to an award of exemplary or punitive damages in an amount to be proven at trial.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Counterclaimant hereby re-alleges and incorporates by reference all factual allegations contained within the Counterclaim herein.

36. As a direct and proximate result of the actions of Counterclaim Defendants, Counterclaimant has suffered and continues to suffer severe, substantial and enduring emotional distress unreasonable for any person to endure in a civilized society.

37. As the substantial and proximate result of Counterclaim Defendants' actions, Counterclaimant has suffered severe emotional distress and mental anguish and suffering sufficient to warrant the imposition of monetary and exemplary damages in an amount according to proof at time of trial.

38. Counterclaimant is entitled to her damages, attorneys' fees and costs as a result.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39. Counterclaimant hereby re-alleges and incorporates by reference all factual

8

allegations contained within the Counterclaim herein.

40. Counterclaim Defendants negligently caused Counterclaimant to suffer severe emotional distress.

41. Counterclaim Defendants' acts and/or omissions were performed and/or omitted with malice.

42. As the substantial and proximate result of Counterclaim Defendants' actions, Counterclaimant has suffered severe emotional distress and mental anguish and suffering sufficient to warrant the imposition of monetary and exemplary damages in an amount according to proof at time of trial.

43. Counterclaimant is entitled to her damages, attorneys' fees and costs as a result.

## COUNT VII
## ORGANIZED CRIME

44. Counterclaimant hereby re-alleges and incorporates by reference all factual allegations contained within the Counterclaim herein.

45. Hawaii Revised Statutes Chapter 842 prohibits Organized Crime, including extortion.

46. By wrongfully seeking to deprive Counterclaimant of her rights and property, Counterclaim Defendants have and continue to engage in extortion, a prohibited offense under H.R.S. Chapter 842.

47. Counterclaimant is entitled to her damages, attorneys' fees and costs as a result.

## COUNT VIII
## STRATEGIC LAWSUIT AGAINST PUBLIC PARTICIPATION (SLAPP)

48. Counterclaimant hereby re-alleges and incorporates by reference all factual allegations contained within the Counterclaim herein.

49. The Hawaii Revised Statutes defines "SLAPP" as "…. a strategic lawsuit against public participation and refers to a lawsuit that lacks substantial justification or is interposed for delay or harassment and that is solely based on the party's participation before a governmental body." H.R.S. § 634F-1.

50. The United States District Court is a "Governmental Body." Id.

51. In retaliation for Ms. Barber's honest testimony before the District Court, the Counterclaim Defendants have filed this second lawsuit.

52. Counterclaimant is entitled to her damages, attorneys' fees and costs as a result.

## COUNT XI
## VEXATIOUS LITIGATION

53. Counterclaimant hereby re-alleges and incorporates by reference all factual allegations contained within the Counterclaim herein.

54. By commencing the current ligation immediately after losing the Preliminary Injunction in the last case. Counterclaim Defendants are engaging in bad faith vexatious litigation in violation of H.R.S. Chapter 634J.

55. Counterclaimant is entitled to her fees, costs, and damages as a result.

## COUNT XIII
## <u>INVASION OF PRIVACY</u>

56. Counterclaimant hereby re-alleges and incorporates by reference all factual allegations contained within the Counterclaim herein.

57. Counterclaims Defendants have intruded upon Counterclaimant's seclusion, have publicly disclosed private facts and portrayed Counterclaimant in a false light.

58. Counterclaimant is entitled to her damages, fees, and costs.

## COUNT XIV
## <u>VIOLATION OF CIVIL RIGHTS</u>

59. Counterclaimant hereby re-alleges and incorporates by reference all factual allegations contained within the Counterclaim herein.

60. Counterclaims Defendants have violated Plaintiff's Civil Rights, including but not limited to her freedom of speech, guaranteed by the US and Hawaii Constitutions, by wrongfully pursuing claims against her under color of law.

61. Counterclaimant is entitled to damages, fees, and costs.

## COUNT XV
## <u>WRONGFUL SETTLEMENT</u>

62. Counterclaimant hereby re-alleges and incorporates by reference all factual allegations contained within the Counterclaim herein.

63. By wrongfully withholding documents that should have been produced in the underlying case, Counterclaim Defendants induced Counterclaimant to settle.

64. Counterclaimant is entitled to damages, fees, and costs.

## **REQUEST FOR RELIEF**

WHEREFORE, Counterclaimant prays for judgment against Counterclaim Defendants as follows:

A. General, special, treble, and punitive damages in an amount to be proven at trial;

B. Reasonable attorneys' fees and costs in Counterclaimant's favor and against Counterclaim Defendants;

C. Prejudgment interest, to the extent provided by statute;

D. Declaratory and Injunctive Relief; and

E. All such other and further relief that Counterclaimant is entitled to or as may be ordered by this Court.

DATED:  Honolulu, Hawaii, May 31, 2018.

/s/ Bradford F. K. Bliss
BRADFORD F. K. BLISS
P. KYLE SMITH
TERRANCE M. REVERE
Attorneys for Defendant/
Counterclaimant
CARA BARBER