IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC,<br><br>                Plaintiffs,<br><br>        vs.<br><br>CARA BARBER,<br><br>                Defendant. | CIVIL NO. 18-00042 KJM<br><br>MEMORANDUM IN SUPPORT OF MOTION TO SEAL |

## MEMORANDUM IN SUPPORT OF MOTION

**I.      INTRODUCTION**

Plaintiffs Ohana Military Communities, LLC ("Ohana") and Forest City Residential Management, LLC ("FCRM") (collectively "Plaintiffs") move the Court, *ex parte*, to file under seal an unredacted excerpt of the Settlement Agreement entered into between Plaintiffs and Defendant Cara Barber ("Barber") in February 2016 as well as the portion of Plaintiffs' Motion to Dismiss Barber's Counterclaim that directly quotes the Settlement Agreement.  Plaintiffs have simultaneously filed a public, redacted version of this motion.  As detailed below, good cause and compelling reasons exist for sealing the Settlement Agreement.

## II.     LEGAL STANDARD

Pursuant to Rule 83.12(a) of the Local Rules of Practice for the United States District Court for the District of Hawaiʻi, "[a]ny party may seek leave to file under seal any pleading, declaration, affidavit, document, picture, exhibit, or other matter if it contains confidential, restricted, or graphic information and/or images." This rule requires that motions to file under seal include "the applicable standard for sealing the information" and a discussion of "how that standard has been met." L.R. 83.12(b).

"[C]ourts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). However, a court may seal judicial records when it finds a compelling reason exists. *Ctr. for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1096–97 (9th Cir. 2016). "The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. . . . What constitutes a 'compelling reason' is best left to the sound discretion of the trial court." *Id*. (citation, brackets and quotation marks omitted). Further, if the motion at issue is more than "tangentially related" to the underlying action, the "good cause" standard may apply instead. *See id*. at 1101 (recognizing that

"public access will turn on whether the motion is more than tangentially related to the merits of a case.").

### III.  THE DOCUMENTS SHOULD BE SEALED

As set forth below, both good cause and compelling reasons exist for sealing the Settlement Agreement and the short portion of the motion to dismiss that directly quotes from it.

First, because of the nature of the class action claims initially alleged in *Barber, et al. v. Ohana Military Communities, LLC, et al.*, CV 14-00217 HG-RLP ("*Barber I*"), a key provision of the settlement agreement was that its terms remain confidential.  As a result, the parties agreed to a strict confidentiality provision.  *See* Ex. 5 ¶ 4; *see also Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1212 (9th Cir. 2002) (recognizing that courts have granted protective orders to protect confidential settlement agreements).

Second, confidentiality is especially important in this case because Ms. Barber has engaged in a coordinated campaign with her attorneys to improperly recruit new plaintiffs for new lawsuits against Ohana and FCRM.  She has used her social media platforms in furtherance of this campaign.  *See* Compl. at ¶¶ 31–52.  If the terms of the Settlement Agreement are publicly released, it could be used as part of this campaign.

Third, Judge Gillmor, Magistrate Judge Puglisi, and Magistrate Judge Chang have all found that the Settlement Agreement and documents mentioning the Settlement Agreement should be sealed in the past. For instance, Judge Puglisi found:

> The Court finds that Defendants have demonstrated good cause to file under seal those portions of the filings that contain specific terms of the settlement agreement or contain discussions of the settlement negotiations. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (noting that courts have granted protective orders to protect confidential settlement agreements). Accordingly, the Court GRANTS Defendants' request to file under seal (1) the un-redacted version of the Declaration of Counsel, which contains at paragraph 5, a discussion of the confidential settlement terms; (2) Exhibits O and P to Defendants' Motion for Preliminary Injunction, which are a term sheet and the written settlement agreement; and (3) the un-redacted version of the Memorandum in Support of Defendants' Motion for Preliminary Injunction, which quotes the written settlement agreement and discuss specific settlement negotiations.

*Barber I*, ECF No. 286.

Thus, sealing the record as to these documents serves compelling interests of encouraging settlement and ensuring that the expectations of the parties are protected.

## IV.   CONCLUSION

For the foregoing reasons, there is both good cause and compelling reasons to seal the documents at issue.

DATED:  Honolulu, Hawai'i, June 21, 2018.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF
KAMALA S. HAAKE

Attorneys for Plaintiffs
OHANA MILITARY COMMUNITIES, LLC
and FOREST CITY RESIDENTIAL
MANAGEMENT, LLC