COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JOACHIM P. COX            7520-0
    jcox@cfhawaii.com
RANDALL C. WHATTOFF       9487-0
    rwhattoff@cfhawaii.com
KAMALA S. HAAKE           9515-0
    khaake@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi  96813
Telephone:  (808) 585-9440
Facsimile:  (808) 275-3276

Attorneys for Plaintiffs
OHANA MILITARY COMMUNITIES, LLC and
FOREST CITY RESIDENTIAL MANAGEMENT, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>CARA BARBER,<br><br>                    Defendant. | CIVIL NO.  18-00042 KJM<br><br>PLAINTIFFS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT CARA BARBER'S COUNTERCLAIM [DOC 27]; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE<br><br>HEARING DATE:  August 6, 2018<br>TIME:  10:00 a.m.<br>JUDGE:   Kenneth J. Mansfield<br>TRIAL:     June 12, 2019 |

# TABLE OF CONTENTS

Page

I.  THE COUNTERCLAIM FAILS TO MEET THE <u>CURRENT</u>, <u>FEDERAL</u> PLEADING REQUIREMENTS ................................................. 1

II.  EACH CLAIM IN THE COUNTERCLAIM FAILS FOR INDEPENDENT REASONS ........................................................ 4

    A.  The Conduct Alleged By Ms. Barber Does Not Constitute a Breach of the Settlement Agreement ................................... 4

    B.  Ms. Barber Cannot Plead Essential Elements of Her Abuse of Process or Malicious Prosecution Claims .......................... 5

        1.  The Hawai‘i Supreme Court Has Expressly Ruled that Settlement Proposals Cannot Support Claims for Abuse of Process ....................................................................... 5

        2.  Ms. Barber Failed to Disclose a New Ruling from the Ninth Circuit That Indisputably Bars Her Claim for Malicious Prosecution ...................................................... 6

    C.  Ms. Barber's Claim for IIED Fails as a Matter of Law ...................... 8

    D.  Ms. Barber's Attempt to Revive Her Improperly Pled NIED Claim Is Without Basis and Wholly Improper ................................... 9

    E.  Ms. Barber's Chapter 842 Claim Demonstrates the Absurd Nature of Her Counterclaim ........................................... 11

    F.  Ms. Barber Cannot Plead That This Lawsuit Is a SLAPP and, In Any Event, There Is No Independent Cause of Action Under the SLAPP Statute ........................................................... 12

    G.  Ms. Barber Admits Her Claim for Vexatious Litigation Should Be Dismissed ....................................................... 14

H.     The Act of Filing a Lawful Motion or Lawsuit Cannot Constitute an Invasion of Privacy ...................................................... 14

I.     Ms. Barber Has Not Pled a Violation of Her Civil Rights ................ 16

J.     Ms. Barber's "Wrongful Settlement" Claim Makes No Sense ......... 16

III.    CONCLUSION ........................................................................................... 18

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Baham v. Ass'n of Apt. Owners of Opua Hale Patio Homes*,
  No. CIV. 13-00669 HG-BMK, 2014 WL 2761744
  (D. Haw. June 18, 2014) ...............................................................................10-11

*Barber v. Ohana Military Communities, LLC*,
  728 F. App'x 749 (9th Cir. June 25, 2018)............................................................ 7

*Doe Parents No. 1 v. State, Dept. of Educ.*,
  100 Hawai'i 34, 58 P.3d 545 (2002)) ............................................................9-10

*Heejoon Chung v. U.S. Bank, N.A.*,
  250 F.Supp.3d 658 (D. Haw. 2017) ...................................................................... 3

*Kawakami v. Kahala Hotel Investors*, LLC,
  No. SCWC-11-0000594, 2018 WL 3197543 (Haw. 2018) .................................. 2

*Okawaki v. First Hawaiian Bank*,
  No. 16-00232 DKW-KSC, 2016 WL 2858779
  (D. Haw. May 16, 2016) ..................................................................................... 12

*Perry v. Perez-Wendt*,
  129 Hawai'i 95, 294 P.3d 1081 (App. 2013) ..................................................... 13

