IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CARA BARBER,<br><br>          Defendant. | CIVIL NO.  18-00042 KJM<br><br>MEMORANDUM IN SUPPORT OF MOTION TO SEAL |

## MEMORANDUM IN SUPPORT OF MOTION

**I.     INTRODUCTION**

Plaintiffs Ohana Military Communities, LLC ("Ohana") and Forest City Residential Management, LLC ("Forest City") (collectively "Plaintiffs") move the Court, *ex parte*, to file certain documents under seal, as set forth below.

***First,*** **Exhibit 1** is an unredacted excerpt of the Settlement Agreement entered into between Plaintiffs and Defendant Cara Barber ("Barber") in February 2016.  Specifically, it is the confidentiality provision.  This is the same exhibit that was previously sealed by this Court in connection with Plaintiffs' Motion to Dismiss Barber's Counterclaim (Exhibit 5 thereto).  (*See* ECF Nos. 33, 35.)

In its Order Granting Plaintiffs' Ex Parte Motion to File Under Seal Unredacted Motion to Dismiss Counterclaim and Exhibit 5, this Court noted that it

would need to address the issue again if a similar motion was filed in connection with a motion for summary judgment or at trial.  Plaintiffs recognize this Court's discussion of the need to balance the public interest in access to judicial documents with the parties' compelling interests in retaining confidentiality under the circumstances of this case.  Plaintiffs also recognize that in this Court's November 30, 2018 order granting in part and denying in part Plaintiffs' motion to dismiss the Counterclaim, ECF No. 51, which was publicly filed, this Court quoted a passage from this confidentiality provision.  The confidentiality provision is the only provision at issue in Count I of Barber's Counterclaim (the only remaining claim), and Plaintiffs' motion for summary judgment relating thereto.  As such, there is no need for the public to access the other confidential parts that are not being challenged here.  To this end, therefore, Plaintiffs do not object to the Court unsealing the confidentiality provision, **Exhibit 1**.

*Second,* **Exhibits 2 and 3** are the Settlement Agreement (in its entirety) and the Settlement Memorandum that Barber contends constituted a breach of the Settlement Agreement.  As discussed at length below, these documents should remain under seal.  It would be fundamentally unfair to force Plaintiffs to disclose these highly confidential documents in order to defend themselves from this baseless counterclaim.  However, should this Court be inclined to require the entire Settlement Agreement and Settlement Memorandum

to be filed publicly (which, to be clear, Plaintiffs argue should not be done here), Plaintiffs respectfully request that the specific settlement consideration be sealed. The consideration for the settlement has no relevance to this case, and there are compelling reasons in sealing and keeping confidential this information.

*Third,* Plaintiffs request the Court's permission to publicly file the unredacted Motion for Summary Judgment and the unredacted Concise Statement. These documents quote from a part of the confidentiality provision of the Settlement Agreement, and, in an abundance of caution, Plaintiffs have redacted the publicly-filed versions of these documents. However, this same part of the provision was quoted and publicly disclosed in this Court's November 30, 2018 Order. (ECF No. 51 at 11.) Therefore, Plaintiffs believe it would be appropriate to publicly file the unredacted versions of these documents, but, in an abundance of caution, Plaintiffs have filed them under seal in the first instance.

## II.    LEGAL STANDARD

Pursuant to Rule 83.12(a) of the Local Rules of Practice for the United States District Court for the District of Hawaiʻi, "[a]ny party may seek leave to file under seal any pleading, declaration, affidavit, document, picture, exhibit, or other matter if it contains confidential, restricted, or graphic information and/or images." This rule requires that motions to file under seal include "the

applicable standard for sealing the information" and a discussion of "how that standard has been met."  L.R. 83.12(b).

"[C]ourts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).  However, a court may seal judicial records when it finds a compelling reason exists.  *Ctr. for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1096–97 (9th Cir. 2016).  "The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.  . . . What constitutes a 'compelling reason' is best left to the sound discretion of the trial court."  *Id*. (citation, brackets and quotation marks omitted).

## III.   THE DOCUMENTS SHOULD BE SEALED

As set forth below, compelling reasons exist for sealing portions of the Settlement Agreement and the Settlement Memorandum.

