LYONS, BRANDT, COOK & HIRAMATSU
Bradford F. K. Bliss   3161-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030
bbliss@lbchlaw.com

LAW OFFICES OF IAN L. MATTOCH
P. Kyle Smith         9533
737 Bishop Street, Suite 1835
Honolulu, Hawaii 96813
Telephone:  (808) 523-2451
kyle@ianmattoch.law

REVERE & ASSOCIATES LLLC
Terrance M. Revere  5857
970 N. Kalaheo Avenue, Suite A301
Kailua, Hawaii 96734
Telephone :  (808) 791-9550
terry@revereandassociates.com

*Counsel for Cara Barber*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CARA BARBER,<br><br>Defendant. | CIVIL NO. 18-00042 KJM<br><br>DEFENDANT CARA BARBER'S OPPOSITION TO OHANA MILITARY COMMUNITIES, LLC, AT AL'S *EX PARTE* MOTION TO SEAL EXHIBITS TO MOTION FOR SUMMARY JUDGMENT [ECF 74]; EXHIBITS 1-2; DECLARATION OF P. KYLE SMITH; CERTIFICATE OF SERVICE. |

## DEFENDANT CARA BARBER'S OPPOSITION TO OHANA MILITARY COMMUNITIES, LLC, AT AL'S *EX PARTE* MOTION TO SEAL EXHIBITS TO MOTION FOR SUMMARY JUDGMENT [ECF 74]

### I. INTRODUCTION

Ohana Military Communities, et al.'s (collectively "OMC") *Ex Parte* Motion to Seal [ECF 74] seeks to restrict public access to information and documents that are *already* public and that are *directly* at issue in this litigation. Despite attaching both as exhibits to a dispositive motion against Barber, OMC wishes to prohibit the public from learning the amount of the parties' February 2016 Settlement Agreement ("Agreement") and from seeing OMC's 2016 Settlement Memorandum. OMC claims this treatment is warranted because it "never would have settled" without an agreement to keep the settlement confidential,[1] and because precise settlement amounts are frequently confidential.[2] Neither argument, however, meets the "strong presumption" against sealing documents from the public, which requires a "compelling reason" supported by "specific factual findings."[3] Instead, the undisputed fact is that both the Settlement Memo and the settlement amount are *already public* because of the ongoing breach of the settlement by OMC through its partner and LLC member. Further, OMC's defamation claim and Barber's counterclaim expressly place the material terms of the Agreement at issue. Accordingly, because there is <u>no</u> compelling reason to restrict

---

[1] Motion at 8.

[2] Motion at 13.

[3] *Kamakana v. City and County of Honolulu*, 447 F3d 1172, 1178-79 (9th Cir. 2006).

documents and information that are already public and directly at issue in litigation, Barber respectfully requests this Court to deny OMC's motion to seal.

## II.    LEGAL AUTHORITY

OMC's motion studiously avoids mention in their brief of the actual standard to seal judicial records and documents beyond claiming there is "compelling reason" to seal. As the Ninth Circuit explains, a "strong presumption" exists against sealing documents filed in court proceedings.[4] This is based upon the common law right of public access to documents filed in connection with pretrial motions.[5] This strong presumption may be overcome "only by an overriding right or interest based on findings that **closure is essential to preserve higher values**[.]"[6]  Further, the party seeking to seal all or part of a document in connection with a dispositive motion must articulate "compelling reasons" **supported by specific factual findings**.[7] This is because it is more difficult to justify sealing documents that are used in court, or

---

[4] *Hagestad v. Tragesser*, 49 F3d 1430, 1434 (9th Cir. 1995).

[5] *San Jose Mercury News, Inc. v. U.S. District Court – Northern District (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999).

[6] *Oregonian Publishing Co. v. United States District Court (Oregon),* 920 F.2d 1462, 1465 (9th Cir. 1990).

[7] *Kamakana*, 447 F.3d at 1178-79.

attached to a pleading or substantive motion, than to restrict documents exchanged in discovery and never used in court.[8] As the Ninth Circuit in *Kamakana* cautions:

> We acknowledged explicitly in *San Jose Mercury News,* 187 F.3d at 1102, and later confirmed in *Foltz,* 331 F.3d at 1136, **strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments.** We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Valley Broadcasting,* 798 F.2d at 1294; *accord Foltz,* 331 F.3d at 1135–36 (noting that " 'summary judgment adjudicates substantive rights and serves as a substitute for trial' ") (quoting *Rushford v. The New Yorker Magazine,* 846 F.2d 249, 252 (4th Cir.1988)). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz,* 331 F.3d at 1136. **The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order.** *Id.* ("[T]he presumption of access is not rebutted where ... documents subject to a protective order are filed under seal as attachments to a dispositive motion. The ... 'compelling reasons' standard continues to apply.") (internal citations omitted).[9]

## III.   ARGUMENT

### A. OMC's "Compelling Reasons" Ignore Factual Reality and the Central Focus of its Case and Barber's Counterclaim

#### 1.   Both the Settlement Amount and Settlement Memo are Already Public.

Here, aside from claiming that Barber has engaged in an alleged "solicitation campaign," the "compelling reason" proffered by OMC to seal the Settlement Memo

---

[8] *Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.,* 340 F Supp 2d 1118, 1122 (D.C. Or. 2003). Id.

