IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC,<br><br>    Plaintiffs,<br><br> vs.<br><br>CARA BARBER,<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 18-00042 KJM<br><br>ORDER DENYING PLAINTIFFS OHANA MILITARY COMMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S EX PARTE MOTION TO FILE UNDER SEAL EXHIBITS 2-3 TO SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF PLAINTIFFS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S MOTION FOR SUMMARY JUDGMENT, AND TO PUBLICLY FILE EXHIBIT 1 AND THE UNREDACTED PLEADINGS |

<u>ORDER DENYING PLAINTIFFS OHANA MILITARY COMMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S EX PARTE MOTION TO FILE UNDER SEAL EXHIBITS 2-3 TO SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF PLAINTIFFS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S MOTION FOR SUMMARY JUDGMENT, AND TO PUBLICLY FILE EXHIBIT 1 AND THE UNREDACTED PLEADINGS</u>

On January 23, 2019, Plaintiffs Ohana Military Communities, LLC and

Forest City Residential Management, LLC (collectively, "Plaintiffs") filed an Ex

Parte Motion to File Under Seal Exhibits 2-3 to Separate Concise Statement of

Facts in Support of Plaintiffs' Motion for Summary Judgment, and to Publicly File

Exhibit 1 and the Unredacted Pleadings ("Motion to Seal"). ECF No. 74. On January 30, 2019, Defendant Cara Barber ("Defendant") filed an Opposition to the Motion to Seal ("Opposition"). ECF No. 78. The Court did not allow for a reply.

The Court held a hearing on the Motion to Seal on February 6, 2019 ("02/06/2019 Hearing"). Randall C. Whattoff, Esq., appeared on behalf of Plaintiffs. P. Kyle Smith, Esq., and Bradford K. Bliss, Esq., appeared on behalf of Defendant. After carefully considering the memoranda, arguments, and record in this case, the Court DENIES Motion to Seal.

## BACKGROUND

I.   The Underlying Litigation

This case arises from a post-settlement dispute between Plaintiffs and Defendant in a separate lawsuit, *Barber, et al. v. Ohana Military Communities, LLC, et al.*, CV 14-00217 HG-RLP ("*Barber I*"). After almost two years of litigation, the parties in *Barber I* reached a settlement, the essential terms of which they placed on the record on January 5, 2016. *See Barber I*, ECF No. 265. The parties also memorialized the settlement in a written Settlement Agreement and Release ("Settlement Agreement"). *See Barber I*, ECF No. 341 at 9. The Settlement Agreement contains a confidentiality provision.

Subsequently, in June 2016, Plaintiffs alleged that Defendant breached the terms of the Settlement Agreement and filed a motion for relief from the court in

*Barber I*. In connection with their motion, and pursuant to the Settlement Agreement's confidentiality provision, Plaintiffs also requested permission to file the Settlement Agreement under seal. The district court granted Plaintiffs' request, finding that good cause existed to seal the Settlement Agreement. *See Barber I*, ECF No. 286 at 2. The parties are still involved in post-settlement litigation in *Barber I*.

II.     The Present Action

On January 31, 2018, Plaintiffs filed their Complaint against Defendant. ECF No. 1. Plaintiffs' Complaint asserts claims against Defendant arising out of statements she allegedly made on social media and the Internet regarding Plaintiffs and the underlying subject matter at issue in *Barber I*. *See id.* at ¶¶ 31-53. Plaintiffs allege that Defendant made these statements between April and June 2016, after the parties entered into the Settlement Agreement, and that such statements are false and defamatory. *See id.* at ¶¶ 41-48.

On May 31, 2018, Defendant filed a Counterclaim against Plaintiffs, alleging that Plaintiffs breached the Settlement Agreement and engaged in other misconduct. ECF No. 19-1. Plaintiffs subsequently filed a Motion to Dismiss Defendant's Counterclaim ("Motion to Dismiss"). ECF No. 27. The memorandum and exhibits in support of the Motion to Dismiss contained redacted recitations of the Settlement Agreement's confidentiality provision. Plaintiffs thus

filed a motion to filed under seal unredacted copies of such documents.  On July 6, 2018, the Court issued an order granting Plaintiff's request to seal the documents, finding good cause existed for purposes of the Motion to Dismiss ("07/06/2018 Order").  *See* ECF No. 33 at 2.  In doing so, however, the Court also cautioned the parties that it "may reach a different conclusion on summary judgment or at trial."  *Id.*

On November 30, 2018, this Court issued an order granting in part and denying in part the Motion to Dismiss ("11/30/2018 Order"), dismissing all claims asserted in the Counterclaim except Defendant's breach of contract claim against Plaintiff Ohana Military Communities, LLC ("Ohana").  ECF No. 51.  The 11/30/2018 Order, which the Court issued as a public document, quotes an excerpt of the confidentiality provision.  Pursuant to the 11/30/2018 Order, the only remaining claim in the Counterclaim is Defendant's breach of contract claim against Ohana.

