# LYONS, BRANDT, COOK & HIRAMATSU

GEORGE W. BRANDT
THOMAS E. COOK
JEFFREY A. GRISWOLD
BRADFORD F.K. BLISS
STEVEN Y. OTAGURO
STEFAN M. REINKE
PAUL R. GRABLE
EDQUON LEE
MALIA E. SCHRECK

ATTORNEYS AT LAW
A LAW CORPORATION
1800 DAVIES PACIFIC CENTER
841 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE: (808) 524-7030
FACSIMILE: (808) 533-3011

OF COUNSEL
SAMUEL A.B. LYONS
BEVERLY LYNNE K. HIRAMATSU
JAMES N. DUCA

February 14, 2019

**SUBMITTED VIA CM/ECF**

The Honorable Kenneth J. Mansfield
United States District Court
District of Hawaii
300 Ala Moana Blvd., C-338
Honolulu, HI 96850

Dear Judge Mansfield:

> Re:   Ohana Military Communities, LLC, et al. v. Cara Barber
>       Civil No. 18-00042-KJM

Dear Judge Mansfield:

This letter will address a discovery dispute that has arisen between Defendant Cara Barber ("Barber") and Plaintiffs Ohana Military Communities, LLC ("OMC") and Forest City Residential Management, LLC ("FCRM"). Pursuant to the agreement of the parties, simultaneous letter briefs are being submitted to the court in accordance with Local Rule 37.1.

The dispute concerns Barber's responses to Plaintiffs' Requests for Production Nos. 1, 3, 5, 7, 9, 10, 12, 13, 18, 20, 21, 22, 25, 26, 27, 28 and 29.[1] Without exception, all of these requests are objectionable on the grounds that they are overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. To place the current dispute in the proper context, it is relevant to briefly review the facts underlying the Plaintiffs' claims against Barber.

All of the Plaintiffs' claims in this case arise from a prior civil lawsuit (*Cara Barber, et al. v. Ohana Military Communities, LLC, et al.*, Civ. No. 14-00217 HG-RLP) in which Barber and three other current and former residents of Marine Corps Base Hawaii ("MCBH") housing presented claims against OMC and FCRM related to widespread pesticide contamination at MCBH. The prior civil action was settled in February 2016. The terms of the settlement agreement included a mutual release of "all claims, known

---

[1] A copy of Barber's response to Plaintiffs' First Request for Production of Documents is transmitted with this letter for the court's reference. The parties have agreed that this document may be appended to their respective letter briefs without counting towards the five-page limit under Rule 37.1

The Honorable Kenneth Mansfield
February 14, 2019
Page 2

or unknown, from the beginning of time until the date of this agreement, . . . relating to any and all allegations, claims, causes of action, and claims for relief contained, alleged or which could have been contained or alleged in the Second Amended Complaint or in the Litigation."

Following settlement of the prior civil action, OMC and FCRM filed a motion for preliminary injunction against Barber based on the erroneous contention that Barber had violated the terms of the settlement agreement by engaging in an alleged "solicitation campaign" with her former attorneys and posting information on social media that OMC and FCRM contend is false and defamatory. This civil action presents the exact same claims against Barber that OMC and FCRM are pursuing in their motion for preliminary injunction, which is still pending before Judge Gillmor. Without exception, all the Plaintiffs' claims in this case pertain to alleged statements made by Barber after the February 2016 settlement of the prior civil action. Any statements made by Barber, or any communications that Barber may have had with third parties before settlement of the prior case, cannot form the basis for any claim by the Plaintiffs in the current civil action because any such claims have been fully released by the Plaintiffs.

It is also important to note that, in response to Plaintiffs' filing of their motion for preliminary injunction, the specific statements on social media by Barber that are referenced in that motion—and which are also specifically referenced in the Complaint filed in this case—have been removed by Barber. (The Plaintiffs acknowledged removal of these statements in a recently filed Supplemental Brief re Defendants' Motion for Preliminary Injunction, filed January 8, 2019 in Civil No. 14-00217 HG-RLP, Doc. 457.) Accordingly, the relevant time frame for discoverable "communications" and other documents is between the settlement and dismissal of the prior civil action, February 29, 2016, and the filing of the Plaintiffs' motion for preliminary injunction, June 15, 2016. Most the Plaintiffs' document requests that are currently at issue are not limited in any way with respect to time frame and for that reason alone are objectionable.

