# LYONS, BRANDT, COOK & HIRAMATSU

GEORGE W. BRANDT
THOMAS E. COOK
JEFFREY A. GRISWOLD
BRADFORD F.K. BLISS
STEVEN Y. OTAGURO
STEFAN M. REINKE
PAUL R. GRABLE
EDQUON LEE
MALIA E. SCHRECK

ATTORNEYS AT LAW
A LAW CORPORATION
1800 DAVIES PACIFIC CENTER
841 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE: (808) 524-7030
FACSIMILE: (808) 533-3011

OF COUNSEL
SAMUEL A.B. LYONS
BEVERLY LYNNE K. HIRAMATSU
JAMES N. DUCA

February 15, 2019

**SUBMITTED VIA CM/ECF**

The Honorable Kenneth J. Mansfield
United States District Court
District of Hawaii
300 Ala Moana Blvd., C-338
Honolulu, HI 96850

Dear Judge Mansfield:

     Re:    Ohana Military Communities, LLC, et al. v. Cara Barber
               Civil No. 18-00042-KJM

Dear Judge Mansfield:

     This letter will address a discovery dispute that has arisen between Defendant Cara Barber ("Barber") and Plaintiffs Ohana Military Communities, LLC ("OMC") and Forest City Residential Management, LLC ("FCRM"). Pursuant to the agreement of the parties, simultaneous letter briefs are being submitted to the court in accordance with Local Rule 37.1.

     The dispute concerns Barber's responses to Plaintiffs' Requests for Production Nos. 1, 3, 5, 7, 9, 10, 12, 13, 18, 20, 21, 22, 25, 26, 27, 28 and 29.[1] Without exception, all of these requests are objectionable on the grounds that they are overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Barber's response to these document requests, included the following general objection, which preceded and was applicable to all specific responses to the document requests that followed: "*Defendant objects to Plaintiffs' discovery to the extent that it seeks information for an unlimited time period. Such discovery is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*" (Emphasis supplied.) To place the current dispute in the proper context, it is relevant to briefly review the facts underlying the Plaintiffs' claims against Barber.

---

[1] The document requests in dispute are set forth in the attached exhibit for the court's reference. Document requests nos. 1, 3, 5, 7 and 9, and 20 – 22 have been condensed, with common prefatory language underlined and the specific category of documents in each request italicized.

The Honorable Kenneth Mansfield
February 15, 2019
Page 2

All of the Plaintiffs' claims in this case arise from a prior civil lawsuit (*Cara Barber, et al. v. Ohana Military Communities, LLC, et al.*, Civ. No. 14-00217 HG-RLP) in which Barber and three other current and former residents of Marine Corps Base Hawaii ("MCBH") housing presented claims against OMC and FCRM related to widespread pesticide contamination at MCBH. The prior civil action was settled in February 2016. The terms of the settlement agreement included a mutual release of "all claims, known or unknown, from the beginning of time until the date of this agreement, . . . relating to any and all allegations, claims, causes of action, and claims for relief contained, alleged or which could have been contained or alleged in the Second Amended Complaint or in the Litigation."

Following settlement of the prior civil action, OMC and FCRM filed a motion for preliminary injunction against Barber based on the erroneous contention that Barber had violated the terms of the settlement agreement by engaging in an alleged "solicitation campaign" with her former attorneys and posting information on social media that OMC and FCRM contend is false and defamatory. This civil action presents the exact same claims against Barber that OMC and FCRM are pursuing in their motion for preliminary injunction, which is still pending before Judge Gillmor. Without exception, all the Plaintiffs' claims in this case pertain to alleged statements made by Barber <u>after</u> the February 2016 settlement of the prior civil action. Any statements made by Barber, or any communications that Barber may have had with third parties <u>before</u> settlement of the prior case, cannot form the basis for any claim by the Plaintiffs in the current civil action because any such claims have been fully released by the Plaintiffs.

