AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 18-00042 KJM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of Individual and title, if any)* Jilarie Hernandez
was received by me on *(date)* 2/11/19 .

☒ I served the subpoena by delivering a copy to the named individual as follows: by giving in hand to Jilarie Hernandez a true and attested copy thereof. to wit: 3 Mount Vernon Street, Apt. 1, Worcester, MA     on *(date)* 2/11/19 ; or at 4:49 pm

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 41.28 .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: 2/11/2019

_____
*Server's signature*

Robert Bolivar, Constable and Disinterested Person
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

HID 88A (Rev. 02/11) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

| | | |
|---|---|---|
| OHANA MILITARY COMMUNITIES, LLC, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 18-00042 KJM |
| CARA BARBER | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: JILARIE HERNANDEZ, 3 Mount Vernon Street, Apt. 1, Worcester, Massachusetts 01605

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Hilton Garden Inn Worcester, 35 Major Taylor Boulevard, Meeting Room, Worcester, MA 01608 | Date and Time: 02/19/2019 3:00 pm |
|---|---|

The deposition will be recorded by this method: __stenographically, video conference, and videotape__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Documents listed in Exhibit A attached hereto.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __02/01/2019__

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Plaintiffs Ohana Military Communities, LLC and Forest City Residential Management, LLC__, who issues or requests this subpoena, are:
JOACHIM P. COX (jcox@cfhawaii.com) and RANDALL C. WHATTOFF (rwhattoff@cfhawaii.com)
Cox Fricke LLP, 800 Bethel Street, Suite 600, Honolulu, HI 96813
Telephone: (808) 585-9440

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

I.  **DEFINITIONS AND INSTRUCTIONS**

As used in the document requests below, the following terms shall have the following meanings, unless the context clearly indicates otherwise:

1. The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest sense of the words, and mean anything upon which is recorded any form of data, information, communication, or writing. This definition includes, but is not limited to, electronically stored information, e-mail, documents stored on computers, records, reports, papers, documents, photographs, books, letters, notes, memoranda, statements, and video and audio tape recordings. This definition further includes, without limitation, all copies and all drafts of such Documents. This definition includes Documents wherever they are stored including, but not limited to, Documents in off-site storage; Documents in the possession of your attorneys or other agents; Documents on the Internet or in online storage, such as Google Drive, Box, iCloud, Dropbox, and similar services; and Documents on phones, tablets, mobile devices, computers, servers, external hard drives, and/or other similar devices.

2. The terms "YOU," and "YOUR" shall refer to the subpoenaed party and all of his, her, or its agents, representatives, attorneys, accountants, auditors, partners, affiliates, assistants, employees and/or any other PERSONS or

entity acting on his, her or its direction or control.

3. The term "PERSON" is used in the broadest sense of the word, and includes a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

4. The terms "COMMUNICATION" and "COMMUNICATIONS" are used in the broadest sense of the words, and mean anything upon which any form of data, information, or writing is transmitted or conveyed. This definition includes, but is not limited to, electronically stored information, e-mail, text messages, chat logs, social media posts (e.g., Facebook, Instagram, Twitter, Snapchat, etc.), social media transmittals (e.g., Facebook Messenger), letters, memoranda, voicemails, phone messages, etc. This definition includes Communications wherever they are stored, including but not limited to Communications in off-site storage; Communications in the possession of your attorneys or other agents; Communications on the Internet or in online storage, such as Google Drive, Box, iCloud, Dropbox, and similar services; and Communications on phones, tablets, mobile devices, computers, servers, external hard drives, and/or other similar devices.

5. The term "MCBH" refers to Marine Corp Base Hawaiʻi and the residential housing located at Marine Corp Base Hawaiʻi.

6. Each of these definitions and instructions is hereby incorporated into each of the document requests to which it pertains.

## II. DOCUMENTS REQUESTED

Any and all records in your possession, custody or control pertaining to the following:

1. All COMMUNICATIONS between YOU and Cara Barber that refer or relate to MCBH.

2. All COMMUNICATIONS between YOU and any third party (except your attorney(s)) that refer or relate to soil conditions at MCBH.

3. All COMMUNICATIONS between YOU and any third party (except your attorney(s)) that refer or relate to pesticides at MCBH.

4. All COMMUNICATIONS between YOU and any third party (except your attorney(s)) that refer or relate to construction dust at MCBH.