IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC, | ) ) ) ) | CIVIL NO. 18-00042 KJM |
| | ) | ORDER DENYING PLAINTIFFS |
| | ) | OHANA MILITARY |
| Plaintiffs, | ) ) | COMMMUNITIES, LLC AND FOREST CITY RESIDENTIAL |
| | ) | MANAGEMENT, LLC'S MOTION |
| vs. | ) ) | FOR RECONSIDERATION, IN PART, OF THE COURT'S ORDER |
| CARA BARBER, | ) ) | DENYING EX PARTE MOTION TO FILE UNDER SEAL EXHIBITS 1-3 |
| Defendant. | ) ) | TO MOTION FOR SUMMARY JUDGMENT [DOC 83] OR FOR |
| | ) ) | CERTIFICATE OF INTERLOCUTORY APPEAL |
| _____ | ) | |

ORDER DENYING PLAINTIFFS OHANA MILITARY COMMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S MOTION FOR RECONSIDERATION, IN PART, OF THE COURT'S ORDER DENYING EX PARTE MOTION TO FILE UNDER SEAL EXHIBITS 1-3 TO MOTION FOR SUMMARY JUDGMENT [DOC 83] OR FOR CERTIFICATE OF INTERLOCUTORY APPEAL

On February 28, 2019, Plaintiffs Ohana Military Communities, LLC and

Forest City Residential Management, LLC (collectively, "Plaintiffs") filed a

Motion for Reconsideration, in Part, of the Court's Order Denying Ex Parte

Motion to File Under Seal Exhibits 1-3 to Motion for Summary Judgment [DOC

28] or for Certificate of Interlocutory Appeal ("Motion for Reconsideration").

ECF No. 103.  The Court elects to decide this matter without a hearing pursuant to

Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  After carefully considering the Motion for Reconsideration and the record in this case, the Court DENIES the Motion for Reconsideration for the reasons set forth below.

BACKGROUND

This case arises out of a post-settlement dispute between Plaintiffs and Defendant Cara Barber ("Defendant") in a separate lawsuit, *Barber, et al. v. Ohana Military Communities, LLC, et al.*, Civil No. 14-00217 HG-RLP ("*Barber I*").  The Court and the parties are familiar with the background of this case.  The Court thus recites only those facts relevant to disposition of the Motion for Reconsideration.

After almost two years of litigation, the parties in *Barber I* reached a settlement, the terms of which they memorialized in a written Settlement Agreement and Release ("Settlement Agreement").  The Settlement Agreement contains a confidentiality provision.  The Settlement Agreement also indicates the amount Plaintiffs paid Defendant as consideration for the Settlement Agreement ("consideration amount").

On January 31, 2018, Plaintiffs filed their Complaint against Defendant. ECF No. 1.  On May 31, 2018, Defendant filed a Counterclaim against Plaintiffs, alleging that Plaintiffs breached the Settlement Agreement and engaged in other misconduct.  ECF No. 19-1.  On November 30, 2018, this Court issued its Order:

(1) Granting Plaintiffs' Request for Judicial Notice (ECF No. 29); and (2) Granting in Part and Denying in Part Plaintiffs' Motion to Dismiss Defendant Cara Barber's Counterclaim [DOC 19] (ECF No. 27) ("11/30/2018 Order"), dismissing all claims asserted in the Counterclaim except Defendant's claim for breach of contract against Plaintiff Ohana Military Communities, LLC ("Ohana").  ECF No. 51. Thus, pursuant to the 11/30/2018 Order, the only claim remaining in the Counterclaim is Defendant's breach of contract claim against Ohana.

On January 23, 2019, Plaintiffs filed a Motion for Summary Judgment ("MSJ") and Separate Concise Statement of Facts in Support of the MSJ ("CSOF"), seeking summary judgment as to Defendant's breach of contract claim. ECF Nos. 72, 73.  Plaintiffs redacted the MSJ and CSOF to omit the quoted excerpts from the confidentiality provision and the consideration amount.  That same day, Plaintiffs filed an Ex Parte Motion to File Under Seal Exhibits 2-3 to Separate Concise Statement of Facts in Support of Plaintiffs' Motion for Summary Judgment, and to Publicly File Exhibit 1 and the Unredacted Pleadings ("Motion to Seal").  ECF No. 74.  Plaintiffs' Motion to Seal sought, in relevant part, to file under seal a copy of the Settlement Agreement and a memorandum regarding the Settlement Agreement ("Settlement Memo").

