LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law
A Law Corporation

BRADFORD F. K. BLISS   3161-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030
Facsimile:  (808) 533-3011
E-mail:  bbliss@lbchlaw.com

P. KYLE SMITH       9533
Law Offices of Ian L. Mattoch
737 Bishop Street, Suite 1835
Honolulu, Hawaii 96813
Telephone:  (808) 523-2451
E-mail:  kyle@ianmattoch.com

TERRANCE M. REVERE  5857
Revere & Associates LLLC
970 N. Kalaheo Avenue, Suite A301
Kailua, Hawaii 96734
Telephone :  (808) 791-9550
Facsimile:   (808) 791-9551
E-mail:  terry@revereandassociates.com

Attorneys for Defendant
CARA BARBER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC, | ) ) ) ) ) ) ) | CIVIL NO. 18-00042 KJM<br><br>DEFENDANT CARA BARBER'S RESPONSE TO PLAINTIFF OHANA MILITARY COMMUNITIES, LLC'S FIRST |
| Plaintiffs, | ) | |

20411a RESPOD 01 PBB

EXHIBIT 1

|  |  |  |
|---|---|---|
| vs.<br><br>CARA BARBER,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CARA BARBER, DATED NOVEMBER 9, 2018<br><br>Trial Date: June 12, 2019 |

## DEFENDANT CARA BARBER'S RESPONSE TO PLAINTIFF OHANA MILITARY COMMUNITIES, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CARA BARBER, DATED NOVEMBER 9, 2018

COMES NOW Defendant CARA BARBER ("Barber"), by and through her attorneys, Lyons, Brandt, Cook & Hiramatsu, and hereby responds to Plaintiff Ohana Military Communities, LLC's First Request for Production of Documents and Things, dated November 9, 2018 ("the Request"), as is set forth below:

DATED: Honolulu, Hawaii, _December 29, 2018_.

_____
BRADFORD F.K. BLISS
Attorney for Defendant
CARA BARBER

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

As a general response to all categories of documents stated in the Request, Defendant Barber responds and objects as follows:

1. Each response herein is made subject to all objections as to competence, relevance, materiality, propriety and admissibility, as well as any and all other objections and grounds which would require the exclusion of evidence; Defendant reserves the right to make any and all such objections at trial and in any other proceeding relating to this action.

2. No incidental or implied admissions are intended by Defendant's responses. The fact that Defendant has responded to a request should not be construed as an admission that Defendant accepts or admits the existence of any facts or documents set forth or assumed by such request, or that the making of a response constitutes admissible evidence. Defendant's responses shall not waive the attorney-client privilege, work product doctrine, confidentiality or any other applicable privilege.

3. Plaintiffs' discovery may cover communications between and documents exchanged by Defendant and her legal counsel, as well as other material covered by the attorney-client privilege. To the extent the identity of such documents and the substance of such communications are sought generally by Plaintiffs, Defendant objects thereto on the ground that such information is protected by the attorney-client privilege.

4. Plaintiffs' discovery may cover the subject matter of documents reflecting the impressions, conclusions, opinions or legal research or theories of Defendant's legal counsel and consultants employed to prepare for litigation. To the extent that Plaintiffs seek such information or the identity or substance of such documents generally, Defendant objects thereto on the ground that such information is protected by the work product doctrine, attorney-client, or other privilege.

5. Defendant objects to Plaintiffs' discovery to the extent that it seeks information for an unlimited time period. Such discovery is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant's review of her files and records, as well as her research, investigation, discovery, and analysis is continuing, as is discovery. These responses are based on information presently known and available. Defendant reserves the right to make changes in her responses or to present new and additional information at trial, to correct errors or omissions, to reflect more accurate information or to include subsequently discovered facts concerning matters covered by this discovery.

Subject to and without waiving the above objections, Defendant provides the following responses:

## SPECIFIC OBJECTIONS AND RESPONSES

1. All COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, related to soil conditions at MCBH.

   Response:

   Objection: Defendant Barber objects to this request on the grounds that it calls for the premature disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope.

   Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession related to soil conditions at MCBH.

2. All DOCUMENTS related to soil conditions at MCBH.

   Response:

   Objection: Defendant Barber objects to this request on the grounds that it calls for the premature disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

   Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession related to soil conditions at MCBH.

3. All COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, related to pesticides at MCBH.

   Response:

   Objection: Defendant Barber objects to this request on the grounds that it calls for the premature disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession related to pesticides at MCBH.

4. All DOCUMENTS related to construction dust at MCBH.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the premature disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession related to construction dust at MCBH.

5. All COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, related to construction dust at MCBH.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the premature disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession related to construction dust at MCBH.

6. All DOCUMENTS related to soil conditions at MCBH.

Response:

See objections and response to document request no. 2.

7. All COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, related to any pesticide, chemical, or compound that YOU contend is or has been present at MCBH, including but not limited to chlordane, heptachlor, heptachlor epoxide, aldrin, dieldrin, endrin and DDT.

Response:

See objections and response to document request no. 3.

8. All DOCUMENTS related to any pesticide, chemical, or compound that YOU contend is or has been present at MCBH, including but not limited to chlordane, heptachlor, heptachlor epoxide, aldrin, dieldrin, endrin and DDT.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the premature disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession related to pesticides at MCBH.

9. All COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, related to or mentioning this lawsuit.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents, if any, in her possession related to or mentioning this lawsuit.

10. For the time period from February 1, 2016 to the present, all COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, related to or mentioning YOUR WEB AND SOCIAL MEDIA SITES.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents, if any, in her possession related to or mentioning her social media sites.

11. A list of all users, members, subscribers, "friends," or similar PERSONS for each of YOUR WEB AND SOCIAL MEDIA SITES.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber has no such lists.

12. For the time period from February 1, 2016 to the present, all COMMUNICATIONS between YOU, on the one hand, and any PERSON, on the other, mentioning or related to Cara Barber, et al. v. Ohana Military Communities, LLC, et al.; Civil No. 14-00217.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents, if any, in her possession related to or mentioning Civil No. 14-00217.

13. All DOCUMENTS, including but not limited to any COMMUNICATIONS, related to any investigation, research, inspection, testing, or study of soils, pesticides, dust, or any other aspect of the residential housing at MCBH.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents, if any, in her possession responsive to this request.

14. Copies of the original electronic files for all photographs, videos, diagrams, or other DOCUMENTS that YOU MADE on any of YOUR WEB AND SOCIAL MEDIA SITES.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents, if any, in her possession responsive to this request.

15. All reports, articles, treatises, or similar documents in YOUR possession, custody, or control related to organo-chlorinated pesticides and/or related compounds such as chlordane, heptachlor, heptachlor epoxide, aldrin, dieldrin, endrin and DDT.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope

and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession responsive to this request.

16. All reports, articles, treatises, or similar documents that support YOUR statements about soil conditions or pesticides at MCBH that YOU made on YOUR WEB AND SOCIAL MEDIA SITES. This includes all reports, articles, treatises, or similar documents that support the statements referenced in paragraphs 41-47 of the COMPLAINT.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, see Defendant Barber's answers to interrogatories and documents referenced therein, which will be produced.

17. All DOCUMENTS YOU RELIED UPON when YOU made the statements about soil conditions or pesticides on YOUR WEB AND SOCIAL MEDIA SITES. This includes all DOCUMENTS YOU relied upon when YOU made the statements referenced in paragraphs 41-47 of the COMPLAINT.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, see Defendant Barber's answers to interrogatories and documents referenced therein, which will be produced.

18. All DOCUMENTS, including but not limited to any COMMUNICATIONS, related to, with, or mentioning Walter Chun.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

19. All DOCUMENTS, including but not limited to any COMMUNICATIONS, related to, with, or mentioning the Hawaii Department of Health or any of its employees.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

20. For the time period from February 1, 2016 to the present, all COMMUNICATIONS between YOU, on the one hand, and Kyle Smith, Terrance Revere, or any other individuals at their respective law firms, on the other hand, related to lawsuits being filed against OHANA, FCRM, or HUNT COMPANIES.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product and communications protected by the attorney-client privilege.

