IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, LLC,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CARA BARBER,<br><br>          Defendant. | CIVIL NO. 18-00042 KJM<br><br>SECOND ORDER REGARDING REQUEST FOR EXPEDITED DISCOVERY ASSISTANCE |

**SECOND ORDER REGARDING
REQUEST FOR EXPEDITED DISCOVERY ASSISTANCE**

Plaintiffs Ohana Military Communities, LLC and Forest City Residential Management, LLC (collectively, "Plaintiffs") and Defendant Cara Barber ("Barber") are before the Court on a joint request for LR37.1 expedited discovery assistance. ECF Nos. 106, 114. The discovery dispute arises from Request number 48 of Barber's First Request for Production of Documents propounded on Plaintiffs on November 19, 2018 ("Request 48"), which requests all communications between Plaintiffs and their public relations firm, non-party Becker Communications, Inc ("Becker"). ECF No. 106 at 2-3; ECF No. 114 at 1. On February 12, 2019, Barber served a subpoena on Becker requesting any and all documents related to public relations services Becker had performed for Plaintiffs

and a non-party entity, Hunt Companies, that was "in any way related to residential housing at Marine Corps Base Hawaii." ECF No. 106 at 3.

The parties have satisfied their meet-and-confer obligation as among themselves. *Id.* at 1. They have not, however, satisfied their meet-and-confer obligation as to non-party Becker, which has not submitted any letter brief or indicated any agreement to proceed under LR37.1. *Id.* Accordingly, the Court takes no action on Barber's request that the Court overrule Becker's objections to the subpoena Barber served on Becker. *See id*. at 3 (asserting that counsel for Becker sent to Barber objections to Barber's February 12, 2019 subpoena because the subpoena sought "documents subject to work product protection and Becker's client(s) [had] not authorized Becker to release such information"). This Order is thus, limited to Request 48, which seeks "[a]ll COMMUNICATIONS by and between [Plaintiffs] and Becker Communications."

As presented to the Court, Request 48 is unlimited in time or subject matter. Barber is aware that "[t]he overwhelming majority of Becker's work has nothing to do with pesticide issues," and thus, Barber should have more narrowly drafted her request. ECF No. 106 at 2. Federal Rule of Civil Procedure 1 mandates that both the courts and the parties apply the federal rules so as to achieve "the just, speedy and inexpensive determination of every action." Indeed, the 2015 amendments to the Federal Rules clarified that "the parties share [with the court] the responsibility

to employ the rules" to achieve these ends. Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment. Parties seeking discovery thus have a responsibility to frame discovery requests with Rule 1 in mind. Fed. R. Civ. P. 1. Ms. Barber has not done so, and it is not the Court's task to redraft manifestly overbroad discovery requests. Accordingly, the Court sustains Plaintiffs' objections to Request 48.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, March 18, 2019.



Kenneth J. Mansfield
United States Magistrate Judge

CV18-00042 KJM; *Ohana Military Cmtys., LLC and Forest City Residential Mgmt, LLC v. Barber*; Second Oder Regarding Request for Expedited Discovery Assistance