*Roberts v. AT&T Mobility LLC*,
  877 F.3d 833 (9th Cir. 2017) .............................................................................. 16

*Ross v. Stouffer Hotel Co. (Hawai'i) Ltd., Inc.*,
  76 Hawai'i 454, 879 P.2d 1037 (1994) ............................................................ 8, 9

*Schwartz v. Bank of Am.*, N.A.,
  No. CV 12-00525 KSC, 2013 WL 12132074 (D. Haw. Jan. 7, 2013) .............. 3, 4

*Siales v. Haw. Elec. Co.*,
  Civil No. 13-00413 LEK-KSC, 2013 U.S. Dist. LEXIS 168958
  (D. Haw. Nov. 27, 2013)....................................................................................... 9

*Soriano v. Wells Fargo Bank*, N.A.,
  No. CIV. 11-00044 SOM, 2012 WL 1536065 (D. Haw. Apr. 30, 2012) ......... 2, 17

*Taylor v. Franco*,
  No. CIV. 09-00002 JMS, 2011 WL 2118270 (D. Haw. May 2, 2011) ................ 15

*TSA Int'l Ltd. v. Shimizu Corp.*,
  92 Hawai'i 243, 990 P.2d 713 (1999) ................................................................ 12

*U.S. E.E.O.C. v. NCL Am.,*
  535 F.Supp.2d 1149 (D. Haw. 2008) ..................................................... 11

*Wong v. Cayetano,*
  111 Hawai'i 462, 143 P.3d 1 (2006) ...................................................... 7

*Young v. Allstate Ins. Co.,*
  119 Hawai'i 403, 198 P.3d 666 (2008) ............................................. 5, 6

## STATUTES

H.R.S. § 634 ............................................................................................ 13

H.R.S. § 663-8.9 ..................................................................................... 10

H.R.S. § 842 ............................................................................................ 11

## RULES

Haw. R. Prof. Conduct, Rule 3.3(a)(1)(3) .............................................. 7

**PLAINTIFFS OHANA MILITARY COMMUNITIES, LLC AND
FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S REPLY
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
<u>DEFENDANT CARA BARBER'S COUNTERCLAIM [DOC 27]</u>**

The causes of action in Cara Barber's Counterclaim are

frivolous at best and malicious at worst, and they should be quickly

dismissed.  Nothing in the Opposition changes this conclusion.  To the

contrary, the Opposition memorandum exemplifies the approach that

Ms. Barber's attorneys have taken in this litigation:  it cites and discusses

***outdated*** and ***state-court*** pleading standards rather than the applicable

federal standard; it ***hides*** the fact that, four weeks ago, the Ninth Circuit

expressly reversed the dismissal of the Motion for Preliminary Injunction

(the "PI Motion"); and it ***fails to respond*** to the actual arguments made in

the Motion to Dismiss the Counterclaim ("MTD").  The Counterclaim

should be dismissed with prejudice.

## I.      THE COUNTERCLAIM FAILS TO MEET THE <u>CURRENT,</u> <u>FEDERAL</u> PLEADING REQUIREMENTS

Ms. Barber claims that Ohana and FCRM's MTD "does not

comport with the standards that govern a motion to dismiss for failure to

state a claim," but then proceeds to cite pre-*Twombly* district court cases and

a Hawaiʻi state case for what she contends is the applicable standard.  *See*

Opp. at 3-4.  This is plainly not the current or applicable law.

For instance, Ms. Barber cites to *Kawakami v. Kahala Hotel Investors*, LLC, No. SCWC-11-0000594, 2018 WL 3197543, at *7 (Haw. 2018) (interpreting Rule 8 of the ***Hawaiʻi*** Rules of Civil Procedure), for the proposition that pleading standards are liberal.  While that proposition is generally true, there are nevertheless specific and well-established standards under federal law, which must be met in order for a counterclaim to proceed. Ms. Barber simply ignores these standards.