### A.   Background

#### 1.   Settlement Agreement

As this Court is aware, this matter originally stems from a class action in *Barber, et al. v. Ohana Military Communities, LLC, et al.*, CV 14-00217 HG-RLP ("*Barber I*").  After a year-and-a-half of litigation, the parties settled the matter, put the settlement on the record on January 5, 2016, and entered into a Settlement Agreement.  (*See Barber I*, ECF No. 265; Complaint, ECF No. 1, ¶ 28;

4

Counterclaim, ECF No., 19 ¶ 11.) The oral record of the settlement was sealed. (*See* Declaration of Randall Whattoff ("Whattoff Decl.") ¶ 3.) Due to the nature of the claims alleged in *Barber I*, a key provision of the settlement agreement was that its terms remain confidential. Recognizing the confidential nature of the settlement, the parties did not file the Settlement Agreement with the district court. (Whattoff Decl. ¶ 4.)

### 2. Settlement Memorandum

As discussed in Plaintiffs' Motion for Summary Judgment, Ohana had drafted one-page Settlement Memorandum in January 2016 relating to the settlement that had been reached at a settlement conference in *Barber I*. The Settlement Memorandum requested confirmation that Ohana could execute the long-form settlement agreement and perform the settlement obligations. Ohana sent this memorandum to persons at the Naval Facilities Engineering Command ("NAVFAC"). Ohana did not send the Settlement Memorandum to any individuals outside of the Navy. (*See* Declaration of Gregory Raap at ¶ 5.) After the Settlement Memorandum was sent, the Navy confirmed that Ohana could execute the long-form settlement agreement and perform the settlement obligations. The Settlement agreement was then executed in February 2016. (Raap Decl. ¶ 6.)

### 3. Barber's Solicitation Campaign

A few months after the dismissal, Barber launched an extensive solicitation campaign seeking new clients for the law firms that had represented her in *Barber I* and encouraging new lawsuits against Ohana and Forest City. (*See* Complaint ¶¶ 31-40.)  In response to this conduct, Ohana and Forest City filed a Motion for Preliminary Injunction and Order to Show Cause re Violations of the Parties' Settlement Agreement ("PI Motion").  (*See* ECF Nos. 27-3, 51 at 6.)  Ohana and Forest City moved, *ex parte*, to file under seal their unredacted PI Motion and the Settlement Agreement. The district court granted this motion on June 27, 2016.  (*Barber I*, ECF No. 286.)  The court permitted those portions of the filings containing specific terms from the settlement agreement or discussions of settlement negotiations to be sealed.  (*Id*. at 2.)

In August 2016, the district court conducted a five-day evidentiary hearing on the PI Motion.  The district court found in favor of Ohana and Forest City and enjoined Barber from "directly or indirectly violating the Confidentiality Provision of the Parties' January 5, 2016 Settlement Agreement and Release." (*See* ECF No. 27-4 at 40.)[1]  The district court sealed portions of its August 26,

---

[1] Further, in its Preliminary Injunction Order, the district court recognized that Ohana and Forest City's submitted evidence of mediation demand letters that had been sent by Barber's attorneys in response to Barber's internet postings. (ECF No. 27-4 at 30.)  Those demand letters indicated that Barber's attorney were representing new clients who were seeking nearly identical relief to that sought by

2016 Order Granting, in Part, Defendants' Motion for Preliminary Injunction (ECF No. 278) (*Barber I*, ECF No. 341) (ECF No. 27-4) (hereinafter "Preliminary Injunction Order") that discussed or quoted from the settlement agreement.

Thereafter, Barber appealed the Preliminary Injunction Order to the Ninth Circuit. Ohana and Forest City filed a motion to maintain documents under seal. The Ninth Circuit agreed and permitted the Settlement Agreement to be filed under seal. (*See* Whattoff Decl. ¶ 7; *Barber I*, Ninth Circuit Appeal, No. 16-16688, Dkt. 22, 12/6/16 Order.)

This court has similarly permitted an excerpt of the Settlement Agreement to be filed under seal. Specifically, on July 6, 2018, this court granted Plaintiffs' *Ex Parte* Motion to File Under Seal Unredacted Motion to Dismiss Counterclaim and Exhibit 5. (ECF No. 33.) This court did, however, indicate that the parties should remain cognizant of the presumption in favor of maintaining public access to judicial records that are not of a type "traditionally kept secret for important policy reasons." (*Id*. at 2 (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).) This court also noted that a party seeking to seal attachments to a motion for summary judgment must overcome this presumption by showing compelling reasons therefor. (*Id*.)

---

Barber. (*Id*. at 31; s*ee also* Whattoff Decl. 6.)

### B. There are Compelling Reasons to Seal the Settlement Agreement

As discussed below, there *are* compelling reasons for sealing the confidential settlement documents herein. Further, an appropriate balance can be struck between this need to maintain this confidentiality and the public's interest in access to judicial documents. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (recognizing that "the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.") (citation, brackets and quotation marks omitted). To this end, should this court wish to permit public access to certain parts of the Settlement Agreement, Plaintiffs propose this be limited to paragraph 4 of the Settlement Agreement, a copy of which is attached as **Exhibit 1** (and previously sealed by this Court, ECF Nos. 33, 35.) Paragraph 4 is the confidentiality provision and the only provision at issue in this matter.