[9] *Kamakana*, 447 F.3d at 1179 (emphasis added).

and settlement amount is that it would not have settled without confidentiality and that settlements are frequently kept confidential.[10] OMC also notes that the Agreement's terms and amount were previously sealed in this litigation.[11]

These arguments fail, however, for several reasons. First, simply because documents have been sealed previously does not meet the substantial burden to demonstrate a compelling reason when they are attached to a dispositive motion.[12] More importantly, however, there is no reason to restrict public access, or burden the parties to file documents under seal, when the specific information and documents are *already* public and are *directly* at issue in this litigation. Indeed, the precise document and settlement amount that OMC seeks to restrict is *still* openly provided and available to

---

[10] Motion at 8.

[11] *Id.* at 7 ("This Court has similarly permitted an excerpt of the Settlement Agreement to be filed under seal.").

[12] *Kamakana*, 447 F.3d at 1179; *see also Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135–36 (9th Cir. 2003)("There are good reasons to distinguish between dispositive and nondispositive motions. In *Seattle Times,* the Supreme Court noted that "[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action." 467 U.S. at 33, 104 S.Ct. 2199. The same cannot be said for materials attached to a summary judgment motion because "summary judgment adjudicates substantive rights and serves as a substitute for trial." *1136 *Rushford v. The New Yorker Magazine,* 846 F.2d 249, 252 (4th Cir.1988). As the Fourth Circuit held in *Rushford,* "once the [sealed discovery] documents are made part of a dispositive motion [e.g., a summary judgment motion ruled upon by the court] ... they lose their status of being raw fruits of discovery," and no longer enjoy protected status "without some overriding interests in favor of keeping the discovery documents under seal." *Id.* at 252.").

the public through OMC's "partner" at: https://foiaonline.gov/foiaonline/action/public/submissionDetails?trackingNumber=DON-USMC-2018-004204&type=request. If one goes to this public link and downloads "RDT.Schneyer Part 2," any member of the public can review OMC's Settlement Memo and learn the "precise settlement amount."[13] Rather than confront the fact that its LLC partner has publicly disclosed the parties' settlement, OMC instead blames Barber while asking Barber and the Court to ignore reality and undertake the substantial burden and delay associated with sealing documents, pleadings, and arguments. This result is not justified and OMC's motion should be denied for failure to meet the clear standard required under Ninth Circuit precedent.

### 2. OMC's Complaint and Barber's Counterclaim Place the Agreement Directly at Issue.

OMC's stated justifications also fail because OMC's complaint and Barber's counterclaim place the material provisions of the Agreement at issue. Importantly, more provisions than just confidentiality are implicated by OMC's lawsuit. For example, OMC alleges that Barber has engaged in "defamation" by continuing to publicly address pesticide contamination at MCBH on Facebook and elsewhere following the parties' settlement. OMC fails to note, however, that Barber negotiated special protections within the Settlement *that allow her to continue to engage with the public about contamination at*

---

[13] *See* Excerpt of FOIA Production, RDT.Schneyer Part 2, attached hereto as **Exhibit 1.**

*MCBH*.[14] OMC's claim that only the confidentiality provision of the Agreement is implicated by this lawsuit is therefore simply untrue. Additionally, as OMC admits, Barber's counterclaim addresses OMC's failure to protect the confidentiality of the settlement. The relevancy of the information and documents at issue militates against the sealing of records.[15] It should also be pointed out that OMC's repeated allegation that secrecy is necessary because of an alleged "solicitation campaign" fails because "[u]nsupported hypothesis or conjecture" about speculative harm is not enough.[16]

Therefore, both to defend herself from OMC's attacks and to prosecute her Counterclaim, Barber must be able to freely use the Agreement without the unnecessary cost and restriction of sealing depositions, motions, and hearings. OMC's motion must therefore be denied.

3. **OMC Should Not Be Allowed to Seal the Terms of the Agreement In Court When Its Counsel and Partner Flaunt Confidentiality in Public.**

Finally, it is neither fair nor appropriate for OMC to ask to seal documents and information from the public (that are already public) and to expect Barber and the Court to undertake the burden of sealing hearings and documents, when its own counsel and LLC partner ignore confidentiality. For example, despite bringing incredibly expensive

---

[14] *See* February 2016 Settlement Agreement, attached to OMC's Ex Parte Motion at Seal as Exhibit 2 In Support of Separate Concise Statement of Facts at ¶7.