The Counterclaim alleges that the United States Navy ("Navy") and Plaintiff Forest City Residential Management, LLC ("Forest City") are co-owners of Ohana.  *Id.* at ¶ 19.  The Counterclaim alleges that, in 2017 or 2018, the Navy disclosed the terms of the Settlement Agreement, including the settlement amount, to Reuter's News Service ("Reuter's") in response to a request from Reuter's under the Freedom of Information Act ("FOIA").  *Id.* at ¶ 20.  The Counterclaim alleges

that, because the Navy is an LLC member of Ohana, the Navy's disclosure of the Settlement Agreement constituted a breach of confidentiality provision of the Settlement Agreement by Ohana.

On January 23, 2019, Plaintiffs filed a Motion for Summary Judgment ("MSJ") and Separate Concise Statement of Facts in Support of the MSJ ("CSOF"), seeking summary judgment as to Defendant's Counterclaim. ECF Nos. 72, 73. Plaintiffs redacted the MSJ and CSOF to omit the quoted excerpts from the confidentiality provision. That same day, Plaintiffs filed the Motion to Seal, which concerns Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 5, and Exhibit 6 to the CSOF. ECF No. 74.

## DISCUSSION

I.  Exhibit 2 and Exhibit 3

Plaintiffs' Motion to Seal asks the Court to allow Plaintiffs to file under seal Exhibit 2 and Exhibit 3 to the CSOF. Exhibit 2 is a copy of the Settlement Agreement and Exhibit 3 is a memorandum regarding the Settlement Agreement ("Settlement Memo"). In both Exhibit 2 and Exhibit 3, Plaintiffs have also redacted the amount Plaintiffs paid Defendant as consideration for the Settlement Agreement ("consideration amount").

Based on the "general right to inspect and copy public records and documents, including judicial records and documents," there is a "strong

presumption" in favor of maintaining public access to judicial records that are not of a type "traditionally kept secret for important policy reasons." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This strong presumption "applies fully to . . . motions for summary judgment and related attachments." *Id.* at 1179.

A party seeking to seal attachments to a dispositive motion "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* at 1178. In doing so, the party "must 'articulate compelling reasons supported by specific factual findings' that outweigh . . . public policies favoring disclosure." *Id.* at 1178-79 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In other words, "conclusory offerings" regarding a document's confidentiality, standing alone, "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id.* at 1182. The "compelling reasons" standard applies "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate

libelous statements, or release trade secrets." *Id.* (other citation omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)).

The Court finds that Plaintiffs fail to demonstrate "compelling reasons" under *Kamakana* to seal the Settlement Agreement, or any portion thereof, for the reasons set forth below.

>    A.   Plaintiffs Fail to Articulate Compelling Reasons to Seal the Settlement Agreement

Plaintiffs fail to articulate compelling reasons based on specific facts that justify sealing the Settlement Agreement from public access. Plaintiffs allege that Defendant has "engaged in a coordinated campaign with her attorneys to improperly recruit new plaintiffs for new lawsuits against [Plaintiffs]." ECF No. 74-1 at 9. Plaintiffs contend that "[i]f all of the terms of the Settlement Agreement are publicly released, it could be used as part of this campaign." *Id.* at 10. Plaintiffs thus argue that preventing Defendant and her attorneys from using the Settlement Agreement to recruit new plaintiffs for new lawsuits is a compelling reason to seal the Settlement Agreement.

In *Kamakana*, however, the Ninth Circuit expressly stated that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, *or exposure to future litigation* will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (emphasis added) (citing *Foltz*, 331 F.3d at 1136). Thus, pursuant to *Kamakana*, Plaintiffs' concern that

public disclosure of the Settlement Agreement will expose Plaintiffs to future litigation, without more, is not a compelling reason to seal the Settlement Agreement.