In connection with good faith efforts to resolve the current dispute, Plaintiffs have taken the position that Barber's communications after the filing of the preliminary injunction motion are relevant to determining whether the Navy's release of a confidential settlement memorandum violated the confidentiality provision in the settlement agreement. That argument, however, has essentially been nullified by this court's recent ruling that the settlement agreement is now, or soon will be, a matter of public record.

Several of the Plaintiffs' document requests are objectionable for additional reasons. For example, Request No. 20 seeks all communications between Barber and her attorneys, "Kyle Smith, Terrance Revere, or any other individuals at their respective law firms(.)" Any such communications between Barber and her attorneys are protected from discovery by the attorney-client privilege. It is anticipated that Plaintiffs will contend

The Honorable Kenneth Mansfield
February 14, 2019
Page 3

that such communications between Barber and her attorneys are discoverable pursuant to an order issued by Judge Gillmor. That argument carries no weight in the current dispute, however, for at least two reasons.

First, Barber respectfully disagrees with Judge Gillmor's ruling that these privileged communications are subject to discovery, or that Judge Gillmor's ruling on that issue is binding on this court. Second, Barber has, over objection, fully complied with Judge Gillmor's order to produce certain communications with her attorneys, and those documents were already produced to Plaintiffs in connection with discovery related to the preliminary injunction motion. There is, therefore, no basis for this court to order the production of any attorney-client communications in resolving the current dispute.

Similarly, any communications between Barber and Dr. Walter Chun, one of the experts retained on her behalf, are protected from discovery by the work product privilege applicable to trial preparation materials of experts, set forth in Rule 26(b)(4) of the Federal Rules of Civil Procedure.

For all the reasons noted above, the document requests at issue are an unwarranted fishing expedition that goes well beyond the scope of allowable discovery under Rule 26(b) and should not be allowed.

> Rule 26(b) will not permit unlimited discovery. Rule 26(b)(1) permits discovery of only "[r]elevant information" and the discovery must "appear reasonably calculated to lead to the discovery of admissible evidence." Moreover, all discovery is limited by Rule 26(b)(2), which protects against, inter alia, overly burdensome discovery requests, discovery of cumulative materials, and overly costly discovery requests.... Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.

619 F.3d at 1163. In *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,* 244 F.3d 189, 193 (1st Cir.2001), the First Circuit denied additional discovery and would "not allow [respondent] to go on a 'fishing expedition' with the mere 'hope' that it will obtain [relevant] information." In *MINPECO, S.A. v. Conticommodity Services, Inc.,* 844 F.2d 856, 863 (D.C.Cir.1988), the D.C. Circuit affirmed orders quashing subpoenas so as not to "authorize a fishing expedition into congressional files." And in a case between the United States and KBR, regarding an alleged violation of the LOGCAP III contract, the Court of Federal Claims warned against

The Honorable Kenneth Mansfield
February 14, 2019
Page 4

the "use of discovery as a fishing expedition." *Kellogg Brown & Root Servs., Inc. v. U.S.,* 99 Fed.Cl. 488, 495 (2011) (quoting *In re BP Lubricants USA Inc.,* 637 F.3d 1307, 1310 (Fed.Cir.2011)). In sum, although Courts should read "relevance" broadly, they should not endorse "'fishing expeditions,' discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests." *Hardrick v. Legal Servs. Corp.,* 96 F.R.D. 617, 618 (D.D.C.1983). Instead, Courts should tailor discovery "to the issues involved in the particular case." *Id.*

United States v. Kellogg Brown & Root Services, Inc., 284 F.R.D. 22, 36–37 (D.D.C. 2012) (Quoting Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151 (10th Cir.2010).

In this case, the Plaintiffs' claims pertain solely to specific social media postings which they contend have resulted in damage to them. Under these facts, the scope of relevant discovery is strictly limited to the time frame between settlement of the prior case and the Plaintiffs' filing of their motion for preliminary injunction. Barber remains willing to review her available, non-privileged communications within the relevant time frame, to determine whether there are any additional records that may be responsive to the Plaintiffs' request that have not been previously produced or made available to Plaintiffs. There is no basis, however, for this court to issue an order compelling any broader production of records by Barber.