It is also important to note that, in response to Plaintiffs' filing of their motion for preliminary injunction, the specific statements on social media by Barber that are referenced in that motion—and which are also specifically referenced in the Complaint filed in this case—have been removed by Barber. (The Plaintiffs acknowledged removal of these statements in a recently filed Supplemental Brief re Defendants' Motion for Preliminary Injunction, filed January 8, 2019 in Civil No. 14-00217 HG-RLP, Doc. 457.) Accordingly, the relevant time frame for discoverable "communications" and other documents is between the settlement and dismissal of the prior civil action, February 29, 2016, and the filing of the Plaintiffs' motion for preliminary injunction, June 15, 2016. Most of the Plaintiffs' document requests that are currently at issue are not limited in any way with respect to time frame and for that reason alone are objectionable.

In connection with good faith efforts to resolve the current dispute, Plaintiffs have taken the position that Barber's communications after the filing of the preliminary injunction motion are relevant to determining whether the Navy's release of a confidential settlement memorandum violated the confidentiality provision in the settlement agreement. That argument, however, has essentially been nullified by this court's recent ruling that the settlement agreement is now, or soon will be, a matter of public record.

The Honorable Kenneth Mansfield
February 15, 2019
Page 3

     Several of the Plaintiffs' document requests are objectionable for additional reasons. For example, Request No. 20 seeks all communications between Barber and her attorneys, "Kyle Smith, Terrance Revere, or any other individuals at their respective law firms(.)" Any such communications between Barber and her attorneys are protected from discovery by the attorney-client privilege. It is anticipated that Plaintiffs will contend that such communications between Barber and her attorneys are discoverable pursuant to an order issued by Judge Gillmor. That argument carries no weight in the current dispute, however, for at least two reasons.

     First, Barber respectfully disagrees with Judge Gillmor's ruling that these privileged communications are subject to discovery, or that Judge Gillmor's ruling on that issue is binding on this court. Second, Barber has, over objection, fully complied with Judge Gillmor's order to produce certain communications with her attorneys, and those documents were already produced to Plaintiffs in connection with discovery related to the preliminary injunction motion. There is, therefore, no basis for this court to order the production of any attorney-client communications in resolving the current dispute.

     Similarly, any communications between Barber and Dr. Walter Chun, one of the experts retained on her behalf, are protected from discovery by the work product privilege applicable to trial preparation materials of experts, set forth in Rule 26(b)(4) of the Federal Rules of Civil Procedure.

     For all the reasons noted above, the document requests at issue are an unwarranted fishing expedition that goes well beyond the scope of allowable discovery under Rule 26(b) and should not be allowed.

> Rule 26(b) will not permit unlimited discovery. Rule 26(b)(1) permits discovery of only "[r]elevant information" and the discovery must "appear reasonably calculated to lead to the discovery of admissible evidence." Moreover, all discovery is limited by Rule 26(b)(2), which protects against, inter alia, overly burdensome discovery requests, discovery of cumulative materials, and overly costly discovery requests.... Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.

619 F.3d at 1163. In *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,* 244 F.3d 189, 193 (1st Cir.2001), the First Circuit denied additional discovery and would "not allow [respondent] to go on a 'fishing expedition' with the mere 'hope' that it will obtain [relevant] information." In *MINPECO, S.A. v. Conticommodity*

The Honorable Kenneth Mansfield
February 15, 2019
Page 4

>*Services, Inc.,* 844 F.2d 856, 863 (D.C.Cir.1988), the D.C. Circuit affirmed orders quashing subpoenas so as not to "authorize a fishing expedition into congressional files." And in a case between the United States and KBR, regarding an alleged violation of the LOGCAP III contract, the Court of Federal Claims warned against the "use of discovery as a fishing expedition." *Kellogg Brown & Root Servs., Inc. v. U.S.,* 99 Fed.Cl. 488, 495 (2011) (quoting *In re BP Lubricants USA Inc.,* 637 F.3d 1307, 1310 (Fed.Cir.2011)). In sum, although Courts should read "relevance" broadly, they should not endorse "'fishing expeditions,' discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests." *Hardrick v. Legal Servs. Corp.,* 96 F.R.D. 617, 618 (D.D.C.1983). Instead, Courts should tailor discovery "to the issues involved in the particular case." *Id.*

United States v. Kellogg Brown & Root Services, Inc., 284 F.R.D. 22, 36–37 (D.D.C. 2012) (Quoting Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151 (10th Cir.2010).