The Court held a hearing on the Motion to Seal on February 6, 2019. Subsequently, on February 14, 2019, the Court issued an order denying Plaintiffs'

request to file the Settlement Agreement and Settlement Memo under seal

("02/14/2019 Order").  ECF No. 83.  The 02/14/2019 Order also denied Plaintiffs'

alternative request to seal only the consideration amount in the Settlement

Agreement and Settlement Memo.  The Court found that Plaintiffs failed to

establish "compelling reasons" under *Kamakana v. City & County of Honolulu*,

447 F.3d 1172 (9th Cir. 2006), to seal the Settlement Agreement, Settlement

Memo, or the consideration amount noted therein.  The 02/14/2018 Order ordered

Plaintiffs to, no later than February 28, 2019:  (i) publicly file the Settlement

Agreement and Settlement Memo; (ii) withdraw the MSJ and CSOF; or (iii) take

other action Plaintiffs deem appropriate. *See id.* at 14.  On February 28, 2019,

Plaintiffs timely filed the Motion for Reconsideration.

## DISCUSSION

I.     Reconsideration

Plaintiffs' Motion for Reconsideration seeks reconsideration of the

02/14/2019 Order as to the Court's denial of Plaintiffs' request to seal the

consideration amount in the Settlement Agreement and Settlement Memo.  Local

Rule 60.1 provides three grounds for reconsideration:  "(a) Discovery of new

material facts not previously available; (b) Intervening change in law; (c) Manifest

error of law or fact."  LR60.1(a)-(c).  "Reconsideration is appropriate if the district

court (1) is presented with newly discovered evidence, (2) committed clear error or

4

the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

The Ninth Circuit Court of Appeals requires that a successful motion for reconsideration accomplish two goals.  "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988)).  Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration.  *White v. Sabitano*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)).

Plaintiffs contend that reconsideration is warranted based on their alleged discovery of facts previously not available.  Plaintiffs assert that, "[f]ollowing the hearing on the motion to seal, Plaintiffs submitted a request to the government for

additional information pursuant to 5 U.S.C. § 301, 32 C.F.R. § 97, and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) ("*Touhy* Request")."  ECF No. 103-1 at 4 (citing ECF No. 103-6).  In response to the *Touhy* Request, the government provided a declaration from Jessica L. Masaki ("Masaki Declaration"), a civilian employee currently assigned as the Freedom of Information Act Coordinator for Marine Corps Base Hawaii.  *See id.*; *see also* ECF No. 103-3 at ¶ 2.

Plaintiffs contend that the Masaki Declaration presents new facts warranting reconsideration.  The Court notes that the *Touhy* Request is dated February 20, 2019, and the Masaki Declaration is dated February 26, 2019.  *See* ECF No. 103-3 at 4.  Based on these dates, it is clear that Plaintiffs did not seek or obtain this information until after the Court issued its 02/14/2019 Order.  Although Plaintiffs obtained the Masaki Declaration and the allegedly "new" facts therein after the Court issued the 02/14/2019 Order, Plaintiffs fail to explain why they did not or could not present this information in connection with the Motion to Seal.  The Court thus finds that Plaintiffs fail to establish grounds for reconsideration.  *See Wereb v. Maui Cty.*, 830 F. Supp. 2d 1026, 1031 (D. Haw. 2011) (other citation omitted) (citing *Kona Enters., Inc.*, 229 F.3d at 890) ("[R]econsideration may not be based on evidence and legal arguments that a movant could have presented at the time of the challenged decision.").

Moreover, even if the Court considers the Masaki Declaration, it remains

that the consideration has been publicly disclosed in three different ways.  *See* ECF

No. 83 at 11-12.  The bell has been rung *three times*, the Masaki Declaration does

not un-ring it.

Based on the foregoing, the Court denies the Motion for Reconsideration as

to Plaintiffs' request for reconsideration of the 02/14/2019 Order.