21.  For the time period from February 1, 2016 to the present, all COMMUNICATIONS between YOU, on the one hand, and Kyle Smith, Terrance Revere, or any other individuals at their respective law firms, on the other hand, related to YOUR WEB AND SOCIAL MEDIA SITES.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product and communications protected by the attorney-client privilege.

22.  For the time period from February 1, 2016 to the present, all COMMUNICATIONS between YOU, on the one hand, and Kyle Smith, Terrance Revere, or any other individuals at their respective law firms, on the other hand, related to current or former residents of MCBH residential housing (other than yourself or YOUR family).

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product and communications protected by the attorney-client privilege.

23.  For the time period from January 1, 2015 to the present, all DOCUMENT REQUESTS YOU have made related to military housing.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

24.  For the time period from January 1, 2015 to the present, all responses to DOCUMENT REQUESTS YOU have received related to military housing.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

25. All COMMUNICATIONS between YOU and any news media outlet, blogger, reporter, or journalist related to MCBH.

Response:

Objection: Defendant Barber objects to this request on the grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

26. All COMMUNICATIONS between YOU and any news media outlet, blogger, reporter, or journalist related to soil issues at military housing.

Response:

Objection: Defendant Barber objects to this request on the grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

27. All COMMUNICATIONS between YOU, on the one hand, and any PERSON who is leasing or has leased or resided in residential property from OHANA, FCRM, or HUNT COMPANIES, on the other hand, related to soil issues at military housing.

Response:

Objection: Defendant Barber objects to this request on the grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

28. All COMMUNICATIONS between YOU, on the one hand, and any PERSON who is leasing or has leased or resided in residential property from OHANA, FCRM, or HUNT COMPANIES, on the other hand, related to construction dust issues at military housing.

Response:

Objection: Defendant Barber objects to this request on the grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

29. All COMMUNICATIONS between YOU, on the one hand, and any PERSON who is leasing or has leased or resided in residential property from OHANA, FCRM, or HUNT COMPANIES, on the other hand, related to organo-chlorinated pesticides and/or related compounds such as chlordane, heptachlor, heptachlor epoxide, aldrin, dieldrin, endrin and DDT.

Response:

Objection: Defendant Barber objects to this request on the grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

30. Any and all COMMUNICATIONS between YOU and any person related to the "FOIA request" described in paragraph 20 of the COUNTERCLAIM.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

31. The "documents describing the terms of the original settlement" referenced in paragraph 20 of the COUNTERCLAIM.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.

32. All DOCUMENTS that support any count in the COUNTERCLAIM.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to counts in the Counterclaim that have not been dismissed.

33. All of YOUR MEDICAL RECORDS for the time period from January 1, 2014 until the present.

Response:

Defendant Barber objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

34. The DOCUMENTS that YOU contend were "wrongfully withheld" in paragraph 63 of the COUNTERCLAIM.

Response:

Defendant Barber objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Count in the Counterclaim containing paragraph 63 has been dismissed.

35. All DOCUMENTS, including but not limited to any COMMUNICATIONS, related to or supporting PLAINTIFFS' damages in the COUNTERCLAIM.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to damages related to counts in the Counterclaim that have not been dismissed.

36. All DOCUMENTS that PLAINTIFFS intend to use as exhibits in this case.

Response:

I do not know what documents Plaintiffs intend to use as exhibits.

37. All DOCUMENTS reviewed or relied upon by any expert witness YOU intend to use in this case.

Response:

Objection: Defendant Barber objects to this request on the grounds that it calls for the disclosure of attorney-client work product, expert work product, and attorney-client privilege. Defendant further objects to the request on grounds that it is vague, ambiguous, and overly broad with respect to scope and unduly burdensome.

Without waiving said objections, Defendant Barber will produce non-privileged documents in her possession, if any, responsive to this request.