Ms. Barber also focuses on the general requirement that the Court should accept as true all well-pleaded factual allegations and construe them in the light most favorable to the plaintiff.  *See* Opp. at 6.  But this rule only applies if there are ***sufficient facts actually alleged.***  The Counterclaim's conclusory allegations are insufficient.  *See, e.g.*, *Soriano v. Wells Fargo Bank*, N.A., No. CIV. 11-00044 SOM, 2012 WL 1536065, at *5 (D. Haw. Apr. 30, 2012) ("***First, to be entitled to the presumption of truth***, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but ***must contain sufficient allegations of underlying facts to give fair notice*** and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true ***must plausibly suggest an entitlement to relief***, such that it is not unfair

2

to require the opposing party to be subjected to the expense of discovery and continued litigation.") (citation omitted; emphasis added).

Ms. Barber also attempts to cure the pleading deficiencies in each of her counts by pointing to language relating to the incorporation of "all" prior factual assertions. This fails for two reasons. First, it presumes that there actually are sufficient factual allegations to state a claim in the "Statement of Facts"; as discussed below, there is not. Second, while it is common for specific counts to incorporate by reference more detailed allegations contained elsewhere in a complaint, this sort of pleading is improper where, as here, it is impossible to tell which facts the claimant is relying upon to assert each cause of action. *See, e.g.*, *Heejoon Chung v. U.S. Bank, N.A.*, 250 F.Supp.3d 658, 678 (D. Haw. 2017) ("[T]he only way Plaintiff's Count II claim can be predicated on the 2015 communications is if 'incorporation by reference' of the allegations contained elsewhere in the Complaint suffices to state a claim. . . . However, courts have generally rejected this practice, commonly known as shotgun or puzzle pleading."); *Schwartz v. Bank of Am., N.A.*, No. CV 12-00525 KSC, 2013 WL 12132070, at *3 (D. Haw. Jan. 7, 2013) (recognizing that a shotgun pleading that incorporates other factual allegations by reference "is not permitted").

## II.   EACH CLAIM IN THE COUNTERCLAIM FAILS FOR INDEPENDENT REASONS

### A.   The Conduct Alleged By Ms. Barber Does Not Constitute a Breach of the Settlement Agreement

Ms. Barber has not properly pled a breach of contract claim because she has failed to provide sufficient facts to allow a reasonable inference to be drawn that Ohana and/or FCRM could be liable for breach of the settlement agreement.  She tries to cure this deficiency in her Opposition by generally asserting that some "information concerning the settlement" was allegedly disclosed by a third party (the Navy), *see* Opp. at 7, but she does not point to any factual allegations regarding the nature of the information that was actually provided and/or how such disclosure breached the confidentiality provision of the settlement agreement, *see, e.g., Schwartz v. Bank of Am., N.A.*, No. CV 12-00525 KSC, 2013 WL 12132070, at *5 (D. Haw. Jan. 7, 2013) (recognizing that a breach of contract claim requires a plaintiff to identify, among other things, "when and how the Defendant allegedly breached the contract").

Ms. Barber's claim also fails because, to the extent she alleges any facts, they simply do not constitute a breach of the settlement agreement.  In her Opposition, Ms. Barber states that "[t]he factual basis for this claim is set forth in paragraphs 19 and 20 of the Counterclaim in which

Barber alleges that the United States Navy, one of the owners of Counterclaim Defendant Ohana, provided information concerning the settlement to Reuter's News Service." Opp. at 7. But in those paragraphs, Ms. Barber alleges that the Navy was *compelled* to produce the relevant information pursuant to a demand under the Federal Freedom of Information Act. This type of compelled production does not constitute a breach of the settlement agreement. Moreover, even if it could constitute a breach, it would be a breach by the Navy, not Ohana or FCRM.

### B. Ms. Barber Cannot Plead Essential Elements of Her Abuse of Process or Malicious Prosecution Claims

#### 1. The Hawai'i Supreme Court Has Expressly Ruled that Settlement Proposals Cannot Support Claims for Abuse of Process

Despite Ms. Barber's effort to paint some vague picture of an "improper" or "ulterior" purpose in filing the PI Motion and the instant lawsuit (a completely unsupportable claim), she cannot escape the rule that the act of filing such pleadings does not constitute an abuse of process. Such a claim arises only when there is some additional act or threat that is "*not authorized* by the process." *Young v. Allstate Ins. Co.*, 119 Hawai'i 403, 414-15, 198 P.3d 666, 677-78 (2008) (citation omitted; some emphasis added). In other words, the mere filing of a motion or complaint are authorized acts in the general use of the judicial process and do not, without

more, subject a party to liability. *See id*. ("Thus, more is required than the issuance of the process itself.").