### 1. The Circumstances Here Demonstrate Compelling Interests in Retaining Confidentiality

Initially, given the nature of the claims in the original class action, the parties agreed to a strict confidentiality provision. *See* **Exhibits 1-2** ¶ 4; Answer (ECF No. 19) ¶ 3; Counterclaim (ECF No. 19) ¶¶ 11-12, 24; 11/30/18 Order (ECF No. 51) at 3, 7. Plaintiffs would not have entered into the Settlement Agreement without this provision. (Whattoff Decl. ¶ 4.).

Courts have recognized the importance of settlement and negotiated confidentiality. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (recognizing that where parties enter into a settlement agreement conditioned upon confidentiality, and the settlement agreement is not filed in court, there is "no established presumption of access . . . with respect to the information contained in them" and "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage."); *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010) ("Courts have found that a company's interest in the privacy of its financial records and the terms of confidential agreements, however, often outweigh the public right of access."); *Vista India, Inc. v. Raaga, LLC*, No. CIV. A. 07-1262 HAA, 2008 WL 834399, at *2–3 (D.N.J. Mar. 27, 2008) ("Public access to materials filed with the court may also be restricted to keep private agreements confidential.").

Confidentiality is especially important in this case because Barber has engaged in a coordinated campaign with her attorneys to improperly recruit new plaintiffs for new lawsuits against Ohana and Forest City. She has used her social media platforms in furtherance of this campaign. *See* Compl. (ECF No.1) at ¶¶ 31–52. The repercussions of Barber's conduct were very real and felt by Plaintiffs. Since the beginning of her solicitation campaign, numerous families, through

Barber's counsel, sent mediation demands to Ohana and Forest City. Barber's counsel has also filed several lawsuits against Ohana and Forest City on behalf of families who have resided at MCBH, alleging the same claims as previously made by Barber. (*See* Whattoff Decl. ¶¶ 5-6.) If all of the terms of the Settlement Agreement are publicly released, it could be used as part of this campaign. Courts have recognized that such improper motives constitute a compelling basis for sealing documents. *See Kamakana*, 447 F.3d at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files **might have become a vehicle for improper purposes**, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.") (citations and quotations omitted) (emphasis added).

      **2.**    **The Confidentiality Provision of the Settlement Agreement is the Only Portion Relevant to Barber's Breach of Contract Claim Against Ohana**

Barber's Counterclaim consists of eleven counts, all of which have been dismissed by this Court's November 30, 2018 order, with the exception of a portion of Count I. (ECF No. 51). The remaining portion of Count I alleges a breach of contract claim against one Plaintiff, Ohana Military Communities, LLC. Barber alleges that, "[i]n 2017 and/or 2018, in response to a FOIA request by a known news agency, Reuter's News Service, the United States Navy sent

documents describing the terms of the original settlement, including the settlement amount, thereby breaching" the confidentiality provision of the settlement agreement. (Counterclaim, ECF No. 19, ¶¶ 20, 24; *see also* 11/30/18 Order, ECF No. 51, at 4-5, 10.) Barber's claim implicates only the confidentiality provision – paragraph 4 – of the Settlement Agreement. Accordingly, this is the only portion of the Settlement Agreement relevant to this Court's decision as to Plaintiffs' motion for summary judgment on Count I of Barber's Counterclaim. Thus, if this court is inclined to permit public access to a portion of the Settlement Agreement, it should be just this portion. (*See* **Exhibit 1**.)

        Further, the public filing of **Exhibit 1** is an appropriate balance of the parties' interests in confidentiality against the public's interest in access to judicial documents, should this court be inclined to unseal **Exhibit 1** (previously sealed as Exhibit 5 to Plaintiffs' Motion to Dismiss Barber's Counterclaim.) The vast majority of the pleadings and documents to date have been made publicly available, and a portion of the confidentiality provision has already been made public in this Court's November 30 order. Plaintiffs respectfully request, therefore, that should this Court be inclined to require Plaintiffs to publicly file the contents of the Settlement Agreement in connection with their Motion for Summary Judgment, it be in the form of **Exhibit 1**. *See Salazar v. Sysco Cent. California, Inc.*, No. 115CV01758DADSKO, 2017 WL 68114, at *2 (E.D. Cal.

11

Jan. 5, 2017) (holding that the "parties have presented sufficiently 'compelling reasons' for the sealing" certain "portions of the settlement agreement"; recognizing that "these sections of the agreement pertain to aspects of the parties' agreement that *are not relevant* to settlement of plaintiff's PAGA claims" at issue) (emphasis added).