[15] *Confederated Tribes of Siletz Indians*, *supra*, 240 F Supp 2d at 1123; *see also Ctr. for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1097–98 (9th Cir. 2016).

[16] *Kamakana*, 447 F.3d at 1179.

and protracted proceedings against Barber for telling a friend she settled for "an undisclosed amount," OMC's own counsel states in unsealed hearings and documents that Barber settled for "an amount." For instance, after the Court warned the parties that the transcript was <u>not</u> sealed during hearing on OMC's motion to dismiss, OMC's counsel claimed he was "[n]ot sure what's alleged to have been disclosed either. **Is it the settlement amount?** Is it that the actual settlement agreement was transmitted? We certainly aren't aware of any transmittal that's occurred to the Navy."[17] Similarly, OMC's ex parte brief acknowledges that OMC settled with Barber and other military families for some "amount." While these references to "amount" seem innocuous – and Barber agrees they are – the fact of the matter is that OMC filed a motion to enjoin Barber that cost her years of time and hundreds of thousands of dollars for saying the same words that OMC's counsel and partner use now openly. It is therefore exceedingly disingenuous for OMC to allege that Barber's alleged breach of confidentiality has harmed OMC while the conduct of its counsel and partner are overlooked.

## IV. CONCLUSION

For the above reasons, OMC's motion provides no compelling reason nor specific factual basis to justify restricting any part of the parties' Agreement or OMC's Settlement Memo from the public. Instead, the undisputed facts are that: a) the precise

---

[17] Transcript of Hearing on Motion to Dismiss, attached hereto as **Exhibit 2**, at 5:12-16.

settlement amount is already public; b) OMC's Settlement Amount is public; and c) the material terms of the Agreement are at issue within OMC's complaint and Barber's counterclaim. Accordingly, Barber respectfully requests this Court to deny OMC's motion.

    DATED: Honolulu, Hawaii, January 30, 2019.

*/s/ Kyle Smith*

P. KYLE SMITH
TERRANCE M. REVERE
BRAD BLISS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CARA BARBER,<br><br>Defendant. | CIVIL NO. 18-00042 KJM<br><br>DECLARATION OF KYLE SMITH |

## DECLARATION OF KYLE SMITH

I, P. KYLE SMITH, declare under penalty of law that the following is true and correct to the best of my knowledge and belief:

1. I am an attorney in the Law Offices of Ian Mattoch, over the age of eighteen, licensed to practice law before the courts of the State of Hawaii, and competent to testify to the matters herein.

2. Attached hereto as a true and correct copies of documents found and produced from the following website:

https://foiaonline.gov/foiaonline/action/public/submissionDetails?trackingNumber=DON-USMC-2018-004204&type=request.

3. Upon information and belief, these documents were made available to the public by Plaintiff Ohana Military Communities, LLC's partner/LLC member, which is the Department of the Navy.

4. Attached hereto as Exhibit 2 is a true and correct transcript of the Court's hearing on OMC's Motion to Dismiss filed in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Kailua, Hawaii, this 30th day of January 2019.

*Kyle Smith*
P. KYLE SMITH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, and RYAN ECKROTH On Behalf of Themselves and All Others Similarly Situated, <br><br> Class Plaintiffs, <br><br> vs. <br><br> OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE DEFENDANTS 1-10, <br><br> Defendants. | CIVIL NO. 14-00217 HG-KSC <br><br> CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2019 and by the methods of service noted below, a true and correct copy of the foregoing was duly served on the following at their last known addresses:

| **Served Electronically through CM/ECF:** | <u>E-mail address</u> |
|---|---|
| BRADFORD F. K. BLISS   3161-0 <br> 1800 Davies Pacific Center <br> 841 Bishop Street <br> Honolulu, Hawaii  96813 | bbliss@lbchlaw.com |

TERRANCE M. REVERE, ESQ.  
Pali Palms Plaza  terry@revereandassociates.com
970 N. Kalaheo Avenue, #A301  
Kailua, Hawaii 96734  
    *Attorneys for Plaintiff*

RANDALL C. WHATOFF, ESQ.  rwhatoff@cfhawaii.com
Cox & Fricke, LLLP  
800 Bethel Street, Suite 600  
Honolulu, Hawaii 96813

LISA MUNGER, ESQ.  lmunger@goodsill.com
CHRISTINE A. TERADA, ESQ.  cterada@goodsill.com
Goodsill Anderson Quinn & Stifel  
999 Bishop Street, #1600  
Honolulu, Hawaii 96813  
    *Attorneys for Defendants*

DATED: Honolulu, Hawaii, January 30, 2019.

                                                       P. KYLE SMITH  
                                                       TERRANCE M. REVERE  
                                                       BRADFORD BLISS