Plaintiffs also argue that sealing the Settlement Agreement is appropriate because only the confidentiality provision is relevant to the MSJ.[1]  *See* ECF No. 74-1 at 10-11.  In support of this argument, Plaintiffs cite to *Salazar v. Sysco Cent. Cal., Inc.*, No. 1:15-cv-01758-DAD-SKO, 2017 WL 68114 (E.D. Cal. Jan. 5, 2017).  In *Salazar*, the parties filed a joint stipulation and motion, asking the district court for approval of the parties' settlement pursuant to California's Private Attorney General Act ("PAGA").  2017 WL 68114, at *1.  The district court ordered the parties to file a copy of the fully executed settlement agreement for the court's review and approval.  *Id.*  The parties subsequently filed a joint motion to "seal portions of the settlement agreement not relevant to the court's consideration and approval."  *Id.*  The district court granted the parties' request to seal portions of the settlement agreement, finding that such portions were "not relevant to the settlement of the plaintiff's PAGA claims."  *Id.* at *2.  The district court stated: "Thus, but for plaintiffs' PAGA claims, the parties would have had no reason to

---

[1] Plaintiffs' Motion to Seal also requests leave to publicly file a copy of the confidentiality provision as Exhibit 1 to the CSOF.  The Court addresses this request below.

submit these portions of the agreement for court approval, or otherwise publicly disclose those terms." *Id.*

*Salazar* is distinguishable, however, because it involved a request to seal a settlement agreement that resolved the litigation, whereas Plaintiffs request to seal the Settlement Agreement for purposes of their MSJ.  Plaintiffs cite no other case law or specific facts to support their request to seal the Settlement Agreement simply because the provisions therein, with the exception of the confidentiality provision, are allegedly irrelevant to the MSJ.  Thus, the Court is not persuaded that the purported irrelevance of provisions in a settlement agreement that was born out of a separate action constitutes a compelling interest to seal such provisions in connection with a motion for summary judgment.

Based on the foregoing, the Court finds that Plaintiffs fail to articulate compelling reasons based on specific facts to seal the Settlement Agreement for purposes of such MSJ that outweigh public policies favoring disclosure.  The Court thus denies the Motion to Seal as to Plaintiffs' request to seal Exhibit 2 to the CSOF.

> B.   Plaintiffs Fail to Articulate Compelling Reasons to Seal Only the Consideration Amount in the Settlement Agreement and Settlement Memo

Plaintiffs contend that even if the Court is not inclined to seal the entire Settlement Agreement, there are compelling reasons to seal the consideration

9

amount. In support of this contention, Plaintiffs cite to three cases where courts granted parties' requests to seal consideration amounts in filed settlement agreements. *See* ECF No. 74-1 at 12-14 (citing *Resoso v. Clausing Indus., Inc.*, Case No. 2:14-cv-00102-RFB GWF, 2019 WL 131834 (D. Nev. Jan. 8, 2019); *Johnson v. Bank of Am. NA*, No. CV-16-04410-PHX-JJT, 2017 WL 9988653 (D. Ariz. May 30, 2017); *Hummel v. Bimbo Bakeries USA, Inc.*, Case No. 14-cv-03683-JSC, 2015 WL 13738406 (N.D. Cal. Sept. 21, 2015)). Plaintiffs' cited cases are distinguishable from this case.

Like *Salazar*, the decisions in *Resoso*, *Johnson*, and *Hummel* concerned requests to file under seal a settlement agreement at the concluding stage of litigation, in relation to the parties' request for court approval of the settlement agreement. *See Resoso*, 2019 WL 131834, at *1; *Johnson*, 2017 WL 9988653, at *1; *Hummel*, 2015 WL 13738406, at *1. By contrast, Plaintiffs seek to seal the consideration amount at the summary judgment stage, where the Settlement Agreement was reached in *Barber I*, a separate, underlying case. Stated differently, the settlement agreements at issue in Plaintiffs' cited cases resolved claims, whereas the Settlement Agreement in this case is the subject of dispute in Plaintiffs' MSJ. Absent a compelling reason to seal part of a judicial record, the public is entitled to access for the benefit of understanding the judicial process on motions for summary judgment. *See Kamakana*, 447 F.3d at 1179 (recognizing

that a party seeking to seal a document attached to a dispositive motion must demonstrate compelling reasons "that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" (internal quotation marks and citation omitted)).