Very truly yours,

/s/ Bradford F. K. Bliss

Bradford F. K. Bliss

cc:    Randall C. Whattoff (via CM/ECF)
       Joachim P. Cox (via CM/ECF)
       Kamala S. Haaka (via CM/ECF)
       Kyle Smith (via CM/ECF)
       Terrance Revere (via CM/ECF)

LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law
A Law Corporation

BRADFORD F. K. BLISS   3161-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030
Facsimile:  (808) 533-3011
E-mail:  bbliss@lbchlaw.com

P. KYLE SMITH       9533
Law Offices of Ian L. Mattoch
737 Bishop Street, Suite 1835
Honolulu, Hawaii 96813
Telephone:  (808) 523-2451
E-mail:  kyle@ianmattoch.com

TERRANCE M. REVERE  5857
Revere & Associates LLLC
970 N. Kalaheo Avenue, Suite A301
Kailua, Hawaii 96734
Telephone :  (808) 791-9550
Facsimile:   (808) 791-9551
E-mail:  terry@revereandassociates.com

Attorneys for Defendant
CARA BARBER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC, | ) ) ) ) ) | CIVIL NO. 18-00042 KJM<br><br>DEFENDANT CARA BARBER'S RESPONSE TO PLAINTIFF OHANA MILITARY |
| Plaintiffs, | ) | COMMUNITIES, LLC'S FIRST |

|  |  |  |
|---|---|---|
| vs. | ) | REQUEST FOR PRODUCTION OF |
|  | ) | DOCUMENTS AND THINGS TO |
|  | ) | DEFENDANT CARA BARBER, |
| CARA BARBER, | ) | DATED NOVEMBER 9, 2018 |
|  | ) |  |
| Defendant. | ) |  |
|  | ) | Trial Date: June 12, 2019 |

### DEFENDANT CARA BARBER'S RESPONSE TO PLAINTIFF OHANA MILITARY COMMUNITIES, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CARA BARBER, DATED NOVEMBER 9, 2018

COMES NOW Defendant CARA BARBER ("Barber"), by and through her attorneys, Lyons, Brandt, Cook & Hiramatsu, and hereby responds to Plaintiff Ohana Military Communities, LLC's First Request for Production of Documents and Things, dated November 9, 2018 ("the Request"), as is set forth below:

DATED:  Honolulu, Hawaii, ___December 20, 2018___.

_____
BRADFORD F.K. BLISS
Attorney for Defendant
CARA BARBER

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

As a general response to all categories of documents stated in the

Request, Defendant Barber responds and objects as follows:

1. Each response herein is made subject to all objections as to competence, relevance, materiality, propriety and admissibility, as well as any and all other objections and grounds which would require the exclusion of evidence; Defendant reserves the right to make any and all such objections at trial and in any other proceeding relating to this action.

2. No incidental or implied admissions are intended by Defendant's responses. The fact that Defendant has responded to a request should not be construed as an admission that Defendant accepts or admits the existence of any facts or documents set forth or assumed by such request, or that the making of a response constitutes admissible evidence. Defendant's responses shall not waive the attorney-client privilege, work product doctrine, confidentiality or any other applicable privilege.

3. Plaintiffs' discovery may cover communications between and documents exchanged by Defendant and her legal counsel, as well as other material covered by the attorney-client privilege. To the extent the identity of such documents and the substance of such communications are sought generally by Plaintiffs, Defendant objects thereto on the ground that such information is protected by the attorney-client privilege.

4. Plaintiffs' discovery may cover the subject matter of documents reflecting the impressions, conclusions, opinions or legal research or theories of Defendant's legal counsel and consultants employed to prepare for litigation. To the extent that Plaintiffs seek such information or the identity or substance of such documents generally, Defendant objects thereto on the ground that such information is protected by the work product doctrine, attorney-client, or other privilege.

5. Defendant objects to Plaintiffs' discovery to the extent that it seeks information for an unlimited time period. Such discovery is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant's review of her files and records, as well as her research, investigation, discovery, and analysis is continuing, as is discovery. These responses are based on information presently known and available. Defendant reserves the right to make changes in her responses or to present new and additional information at trial, to correct errors or omissions, to reflect more accurate information or to include subsequently discovered facts concerning matters covered by this discovery.

Subject to and without waiving the above objections, Defendant provides the following responses:

## SPECIFIC OBJECTIONS AND RESPONSES

1.   All COMMUNICATIONS between YOU, on the one hand, and any
     PERSON, on the other, related to soil conditions at MCBH.

     Response:

     Objection:  Defendant Barber objects to this request on the grounds that it
     calls for the premature disclosure of attorney-client work product, expert
     work product, and attorney-client privilege. Defendant further objects to the
     request on grounds that it is vague, ambiguous, and overly broad with
     respect to scope.

     Without waiving said objections, Defendant Barber will produce non-
     privileged documents in her possession related to soil conditions at MCBH.