      In this case, the Plaintiffs' claims pertain solely to specific social media postings which they contend have resulted in damage to them. Under these facts, the scope of relevant discovery is strictly limited to the time frame between settlement of the prior case and the Plaintiffs' filing of their motion for preliminary injunction. Barber remains willing to review her available, non-privileged communications within the relevant time frame, to determine whether there are any additional records that may be responsive to the Plaintiffs' request that have not been previously produced or made available to Plaintiffs. There is no basis, however, for this court to issue an order compelling any broader production of records by Barber.

      Very truly yours,

      /s/ Bradford F. K. Bliss

      Bradford F. K. Bliss

cc:    Randall C. Whattoff (via CM/ECF)
       Joachim P. Cox (via CM/ECF)
       Kamala S. Haaka (via CM/ECF)
       Kyle Smith (via CM/ECF)
       Terrance Revere (via CM/ECF)

1.  <u>All COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, related to</u>: *(1) soil conditions at MCBH. (3) pesticides at MCBH. (5) construction dust at MCBH. (7) any pesticide, chemical, or compound that YOU contend is or has been present at MCBH, including but not limited to chlordane, heptachlor, heptachlor epoxide, aldrin, dieldrin, endrin and DDT. (9) or mentioning this lawsuit.*

10. For the time period from February 1, 2016 to the present, all COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, related to or mentioning YOUR WEB AND SOCIAL MEDIA SITES.

12. For the time period from February 1, 2016 to the present, all COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, mentioning or related to Cara Barber, et al. v. Ohana Military Communities, LLC, et al.; Civil No. 14-00217.

13. All DOCUMENTS, including but not limited to any COMMUNICATIONS, related to any investigation, research, inspection, testing, or study of soils, pesticides, dust, or any other aspect of the residential housing at MCBH.

18. All DOCUMENTS, including but not limited to any COMMUNICATIONS, related to, with, or mentioning Walter Chun.

20. <u>For the time period from February 1, 2016 to the present, all COMMUNICATIONS between YOU, on the one hand, and Kyle Smith, Terrance Revere, or any other individuals at their respective law firms, on the other hand, related to</u>: *(20) lawsuits being filed against OHANA, FCRM, or HUNT COMPANIES. (21) YOUR WEB AND SOCIAL MEDIA SITES. (22) current or former residents of MCBH residential housing (other than yourself or YOUR family).*

25. All COMMUNICATIONS between YOU and any news media outlet, blogger, reporter, or journalist related to MCBH.

26. All COMMUNICATIONS between YOU and any news media outlet, blogger, reporter, or journalist related to soil issues at military housing.

27. All COMMUNICATIONS between YOU, on the one hand, and any PERSON who is leasing or has leased or resided in residential property from OHANA, FCRM, or HUNT COMPANIES, on the other hand, related to soil issues at military housing.

28. All COMMUNICATIONS between YOU, on the one hand, and any PERSON who is leasing or has leased or resided in residential property from OHANA, FCRM, or HUNT COMPANIES, on the other hand, related to construction dust issues at military housing.

29. All COMMUNICATIONS between YOU, on the one hand, and any PERSON who is leasing or has leased or resided in residential property from OHANA, FCRM, or HUNT COMPANIES, on the other hand, related to organo-chlorinated pesticides and/or related compounds such as chlordane, heptachlor, heptachlor epoxide, aldrin, dieldrin, endrin and DDT.