II.     Certification for Interlocutory Appeal

Plaintiffs' Motion for Reconsideration requests that, if the Court is inclined

to deny reconsideration of the 02/14/2019 Order, the Court permit Plaintiffs to file

an interlocutory appeal under 28 U.S.C. § 1292(b).  *See* ECF No. 13-14.  Section

1292(b) provides, in pertinent part:

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that
> such order involves a controlling question of law as to which there is
> substantial ground for difference of opinion that an immediate appeal
> from the order may materially advance the ultimate termination of the
> litigation, he shall so state in writing such order.

Based on the above language, certification for interlocutory appeal under § 1292(b)

is only appropriate where:  (1) the order involves a controlling question of law;

(2) a substantial ground for difference of opinion exists as to that question; and

(3) an immediate appeal from the order may materially advance the ultimate

termination of the litigation.  *K. S-A v. Haw., Dep't of Educ.*, Civ. No. 16-00115

ACK-KJM, 2018 WL 3431922, at *1 (D. Haw. July 16, 2018).

7

"Whether to certify an order for interlocutory appeals is 'within the sound discretion of the district court.'" *Haw. Wildlife Fund v. Cty. of Maui*, Civil No. 12-00198 SOM/BMK, 2015 WL 1608430, at *1 (Apr. 9, 2015) (quoting *Envtl. Prot. Info. Ctr. v. Pac. Lumber Co.*, No. C 01-2821, 2004 WL 838160, at *2 (N.D. Cal. Apr. 19, 2004)).  Courts have explained that a "movant seeking an interlocutory appeal [under 28 U.S.C. § 1292(b)] has a heavy burden to show that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers v. Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotation marks and citation omitted); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."); *Du Preez v. Branis*, No. CIV. 14-00141 LEK-RLP, 2015 WL 857324, at *1 (D. Haw. Feb. 27, 2015) (collecting cases stating same).  Thus, "[c]ertification of an interlocutory order under 28 U.S.C. § 1292(b) should be granted only in 'rare' or 'extraordinary' circumstances." *Haw. Wildlife Fund*, 2015 WL 1608430, at *1 (quoting *James*, 283 F.3d at 1086 n.6; *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).  The Court finds that such circumstances are not present in this case for the reasons set forth below.

A.    Whether the 02/14/2019 Order Involves a Controlling Question of
      Law

The Court finds that the 02/14/2019 Order does not involve a controlling

question of law.  A question of law is controlling if the resolution of the issue on

appeal could "materially affect the outcome of the litigation in the district court."

*In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd sub nom.*,

*Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983) (citation omitted).  A

"question of law" under § 1292(b) means a "pure question of law" rather than a

mixed question of law and fact or the application of law to a particular set of facts.

*Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*, No. 09-CV-320-

HU, 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010 (collecting cases regarding

"controlling question of law" factor); *see also McFarlin v. Conseco Servs., LLC*,

381 F.3d 1251, 1259 (11th Cir. 2004) ("[Section] 1292(b) appeals were intended,

and should be reserved, for situations in which the court of appeals can rule on a

pure, controlling question of law without having to delve beyond the surface of the

record in order to determine the facts[.]"); *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674,

677 (7th Cir. 2000) (stating that a question of law is one that presents an abstract

legal issue that can be decided "quickly and cleanly without having to study the

record").

Plaintiffs' Motion for Reconsideration does not specifically address the three

factors for seeking an interlocutory appeal under § 1292(b).  Plaintiffs simply

argue that *Kamakana*—the undisputed controlling case on this issue—did not

specifically address the issue in the Motion to Seal:

> Although [*Kamakana*] addresses related issues, it does not address the
> issue here: whether it is proper to seal only the consideration amount,
> in connection with a highly confidential settlement agreement, where
> the settlement amount is not relevant to the issues before the Court,
> and where the party who is opposing confidentiality appears to be the
> same person ultimately responsible for its prior public disclosure.

ECF No. 103-1 at 13-14.