It is unclear from her Opposition, but it appears that Ms. Barber may be arguing that a settlement proposal made by Ohana and FCRM satisfies the requirement for an additional act or threat outside the litigation. But Ms. Barber provides no explanation as to how a settlement proposal— that was withdrawn—could have harmed Ms. Barber or how it could demonstrate some overarching motive with respect to Plaintiffs' ***later*** filing. In any event, ***Hawai'i law is clear that settlement offers cannot meet the requirement for a definite act or threat outside the litigation***. *See Young*, 119 Haw. at 414, 198 P.3d at 677 ("Offers to settle the claims at issue in a case are 'proper,' if not encouraged, in the regular conduct of proceedings. A contrary rule would have a 'devastating effect on the settlement process,' because parties would be wary of making settlement offers if such offers could provide the 'essential ingredient' to subject them to a second lawsuit for abuse of process.").

### 2. Ms. Barber Failed to Disclose a New Ruling from the Ninth Circuit That Indisputably Bars Her Claim for Malicious Prosecution

Ms. Barber's claim for malicious prosecution requires her to plead that the PI Motion was terminated in her favor in such a manner that it

"cannot be revived." *Wong v. Cayetano*, 111 Hawai'i 462, 478, 143 P.3d 1, 17 (2006) (citation omitted).  Such termination does not occur until the matter has been "finally and favorably decided on appeal[.]"  *Id*. at 483 n.11, 143 P.3d at 22 n.11.  Ms. Barber argues that this requirement has been met by the Ninth Circuit's July 27, 2017 Memorandum Opinion.  *See* Opp. at 8-9.  In what is unquestionably an act of bad faith and a violation of Rule 3.3(a)(1)(3) of the Hawai'i Rules of Professional Conduct, Ms. Barber fails to point out that, ***three weeks before she submitted her Opposition***, the Ninth Circuit issued a second Memorandum Opinion ***reversing*** the district court's denial of the PI Motion and clarifying the July 27, 2017 Memorandum Opinion.  *See Barber v. Ohana Military Communities, LLC*, 728 F. App'x 749 (9th Cir. June 25, 2018) ("Thus, the district court erred when it interpreted our prior disposition as holding that the entire record failed to demonstrate a likelihood of irreparable harm for all relevant settlement provisions instead of limiting our ruling to the confidentiality provision.").  It is now ***undisputable*** that the PI Motion has ***not*** been terminated and is still pending.  *See id.* ("With this clarification of the scope of our prior disposition, we leave it to the district court on remand to consider Defendants' preliminary injunction and disqualification motions in the first instance.").

### C.     Ms. Barber's Claim for IIED Fails as a Matter of Law

As set forth in the MTD, a claim for intentional infliction of

emotional distress ("IIED") requires a showing of misconduct that meets an

exceedingly high standard:

> It has not been enough that the defendant
> has acted with an intent which is tortious or
> even criminal, or that he has intended to
> inflict emotional distress, or even that his
> conduct has been characterized by "malice,"
> or a degree of aggravation which would
> entitle the plaintiff to punitive damages for
> another tort.  Liability has been found only
> where the conduct has been so outrageous in
> character, and so extreme in degree, as to go
> beyond all bounds of decency, and to be
> regarded as atrocious, ***and utterly
> intolerable in a civilized community***.

*See Ross v. Stouffer Hotel Co. (Hawai'i) Ltd., Inc.*, 76 Hawai'i 454, 465 &

n.12, 879 P.2d 1037, 1048 & n.12 (1994) (emphasis added).  Here, Count

"IV" states only that Ms. Barber "incorporates by reference all factual

allegations" and does not provide any further facts or explanation about what

acts were "intentional or reckless" and "outrageous" or why they would be

considered such.  *See* Countercl. at ¶ 35.  Ms. Barber only asserts that as a

result of Ohana and FCRM's "actions," she has suffered "severe, substantial

and enduring emotional distress[.]"  *Id*. at ¶ 36.  These conclusory

allegations are insufficient.