### C. At a Minimum, the Settlement Consideration Should be Redacted

In the alternative, should this Court believe that publicly filing paragraph 4 of the Settlement Agreement is not sufficient to protect the public's interests in access to judicial documents in this matter, then, at a minimum, the settlement consideration should be redacted and sealed, as set forth in both **Exhibits 2 and 3**. The consideration for the settlement agreed to by the parties in *Barber I* does not have any bearing on Barber's claims relating to Plaintiffs' alleged breaches of the confidentiality provision. Her claims are instead based on the fact of disclosure. (*See* Counterclaim ¶ 20.) Accordingly, should this Court be inclined to require the entire Settlement Agreement and Settlement Memorandum to be filed publicly, at the very least, the consideration for the settlement should be redacted to protect the parties' interests.

Other courts have held that sealing the specific settlement consideration is warranted. For instance, in *Hummel v. Bimbo Bakeries USA, Inc.*, No. 14-CV-03683-JSC, 2015 WL 13738406, at *3 (N.D. Cal. Sept. 21, 2015), a

former employee brought an action against his employer, alleging violations of the Fair Labor Standards Act. The parties settled and sought judicial approval of the agreement. The court granted, in part, the employer's motion to seal the consideration for the settlement. The court recognized the need to balance the interests of the public and the compelling interests of the party who seeks to seal, but also recognized that, "there is no general public interest in the precise settlement amount[.]" *Id*. at *3. The court further noted that,

> As a magistrate judge who frequently presides over settlement negotiations, the Court is mindful that the monetary amount of a settlement is **often a highly sensitive matter for both parties**. To prohibit parties as a matter of course from maintaining the confidentiality of this information in individual settlements . . . will discourage settlements. Further, in individual actions such as this the cost of litigation may prove prohibitive for a plaintiff taking a case through trial, but defendants might well be dissuaded from settling if they know that the amount of each settlement will be public.

(emphasis added); *see also Resoso v. Clausing Indus., Inc.*, No. 214CV00102RFBGWF, 2019 WL 131834, at *2 (D. Nev. Jan. 8, 2019) ("The Court finds that that compelling reasons exist to maintain the confidentiality of the settlement amount. Confidentiality was a material consideration to, and an essential element of, Plaintiff and ARC, Inc,'s agreement to settle. ARC, Inc.'s interest in maintaining the confidentiality of the settlement outweighs the public's interest in knowing the specific amount of the settlement."); *Johnson v. Bank of*

13

*Am. NA*, No. CV-16-04410-PHX-JJT, 2017 WL 9988653, at *2 (D. Ariz. May 30, 2017) ("Court here finds that the parties have satisfied the compelling interest test to justify the sealing of the settlement amounts themselves, as the Court recognizes the public interest in not discouraging settlements.").

It would be fundamentally unfair here to force Plaintiffs to disclose the consideration for the settlement, after having negotiated for such confidentiality, as a result of Barber's improper conduct.  Had Barber complied with Settlement Agreement in the first instance, Plaintiffs would not have been forced to file the instant action to protect their interests and recover for damages caused by Barber's violation.  It would likewise be unfair to require the consideration for the settlement to be disclosed as a result of Plaintiffs having to defend themselves against the spurious claims set forth in Barber's Counterclaim.  Thus, there are compelling reasons to seal the consideration for the settlement in both **Exhibits 2 and 3**.

### D. Public Filing of the Pleadings

Finally, Plaintiffs request the Court's permission to publicly file the unredacted Motion for Summary Judgment and the unredacted Concise Statement. These documents quote from the confidentiality provision of the Settlement Agreement, and, in an abundance of caution, Plaintiffs have redacted the publicly-filed versions of these documents.  However, this same language was quoted and

publicly disclosed in this Court's November 30, 2018 Order. (ECF No. 51 at 11.) Therefore, Plaintiffs believe it would be appropriate to publicly file the unredacted versions of these documents, but, in an abundance of caution, Plaintiffs have filed them under seal in the first instance.

**IV. CONCLUSION**

For the foregoing reasons, sealing limited portions of these documents balances the compelling interests of encouraging settlement and ensuring that the parties' expectations of confidentiality are protected, while also balancing the interests of the public in access to judicial documents.

DATED: Honolulu, Hawai'i, January 23, 2019.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF
KAMALA S. HAAKE

Attorneys for Plaintiffs
OHANA MILITARY COMMUNITIES, LLC
and FOREST CITY RESIDENTIAL
MANAGEMENT, LLC