In addition, the Court notes that *Johnson* and *Hummel* discussed the compelling interests in sealing the settlement amount in a Fair Labor Standards Act ("FLSA") matter. *See Johnson*, 2017 WL 9988653, at *2; *Hummel*, 2015 WL 13738406, at *3. Neither this case nor *Barber I* involve FLSA claims. Based on the foregoing, the Court finds that *Resoso*, *Johnson*, and *Hummel* are inapplicable and do not support Plaintiffs' request to seal only the consideration amount in the Settlement Agreement.

Furthermore, the Court finds that the consideration amount has already been publicly disclosed in three significant ways. First, as Defendant alleges in her Counterclaim, Ohana (through its LLC member, the Navy) "sent documents describing the terms of the [Settlement Agreement], including the settlement amount . . ." to Reuter's. ECF No. 19-1 at ¶ 20. Second, a copy of the Settlement Memo, which indicates the consideration amount, was available for viewing and download by the public on a FOIA website. *See* ECF No. 78 at 6; ECF No. 78-1.[2]

---

[2] At the hearing on the Motion to Seal, Plaintiffs' counsel represented to the Court that, pursuant to counsel's request and efforts, the Navy removed the Settlement Memo from the FOIA website on February 5, 2019, the day before the hearing.

Third, Defendant publicly filed her Opposition, which includes a copy of the Settlement Memo from the FOIA website. *See* ECF No. 78 at 10, ¶ 2.

Plaintiffs do not dispute that the consideration amount has been disclosed to Reuter's. Indeed, Plaintiffs' MSJ all but concedes that the Navy disclosed the consideration amount in response to a FOIA request from Reuter's. *See* ECF No. 72-1 at 22. Plaintiffs contended at the 02/06/2019 Hearing, however, that there is nothing to indicate Reuter's has disclosed or will further disclose the consideration amount to the general public. Plaintiffs also contended at the 02/06/2019 Hearing that the Navy removed the Settlement Memo from the FOIA website and Defendant's Opposition has only been available on the court's docket for approximately one week. Plaintiffs thus argued that, although the consideration amount has entered the public domain, the number of people that actually accessed the FOIA website and/or the court's docket to view the Settlement Memo is likely limited.

The Court finds Plaintiffs' contentions regarding the alleged limited dissemination of the consideration amount to the public to be pure hypothesis and conjecture. Pursuant to *Kamakana*, the Court cannot rely on hypothesis or conjecture in determining whether compelling reasons exist to seal the consideration amount. *See Kamakana*, 337 F.3d at 1179 ("[I]f the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and

articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995))). The Court also notes that, despite their assertions regarding the need to preserve confidentiality of the consideration amount, Plaintiffs did not and have not taken any steps to seal the Settlement Memo attached to Defendant's Opposition.

In sum, Plaintiffs fail to articulate compelling reasons based on specific facts that outweigh public policies favoring disclosure. Nor does the Court, on its own, believe that it can make specific factual findings based on the record to support compelling reasons to seal the consideration amount, especially given that it has already entered the public domain. The Court thus denies the Motion to Seal as to Plaintiffs' request to seal only the consideration amount in Exhibit 2 and Exhibit 3 to the CSOF.

II.     Exhibit 1, Exhibit 5, and Exhibit 6

Plaintiffs' Motion to Seal also asks the Court to allow Plaintiffs to publicly file Exhibit 1, Exhibit 5, and Exhibit 6 to the CSOF, which quote excerpts from the confidentiality provision. In light of the Court's ruling above that Plaintiffs fail to establish compelling reasons to seal any part of the Settlement Agreement for purposes of the MSJ, the Court denies as moot the Motion to Seal's request as to Exhibit 1, Exhibit 5, and Exhibit 6.

CONCLUSION

Based on the foregoing, the Court DENIES the Motion to Seal as outlined above.  The Court will permit Plaintiffs two weeks, until February 28, 2019, to: (i) publicly file Exhibit 2 and Exhibit 3 to the CSOF; (ii) withdraw their MSJ and CSOF; or (iii) take other action Plaintiffs deem appropriate.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 14, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

*Ohana Military Cmtys., LLC, et al. v. Barber*, CV 18-00042 KJM; Order Denying Plaintiffs Ohana Military Communities, LLC and Forest City Residential Management, LLC's Ex Parte Motion to File Under Seal Exhibits 2-3 to Separate Concise Statement of Facts in Support of Plaintiffs' Motion for Summary Judgment, and to Publicly File Exhibit 1 and the Unredacted Pleadings