2.   All DOCUMENTS related to soil conditions at MCBH.

     Response:

     Objection:  Defendant Barber objects to this request on the grounds that it
     calls for the premature disclosure of attorney-client work product, expert
     work product, and attorney-client privilege. Defendant further objects to the
     request on grounds that it is vague, ambiguous, and overly broad with
     respect to scope and unduly burdensome.

     Without waiving said objections, Defendant Barber will produce non-
     privileged documents in her possession related to soil conditions at MCBH.

3.   All COMMUNICATIONS between YOU, on the one hand, and any
     PERSON, on the other, related to pesticides at MCBH.

     Response:

     Objection:  Defendant Barber objects to this request on the grounds that it
     calls for the premature disclosure of attorney-client work product, expert
     work product, and attorney-client privilege. Defendant further objects to the
     request on grounds that it is vague, ambiguous, and overly broad with
     respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession related to pesticides at MCBH.

4.    All DOCUMENTS related to construction dust at MCBH.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the premature disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession related to construction dust at MCBH.

5.    All COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, related to construction dust at MCBH.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the premature disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession related to construction dust at MCBH.

6.    All DOCUMENTS related to soil conditions at MCBH.

Response:

See objections and response to document request no. 2.

7.    All COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, related to any pesticide, chemical, or compound that YOU contend is or has been present at MCBH, including but not limited to chlordane, heptachlor, heptachlor epoxide, aldrin, dieldrin, endrin and DDT.

Response:

See objections and response to document request no. 3.


8.   All DOCUMENTS related to any pesticide, chemical, or compound that
     YOU contend is or has been present at MCBH, including but not limited to
     chlordane, heptachlor, heptachlor epoxide, aldrin, dieldrin, endrin and DDT.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it
calls for the premature disclosure of attorney-client work product, expert
work product, and attorney-client privilege. Defendant further objects to the
request on grounds that it is vague, ambiguous, and overly broad with
respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-
privileged documents in her possession related to pesticides at MCBH.


9.   All COMMUNICATIONS between YOU, on the one hand, and any
     PERSON, on the other, related to or mentioning this lawsuit.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it
calls for the disclosure of attorney-client work product, expert work product,
and attorney-client privilege. Defendant further objects to the request on
grounds that it is vague, ambiguous, and overly broad with respect to scope
and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-
privileged documents, if any, in her possession related to or mentioning this
lawsuit.


10.  For the time period from February 1, 2016 to the present, all
     COMMUNICATIONS between YOU, on the one hand, and any PERSON,
     on the other, related to or mentioning YOUR WEB AND SOCIAL MEDIA
     SITES.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents, if any, in her possession related to or mentioning her social media sites.

11.     A list of all users, members, subscribers, "friends," or similar PERSONS for each of YOUR WEB AND SOCIAL MEDIA SITES.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber has no such lists.

12.     For the time period from February 1, 2016 to the present, all COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, mentioning or related to Cara Barber, et al. v. Ohana Military Communities, LLC, et al.; Civil No. 14-00217.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents, if any, in her possession related to or mentioning Civil No. 14-00217.

13.   All DOCUMENTS, including but not limited to any COMMUNICATIONS, related to any investigation, research, inspection, testing, or study of soils, pesticides, dust, or any other aspect of the residential housing at MCBH.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents, if any, in her possession responsive to this request.

14.   Copies of the original electronic files for all photographs, videos, diagrams, or other DOCUMENTS that YOU MADE on any of YOUR WEB AND SOCIAL MEDIA SITES.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents, if any, in her possession responsive to this request.

15.   All reports, articles, treatises, or similar documents in YOUR possession, custody, or control related to organo-chlorinated pesticides and/or related compounds such as chlordane, heptachlor, heptachlor epoxide, aldrin, dieldrin, endrin and DDT.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope

and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession responsive to this request.

16.   All reports, articles, treatises, or similar documents that support YOUR statements about soil conditions or pesticides at MCBH that YOU made on YOUR WEB AND SOCIAL MEDIA SITES. This includes all reports, articles, treatises, or similar documents that support the statements referenced in paragraphs 41-47 of the COMPLAINT.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, see Defendant Barber's answers to interrogatories and documents referenced therein, which will be produced.

17.   All DOCUMENTS YOU RELIED UPON when YOU made the statements about soil conditions or pesticides on YOUR WEB AND SOCIAL MEDIA SITES. This includes all DOCUMENTS YOU relied upon when YOU made the statements referenced in paragraphs 41-47 of the COMPLAINT.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, see Defendant Barber's answers to interrogatories and documents referenced therein, which will be produced.