Plaintiffs' argument, however, indicates that Plaintiffs do not dispute that

*Kamakana* states the controlling law. Rather, Plaintiffs disagree with the Court's

application of *Kamakana* to the facts presented in the Motion to Seal in the

02/14/2019 Order. Section 1292(b), however, "was not designed to secure

appellate review of factual matters or of the application of the acknowledged law

to the facts of a particular case, matters which are within the sound discretion of

the trial court." *K. S-A*, 2018 WL 3431922, at *2 (internal quotation marks and

citations omitted). Moreover, the 02/14/2019 Order, which concerns sealing

exhibits on summary judgment, is collateral to the basic issues of this case. The

02/14/2019 Order does not concern the merits of Plaintiffs' claims or Defendant's

counterclaim. The Court thus finds that Plaintiffs fail to establish the first factor

for an interlocutory appeal under § 1292(b).

B.     Whether a Substantial Ground for Difference of Opinion Exists

Even if Plaintiffs were able to establish a controlling question of law, the

Court finds that Plaintiffs fail to establish that a substantial ground for difference of

opinion exists.  "There is a 'substantial ground for difference of opinion' if there is

a genuine dispute *over the question of law* that is the subject of the appeal."  *K. S-*

*A*, 2018 WL 3431922, at *3 (emphasis in *K. S-A*) (other citation omitted) (citing *In*

*re Cement Antitrust Litig.*, 673 F.2d at 1026); *see also Couch v. Telescope, Inc.*,

611 F.3d 629, 633 (9th Cir. 2010) ("To determine if a 'substantial ground for

difference of opinion' exists under § 1292(b), courts must examine to what extent

the controlling law is unclear.").  There can be no reasonable question that

*Kamakana* states the controlling law governing Plaintiffs' request to seal the

consideration amount in the Settlement Agreement and Settlement Memo.

Plaintiffs do not cite to any cases or other legal authorities indicating that a

substantial ground for a difference of opinion exists.  The Court thus finds that

Plaintiffs fail to meet the second factor for an interlocutory appeal under § 1292(b).

C.     Whether the Proposed Interlocutory Appeal Will Materially Advance
       the Ultimate Termination of the Litigation

The Court finds that Plaintiffs also fail to establish the third factor—that the

proposed interlocutory appeal will materially advance the ultimate termination of

the litigation.  "A district court generally should not permit an interlocutory appeal

where doing so would prolong litigation rather than advance its resolution."  *K. S-*

11

*A*, 2018 WL 3431922, at *3 (citing *Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010)).  "Courts within the Ninth Circuit have held that resolution of a question materially advances the termination of litigation if it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense."  *Id.* (citing *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004); *In re Cement Antitrust Litig.*, 673 F.2d at 1026).

Although Plaintiffs are concerned about further public disclosure of the consideration amount, an interlocutory appeal of the sealing issue will not materially advance the litigation, which concerns more than just the consideration amount.  Furthermore, trial (which will be public) is scheduled for June 12, 2019, in approximately three months.  Thus, allowing Plaintiffs to take an interlocutory appeal would only serve to prolong litigation, not advance its resolution.  Accordingly, the Court finds that Plaintiffs fail to establish the third factor for an interlocutory appeal under § 1292(b).  The Court notes that, in any case, "as with the issue of whether a substantial ground for difference of opinion exists, the question of whether interlocutory appeal would materially advance the ultimate termination of this litigation is mooted by the absence of a controlling question of law."  *K. S-A*, 2018 WL 3431922, at *3.

12

Based on the foregoing, the Court denies the Motion for Reconsideration as to Plaintiffs' request for certification of the 02/14/2019 Order for an interlocutory appeal under § 1292(b).

## CONCLUSION

Based on the foregoing, the Court exercises its discretion and DENIES Plaintiffs' Motion for Reconsideration, in Part, of the Court's Order Denying Ex Parte Motion to File Under Seal Exhibits 1-3 to Motion for Summary Judgment [DOC 28] or for Certificate of Interlocutory Appeal (ECF No. 103). No later than March 15, 2019, Plaintiffs shall: (i) publicly file Exhibit 2 and Exhibit 3 to the CSOF; or (ii) withdraw their MSJ and CSOF.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 12, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

*Ohana Military Cmtys., LLC, et al. v. Barber*, CV 18-00042 KJM; Motion for Reconsideration, in Part, of the Court's Order Denying Ex Parte Motion to File Under Seal Exhibits 1-3 to Motion for Summary Judgment [DOC 28] or for Certificate of Interlocutory Appeal