In trying to address this deficiency in her Opposition, Ms. Barber focuses instead on her *own* conduct.  She suggests that *she* "did nothing more than exercise *her* right under a settlement agreement to continue informing military families of the risk of pesticide contaminated soils . . . ."  Opp. at 9 (emphasis added).  As alleged in the Complaint, Ohana and FCRM plainly dispute this characterization.  In any event, the only "intentional" conduct in the Counterclaim *by Ohana and FCRM* is the allegedly improper settlement proposal.  For the reasons cited in the MTD, and as a matter of law[1], this is plainly not conduct that would be "regarded as atrocious, and utterly intolerable in a civilized community."

### D.   Ms. Barber's Attempt to Revive Her Improperly Pled NIED Claim Is Without Basis and Wholly Improper

With respect to Ms. Barber's claim for negligent infliction of emotional distress ("NIED"), Ms. Barber incorrectly asserts that "an injury to property is adequate to support a claim" for NIED.  Opp. at 11.  But as the Hawai'i Supreme Court explained in *Doe Parents No. 1 v. State, Dept. of*

---

[1] The question of outrageousness "is for the court in the first instance," *see Ross*, 76 Hawai'i at 465, 879 P.2d at 1048, and it is therefore capable of determination on a motion for dismiss, *see, e.g.*, *Siales v. Haw. Elec. Co.*, Civil No. 13-00413 LEK-KSC, 2013 U.S. Dist. LEXIS 168958, *27 (D. Haw. Nov. 27, 2013) (granting motion to dismiss).

*Educ.*, 100 Hawai'i 34, 58 P.3d 545 (2002) (cited by Ms. Barber in the Opp.

at 10):

> HRS § 663–8.9 (1993)[2] . . . requires *a predicate physical injury to the NIED claimant* before he or she may recover damages for negligent infliction of emotional distress, *where he or she claims that the psychological distress arises solely out of damage to property or to material objects*. . . . As such, the law as it currently stands in Hawai'i is that an NIED claimant must establish, . . . that *someone* was physically injured by the defendant's conduct . . . .

*Id*. at 69, 58 P.3d at 580 (citations omitted; bold emphasis added).

Only narrow exceptions to the predicate physical injury

requirement have been permitted for cases that provide "the requisite

assurance that plaintiff's psychological distress is trustworthy and genuine."

*Baham v. Ass'n of Apt. Owners of Opua Hale Patio Homes*, No. CIV. 13-

---

[2] HRS § 663-8.9 provides:

> (a) *No party shall be liable for the negligent infliction of serious emotional distress or disturbance if the distress or disturbance arises solely out of damage to property or material objects*.

> (b) This section shall not apply if the serious emotional distress or disturbance results in physical injury to or mental illness of the person who experiences the emotional distress or disturbance.

(Emphasis added).

00669 HG-BMK, 2014 WL 2761744, at *22 (D. Haw. June 18, 2014).  This

includes claims involving a plaintiff's "alleged actual exposure to HIV-

positive blood, mishandling of a corpse, and negligent placement of a child

in an environment with a child molester."  *Id*. at 23.  Ms. Barber does not

plead *any* facts that could constitute such an exception here.  *See id*.; *U.S.

E.E.O.C. v. NCL Am*., 535 F.Supp.2d 1149, 1171–72 (D. Haw. 2008).[3]

### E.   Ms. Barber's Chapter 842 Claim Demonstrates the Absurd Nature of Her Counterclaim

Just like in her Counterclaim, Ms. Barber's Opposition fails to

point to *any* facts that could support an "organized crime" claim under HRS

Chapter 842.  Ms. Barber baldly asserts that Plaintiffs committed "extortion"

by filing the PI Motion and the instant lawsuit to "compel Barber to abstain

from her right under the settlement agreement to continue informing military

families of the risks of pesticide contaminated soils and advocating for their

health and safety . . . ."  Opp. at 12.  This argument fails for at least two

fundamental reasons.