18.   All DOCUMENTS, including but not limited to any COMMUNICATIONS, related to, with, or mentioning Walter Chun.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

19.   All DOCUMENTS, including but not limited to any COMMUNICATIONS, related to, with, or mentioning the Hawaii Department of Health or any of its employees.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

20.   For the time period from February 1, 2016 to the present, all COMMUNICATIONS between YOU, on the one hand, and Kyle Smith, Terrance Revere, or any other individuals at their respective law firms, on the other hand, related to lawsuits being filed against OHANA, FCRM, or HUNT COMPANIES.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product and communications protected by the attorney-client privilege.

21.     For the time period from February 1, 2016 to the present, all
        COMMUNICATIONS between YOU, on the one hand, and Kyle Smith,
        Terrance Revere, or any other individuals at their respective law firms, on
        the other hand, related to YOUR WEB AND SOCIAL MEDIA SITES.

        Response:

        Objection:  Defendant Barber objects to this request on the grounds that it
        calls for the disclosure of attorney-client work product and communications
        protected by the attorney-client privilege.

22.     For the time period from February 1, 2016 to the present, all
        COMMUNICATIONS between YOU, on the one hand, and Kyle Smith,
        Terrance Revere, or any other individuals at their respective law firms, on
        the other hand, related to current or former residents of MCBH residential
        housing (other than yourself or YOUR family).

        Response:

        Objection:  Defendant Barber objects to this request on the grounds that it
        calls for the disclosure of attorney-client work product and communications
        protected by the attorney-client privilege.

23.     For the time period from January 1, 2015 to the present, all DOCUMENT
        REQUESTS YOU have made related to military housing.

        Response:

        Objection:  Defendant Barber objects to this request on the grounds that it
        calls for the disclosure of attorney-client work product, expert work product,
        and attorney-client privilege. Defendant further objects to the request on
        grounds that it is vague, ambiguous, and overly broad with respect to scope
        and unduly burdensome.

        Without waiving said objections, Defendant Barber will produce non-
        privileged documents in her possession, if any, responsive to this request.

24.     For the time period from January 1, 2015 to the present, all responses to
        DOCUMENT REQUESTS YOU have received related to military housing.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

25.    All COMMUNICATIONS between YOU and any news media outlet, blogger, reporter, or journalist related to MCBH.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

26.    All COMMUNICATIONS between YOU and any news media outlet, blogger, reporter, or journalist related to soil issues at military housing.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

27.    All COMMUNICATIONS between YOU, on the one hand, and any PERSON who is leasing or has leased or resided in residential property from OHANA, FCRM, or HUNT COMPANIES, on the other hand, related to soil issues at military housing.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

28.   All COMMUNICATIONS between YOU, on the one hand, and any PERSON who is leasing or has leased or resided in residential property from OHANA, FCRM, or HUNT COMPANIES, on the other hand, related to construction dust issues at military housing.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

29.   All COMMUNICATIONS between YOU, on the one hand, and any PERSON who is leasing or has leased or resided in residential property from OHANA, FCRM, or HUNT COMPANIES, on the other hand, related to organo-chlorinated pesticides and/or related compounds such as chlordane, heptachlor, heptachlor epoxide, aldrin, dieldrin, endrin and DDT.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

30.   Any and all COMMUNICATIONS between YOU and any person related to the "FOIA request" described in paragraph 20 of the COUNTERCLAIM.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

31.   The "documents describing the terms of the original settlement" referenced in paragraph 20 of the COUNTERCLAIM.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

32.   All DOCUMENTS that support any count in the COUNTERCLAIM.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to counts in the Counterclaim that have not been dismissed.

33.   All of YOUR MEDICAL RECORDS for the time period from January 1, 2014 until the present.

   Response:

   Defendant Barber objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

34.   The DOCUMENTS that YOU contend were "wrongfully withheld" in paragraph 63 of the COUNTERCLAIM.

   Response:

   Defendant Barber objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Count in the Counterclaim containing paragraph 63 has been dismissed.

35.   All DOCUMENTS, including but not limited to any COMMUNICATIONS, related to or supporting PLAINTIFFS' damages in the COUNTERCLAIM.

   Response:

   Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

   Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to damages related to counts in the Counterclaim that have not been dismissed.

36.   All DOCUMENTS that PLAINTIFFS intend to use as exhibits in this case.

   Response:

   I do not know what documents Plaintiffs intend to use as exhibits.

37.   All DOCUMENTS reviewed or relied upon by any expert witness YOU intend to use in this case.

Response:

Objection:  Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.