---

[3] In addition, although the Counterclaim does not identify any injury to property, Ms. Barber claims in her Opposition that she has "been forced to incur the expense of returning from her current home in Florida to testify at an evidentiary hearing in the preliminary injunction motion."  Opp. at 11. Ms. Barber cites no authority suggesting that an order by Judge Gillmor that Ms. Barber appear in person at a hearing could possibly support the predicate necessary for an NIED claim.

11

First, the lawful exercise of Ohana and FCRM's legal rights through the PI Motion and this lawsuit cannot satisfy the definition of "extortion."  If it did, every lawsuit would constitute "extortion."  Second, even if these bare assertions were somehow enough to allege a claim of criminal extortion—which they plainly are not—Ms. Barber would nonetheless still need to allege facts that could support the predicate acts of a civil racketeering claim or claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  *See TSA Int'l Ltd. v. Shimizu Corp.*, 92 Hawai'i 243, 263, 990 P.2d 713, 733 (1999) (elements of a civil RICO claim include "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.").  Inasmuch as she does not allege ***any*** such facts, her claim fails.  *Okawaki v. First Hawaiian Bank*, No. 16-00232 DKW-KSC, 2016 WL 2858779, at *3 (D. Haw. May 16, 2016) ("The Complaint does not sufficiently plead any of these elements.  Plaintiff does not identify the predicate acts that form the basis of the alleged 'scheme of racketeering.'").

### F.  Ms. Barber Cannot Plead That This Lawsuit Is a SLAPP and, In Any Event, There Is No Independent Cause of Action Under the SLAPP Statute

As an initial matter, ***there is simply no independent cause of action or claim for violation of Chapter 634F***.  Instead, the SLAPP rules provide for a special procedural vehicle for filing motions to dismiss where

one party contends that a lawsuit constitutes a SLAPP. *See* Haw. Rev. Stat.
§ 634F-2; *Perry v. Perez-Wendt*, 129 Hawai'i 95, 99-100, 294 P.3d 1081,
1085-86 (App. 2013). (discussing unique procedural aspects of Chapter
634F). The Court's analysis should stop here.

   In addition, and as discussed in the MTD, Ms. Barber has failed
to plead either of the elements of a SLAPP—*i.e.*, that the instant lawsuit "(1)
'lacks substantial justification or is interposed for delay or harassment[;]'
and (2) 'is solely based on the party's public participation before a
governmental body.'" *Perry*, 129 Hawai'i at 100, 294 P.3d at 1086. In her
Opposition, Ms. Barber asserts that the allegations in her Statement of Facts
satisfy these requirements, but she makes absolutely no attempt to explain
why that would be to the case. Nor does she cite a single case that has held
that similar facts constitute a SLAPP. There is absolutely no ***factual***
allegation (as opposed to legal conclusion) that the instant lawsuit "lacks
substantial justification or is interposed for delay or harassment" (indeed,
this Court recently concluded that it should not be dismissed). Second, the
lawsuit is not based on Ms. Barber's "public participation before a
governmental body"—*i.e.*, her testimony before the District Court in
connection with the PI Motion—it is based upon her conduct ***prior to*** that

13

proceeding where she used social media to encourage MCBH residents to

file lawsuits against Ohana and FCRM.  *See generally* Compl.

### G.   Ms. Barber Admits Her Claim for Vexatious Litigation Should Be Dismissed

Because Ms. Barber admits that a vexatious litigant under HRS

Chapter 634J must be a natural person, her claim should be dismissed ***with***

prejudice.  There are no facts that Ms. Barber could later allege that could

transform Ohana and FCRM into natural persons so as to maintain such a

claim.

### H.   The Act of Filing a Lawful Motion or Lawsuit Cannot Constitute an Invasion of Privacy

The entirety of Ms. Barber's claim in Count "XIII" is that

Plaintiffs "have intruded upon [Ms. Barber's] seclusion, have publicly

disclosed private facts and portrayed [Ms. Barber] in a false light."

Countercl. at ¶ 57.  This is nothing more than a string of conclusions, and it

cannot support a cause of action.

Ms. Barber's Opposition similarly fails to identify ***any*** factual

allegations that could support a claim for invasion of privacy.  Ms. Barber

argues that the act of filing the PI Motion and instant lawsuit somehow

constituted an intrusion upon her seclusion, but she fails to explain ***how*** this

could possibly be the case.  The mere filing of a lawsuit or a motion cannot,

14

in and of itself, be enough to support a claim for invasion of privacy.  If this were the case, then, just like Ms. Barber's theory on "extortion," there would be an "invasions of privacy" every time a lawsuit was filed or a motion was brought.  By failing to assert any other facts to support any of the three elements of her claim, *see Taylor v. Franco*, No. CIV. 09-00002 JMS, 2011 WL 2118270, at *7 (D. Haw. May 2, 2011), Ms. Barber has failed to property plead her claim.

In this same vein, Ms. Barber asserts that the Counterclaim alleges a claim of false light, but she again fails to identify any facts set forth in the Counterclaim that could support the elements of this claim.  It is not enough to ***conclude*** that, "[t]he actions of OMC as alleged in the counterclaim are highly offensive to Barber and place her in a false light before the public as someone who allegedly disseminates inaccurate information on social media."  Opp. at 14.  What actions?  How do these actions satisfy any of the required elements?  Moreover, and as explained in the MTD, how could Ms. Barber's own public comments made on her numerous public social media platforms place her in a false light?  Ms. Barber has plainly failed to properly plead these claims.

### I.      Ms. Barber Has Not Pled a Violation of Her Civil Rights

Ms. Barber fails to point to any *factual* allegations that could

support her *conclusion* that Ohana and FCRM "wrongfully pursu[ed] claims

against her" in violation of her civil rights.  Countercl. at ¶ 60.  *What*

specific actions were taken by Ohana and/or FCRM and *how* did these

actions foreclose her civil rights?  What civil rights were violated?  Instead

of identifying any such facts in her Opposition, Ms. Barber misconstrues

Ohana and FCRM's point that the settlement agreement foreclosed some of

her rights to speak about certain details of the settlement, and that she

therefore *needs to make some allegations beyond that*.  Because she has

not, her claim must be dismissed.[4]

### J.      Ms. Barber's "Wrongful Settlement" Claim Makes No Sense

As identified in the MTD, it is initially unclear what claim

Ms. Barber is trying to maintain in this count, or what relief she is claiming

she is entitled to.  For instance, does she contend that a provision of the

---

[4] In an attempt to cure the Counterclaim's failure to allege any basis for bringing a constitutional claim against private entities such as Ohana and FCRM, Ms. Barber asserts that the Navy is a member of Ohana and Ohana is thus a "public/private enterprise."  Opp. at 15.  She does not allege how or if the Navy was involved in any of the challenged conduct, and she makes no claims regarding FCRM.  *See Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) ("A threshold requirement of any constitutional claim is the presence of state action.").

16

settlement agreement is void or unenforceable, or that the settlement agreement was procured by fraud or duress?

In her Opposition, Ms. Barber asserts that her claim arises from certain documents not having been produced in *Barber I*, which "wrongfully induced" her to settle.  Opp. at 15.  She then asserts that, "a party is not immune from liability for civil damages based on that party's ***fraud*** engaged in during prior litigation proceedings." *Id*. (emphasis added).  Ms. Barber indisputably fails to plead with any particularity the requirements of fraud— namely, "the times, dates, places, or other details of the alleged fraudulent activity." *Soriano v. Wells Fargo Bank, N.A*., No. CIV. 11-00044 SOM, 2012 WL 1536065, at *11 (D. Haw. Apr. 30, 2012).  ***Nor does she even identify the allegedly withheld documents***.  Nor does she allege how they would have impacted any settlement.  Count "XV" does not remotely resemble a properly pled claim.

## III.   CONCLUSION

For all the foregoing reasons, Ohana and FCRM respectfully request that the Court dismiss Ms. Barber's Counterclaim.

DATED:  Honolulu, Hawai'i, July 20, 2018.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF
KAMALA S. HAAKE

Attorneys for Plaintiffs
OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC